UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| Teixeira,<br>(on behalf of<br> YURY MELISSA AGUIRIANO ROMERO)<br>Petitioner,<br><br>v.<br><br>PATRICIA HYDE, Field Office Director,<br>U.S. Immigration and Customs<br>Enforcement, Boston Field Office,<br>MICHAEL KROL, HSI New England<br>Special Agent in Charge, TODD LYONS,<br>Acting Director, U.S. Immigration and.<br>Customs Enforcement, and<br>KRISTI NOEM, Secretary of U.S.<br>Department of Homeland Security,<br><br>Respondents. | C.A. No.__ 1:25-cv-11631-BEM<br><br>**PETITION FOR WRIT OF<br>HABEAS CORPUS** |

1. Petitioner, Yury Melissa Aguiriano Romero, is a 36-year-old wife and mother residing in Massachusetts. Petitioner is currently being held unlawfully in federal immigration detention.

2. Petitioner is presently in the custody of U.S. Immigration Customs and Enforcement ("ICE") at the Boston Field Office of U.S. Immigration and Customs Enforcement, 1000 District Ave., Burlington, MA 01803.

3. Petitioner entered the U.S. without inspection around December 2021. Petitioner was ordered removed on February 16, 2023. She applied for a stay of her removal, but the stay was denied around May 6, 2025.

4. Petitioner has no criminal history anywhere in the world.

## JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to 28 U.S.C. § 2241.

6. Venue lies in the District of Massachusetts, the judicial district where Petitioner resides and, on information and belief, where the Petitioner is currently detained.

## PARTIES

7. Petitioner is a citizen and national of Honduras who was ordered removed on February 16, 2023. She is allegedly being detained by Respondents pursuant to 8 U.S.C. § 1231, which allows DHS to detain noncitizens, such as Petitioner, pending the execution of the final removal order within the 90-day post-removal period.

8. Respondent Patricia Hyde, and other Respondents of their agents, are the Petitioner's immediate custodians.

## CLAIM FOR RELIEF

### COUNT ONE –
### VIOLATION OF FIFTH AMENDMENT RIGHT TO DUE PROCESS

9. Petitioner's detention violates her right to substantive and procedural due process guaranteed by the Fifth Amendment to the U.S. Constitution. The substantive component of the Due Process Clause of the Fifth Amendment to the United States Constitution protects Petitioner's liberty interests. Petitioner has a substantive liberty interest in remaining with her

husband and children. Petitioner is suffering grave harm due to her unjustified and unlawful detention.

10. The procedural component of the Due Process Clause of the Fifth Amendment to the United States Constitution prevents the Respondents from depriving Petitioner of liberty without procedural protections.

11. Upon information and belief, ICE maintains a policy and practice of transferring noncitizen detainees to immigration detention centers located far from the geographical areas where they were initially apprehended. These transfers frequently occur without adequate notice to the detainee or legal counsel, and often result in significant barriers to legal representation, communication, and access to evidence. Petitioner will use an interpreter to effectively communicate with counsel and potential witnesses. To prevent access to in-person legal representation is a violation of her right to counsel.

**COUNT TWO –**
**VIOLATION OF EIGTH AMENDMENT RIGHT TO HUMANE CONDITIONS OF CONFINEMENT**

12. Petitioner's detention violates her right to human conditions of confinement guaranteed by the Eighth Amendment to the U.S. Constitution. Petitioner has been detained for roughly 10 days without access to showers, meaningful access to counsel, without a bed or cot, without with only a mylar blanket in a cold room, without access to natural light through a window or time outdoors, and without feminine hygiene products which she needed and was denied for at least four days.

## COUNT THREE –
## VIOLATION OF 8 U.S.C. § 1231(a)(6)

13. Petitioner's detention is governed by 8 U.S.C. § 1231(a)(6) because she was detained after the 90-day removal period had lapsed. The 90-day removal period for the Petitioner began in or around February of 2023. It has presently been over two years since the final order of removal was issued.

14. Petitioner's continued detention is unlawful because she poses neither a flight risk nor a danger to the community. She has no criminal history in the United States or in any other country.

## **PRAYER FOR RELIEF**

Wherefore, Petitioner asks this Court to GRANT the following relief:

1. Assume jurisdiction over this matter;

2. Issue an order that Petitioner not be removed from Massachusetts pending the adjudication of writ;

3. Declare that Petitioner's detention violates the Due Process Clause of the Fifth Amendment, the Eighth Amendment, and 8 U.S.C. § 1231(a)(6).

4. Issue a writ of habeas corpus ordering Respondents to release Petitioner on her own recognizance or under parole, a low bond, or reasonable conditions of supervision;

5. Grant any other relief which this Court deems just and proper.


Respectfully submitted,


June 12, 2025            **PETITIONER YURY MELISSA AGUIRIANO ROMERO,**

By her attorney,

_/s/ Robin N. Nice_

Robin N. Nice

McHaffey & Nice, LLC
6 Beacon Street, Suite 720
Boston, MA  02108
617-702-8921 (phone)

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF (NEF) and paper copies will be sent to those indicated as non registered participants on June 12, 2025.

I hereby certify that I will immediately send a true copy of this Amended Complaint to Anuj Khetarpal, U.S. Attorney's Office for the District of Massachusetts.


_____/s/ Robin Nice___

  Robin Nice