Robin N. Nice                                    **DETAINED**
McHaffey & Nice, LLC
6 Beacon Street, Suite 720
Boston, MA 02108

## UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

In the Matter of:

| | |
|---|---|
| **Yury Melissa AGUIRIANO ROMERO** | **File No.: 220 908 450** |
| **Victor Emilio MURILLO AVILA** | **File No.: 220 908 451** |

**RESPONDENTS' DOCUMENTS IN SUPPORT OF HABEAS BRIEF**

Robin N. Nice　　　　　　　　　　　　　　　　　**DETAINED**
McHaffey & Nice, LLC
6 Beacon Street, Suite 720
Boston, MA 02108

### UNITED STATES DEPARTMENT OF JUSTICE
### EXECUTIVE OFFICE OF IMMIGRATION REVIEW
### IMMIGRATION COURT
### BOSTON, MASSACHUSETTS

In the Matter of:

_____
　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
**Yury Melissa AGUIRIANO ROMERO**　　　)　　**File No.: 220 908 450**
　　　　　　　　　　　　　　　　　　　)
**Victor Emilio MURILLO AVILA**　　　　)　　**File No.: 220 908 451**
　　　　　　　　　　　　　　　　　　　)
██████████████████████　█　　██████████
　　　　　　　　　　　　　　　█
██████████████████　　　　█　　██████████
　　　　　　　　　　　　　　　　　　　)
_____)

**RESPONDENTS' STATUTORY MOTION TO REOPEN REMOVAL PROCEEDINGS
TO FILE ASYLUM APPLICATION DUE TO INEFFECTIVE ASSISTANCE OF
COUNSEL AND CHANGED COUNTRY CONDITIONS**

1

Table of Contents

I.   INTRODUCTION.................................................................................. 2

II.  STATEMENT OF FACTS..................................................................... 3

III. LEGAL STANDARD FOR REOPENING........................................... 6

IV.  THE COURT SHOULD GRANT THIS MOTION TO REOPEN ............. 6

   A.  RESPONDENT MEETS THE REQUIREMENTS FOR STATUTORY REOPENING...................... 6

      1.  *Respondent's prior counsel provided ineffective assistance of counsel, which*

      *prejudiced Respondent.*..................................................................... 6

      2.  *Respondent is eligible for asylum, withholding of removal, and relief under the*

      *Convention Against Torture Act.*........................................................ 9

   B.  RESPONDENT MERITS EQUITABLE TOLLING OF THE FILING DEADLINE, AND SO THE

   COURT SHOULD TREAT THE MOTION AS TIMELY FILED. ..................... 15

      3.  *Extraordinary Circumstances prevented Respondent from timely filing this*

      *motion…………..*.......................................................................... 16

      4.  *Respondent pursued this motion with reasonable diligence.* .................... 17

   C.  IN THE ALTERNATIVE, THE COURT SHOULD REOPEN SUA SPONTE............................ 18

V.   CONCLUSION .................................................................................. 18

### I.   INTRODUCTION

Pursuant to INA § 240(c)(7), Lead Respondent, Yury Melissa Aguiriano Romero (hereinafter, "Respondent"), respectfully moves to reopen removal proceedings. Respondent is a wife and mother of three young daughters, including one US citizen. Respondent seeks a reopening

2

on the basis of ineffective assistance of prior counsel and changed country conditions in Honduras. Respondent provides new and previously unavailable evidence, including her updated I-589 application. Respondent herein presents her prima facie eligibility for relief during these proceedings through an updated I-589 application. In the alternative, Respondent requests that this Honorable Court reopen these proceedings *sua sponte*.

## II.    STATEMENT OF FACTS

Respondent was born in Tocoa, Colon, Honduras, on April 5, 1989. Tab B, Aff. of Ms. Aguiriano Romero ¶ 1; Tab D, Copy of Ms. Aguiriano Romero's Honduran Passport. In Honduras, Respondent was a member of the political party, Partido Nacional. Tab B, Aff. of Ms. Aguiriano Romero ¶ 2. From the age of eighteen, Respondent was a youth coordinator for the party. Id. In this role, she held regular meetings in her house and talked with young people in her community to encourage them to vote. Id. Around 2016, the Respondent began working as a technical assistant for the National Agrarian Institute of Honduras, a government agency that was under the Partido Nacional at the time. Tab B, Aff. of Ms. Aguiriano Romero ¶ 3; Tab E, Letters of Support. In this job, Respondent worked with many individuals and groups within the agricultural and farming community to provide support and technical training. Id.

Respondent began receiving threats from violent and dangerous members of the opposing political party, Partido Libre, while at work. Id. On multiple occasions, members of this party sexually assaulted Respondent. Id. These men groped the Respondent by touching her breasts and her genitalia. Id. Respondent reported the repeated sexual assaults to her supervisors, but they failed to take any action for years. Id. After years of asking for a transfer, around 2020, Respondent was transferred to another department. Id. After her transfer, Respondent began receiving death threats at her mother's house in Taujica, Colon, Honduras from this same group of men. Tab B, Aff. of Ms. Aguiriano Romero ¶ 4. They also drove by the family home, shooting their weapons

and shouting death threats and insults that referred to Respondent's role with the government. <u>Id</u>. These drive-by shootings lasted for around a year and typically occurred twice a week, on Saturdays and Sundays. <u>Id</u>. Once, they threw an explosive firework into her mother's home while she and her family were hiding in a room. <u>Id</u>. Respondent's brother-in-law, who was an activist for the Partido Nacional, was also shot and killed around this time. <u>Id</u>.

    Despite relocating to another home in Toca, Colon, Honduras, in an effort to evade members of the Partido Libre, Respondent continued receiving death threats from this group of men. <u>Tab B</u>, Aff. of Ms. Aguiriano Romero ¶ 5. This group of men invaded the Respondent's home on three separate occasions. <u>Id</u>. Respondent's husband was cut and stabbed in the leg by one of these men. <u>Id</u>.; <u>Tab F</u>, Medical Records. They reported this incident to the police, but the police failed to take any action. <u>Id</u>. After Respondent gave birth to her daughter in 2021, she knew it was no longer safe for her and her family, and she was afraid that she would be harmed or killed if she stayed in Honduras. <u>Tab B</u>, Aff. of Ms. Aguiriano Romero ¶ 6. Respondent fled Honduras in mid-November 2021. <u>Tab B</u>, Aff. of Ms. Aguiriano Romero ¶ 7.

    Respondent arrived in the United States around December 4, 2021, with her husband and her two oldest daughters. <u>Tab B</u>, Aff. of Ms. Aguiriano Romero ¶ 8. ICE released Respondent on her recognizance on December 6, 2021. <u>Tab I,</u> Notice of Custody Determination. Respondent was issued a Notice to Appear on December 6, 2021. <u>Tab H</u>, NTA.

    Respondent and her husband retained prior counsel, Hans Bremer from Bremer Law and Associates, around 2022 to assist with their asylum application and represent them in immigration court. <u>Tab B</u>, Aff. of Ms. Aguiriano Romero ¶ 9; Tab. Prior counsel failed to meet or speak with the Respondent or her husband at any point in the representation, although he was the attorney on record. <u>Tab B</u>, Aff. of Ms. Aguiriano Romero ¶ 12; <u>see also</u> <u>Tab A</u>, Respondent's Removal Order.

4

During meetings that Respondent's family had with prior counsel's staff, the staff never asked her questions about her past harm or her fear of returning to Honduras. Tab B, Aff. of Ms. Aguiriano Romero ¶ 11, 13. Rather, they based the entire asylum case on her husband's past harm. Tab B, Aff. of Ms. Aguiriano Romero ¶ 13, 16. Even when they drafted the Respondent's brief declaration, they failed to ask substantive questions and inquire into her life in Honduras. Tab B, Aff. of Ms. Aguiriano Romero ¶ 13.

Respondent's individual hearing was on February 16, 2023. Tab B, Aff. of Ms. Aguiriano Romero ¶ 15. Respondent did not testify at the hearing. Counsel did not discuss with her whether she could or should testify. Prior counsel failed to attend the hearing; he sent one of his associates in his place. Id. The immigration judge denied her husband's asylum claim and ordered the family removed on February 16, 2023. Id.; See Tab A, Respondent's Order of Removal. Prior counsel's associate informed the Respondent and her husband that they could appeal, but they would have to pay the full fee of $6,000 up front. Tab B, Aff. of Ms. Aguiriano Romero ¶ 15. The family could not afford this and so did not file an appeal. Id. At no point did prior counsel ask Respondent about her own fear of return or explore the possibility or reopening proceedings to pursue that relief. Tab B, Aff. of Ms. Aguiriano Romero ¶ 23.

After Respondent and her family were ordered removed, Respondent asked Attorney Bremer about the possibility of her brother, who is a naturalized citizen, petitioning for her. Tab B, Aff. of Ms. Aguiriano Romero ¶ 21. Attorney Bremer's office gave her conflicting information about the possibility of a sibling petition on three separate occasions. Id. Respondent ended up filing an I-130 sibling petition without Attorney Bremer's assistance. Id. Respondent also obtained a second opinion from Attorney Zoila Gomes. Tab B, Aff. of Ms. Aguiriano Romero ¶ 16.

5

Prior counsel filed a motion to stay the Respondent's removal around January of 2025. <u>Tab B</u>, Aff. of Ms. Aguiriano Romero ¶ 20; <u>see also</u> <u>Tab J</u>, Motion to Stay Package Filed by Prior Counsel. The motion to stay the removal was denied on May 5, 2025. <u>See</u> <u>Tab K</u>, Denial of Motion to Stay. Respondent was detained at her ICE check-in on June 3, 2025. <u>Tab B</u>, Aff. of Ms. Aguiriano Romero ¶ 23. Respondent was detained at the Burlington ICE Field Office for roughly 11 days and was subsequently transferred to a detention center in Vermont, where she is currently held. Respondent is now seeking to reopen her immigration case because of prior counsel's ineffective assistance of counsel.

## III.    LEGAL STANDARD FOR REOPENING

A motion to reopen asks the IJ or BIA to reopen proceedings so that the respondent may present new and previously unavailable evidence. <u>Matter of Cerna</u>, 20 I&N Dec. 399, 403 (BIA 1991). A motion to reopen "shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits and other evidentiary material." INA § 240(c)(7)(B); <u>see also</u> 8 C.F.R. § 1003.23(b)(3). The motion to reopen should be accompanied by an application for relief and supporting documents. 8 C.F.R. § 1003.23(b)(3). In this circuit, the time limitations for a motion to reopen are subject to equitable tolling. <u>Neves v. Holder</u>, 613 F.3d 30, 36 (1st Cir. 2010) (assuming that the time and number limits on motions to reopen on subject to equitable tolling). Alternatively, this Court has the authority to reopen removal proceedings *sua sponte* at any time. <u>See</u> 8 C.F.R. § 1003.23(b)(1).

## IV.    THE COURT SHOULD GRANT THIS MOTION TO REOPEN

### A.    <u>Respondent Meets the Requirements for Statutory Reopening.</u>

**1.    Respondent's prior counsel provided ineffective assistance of counsel, which prejudiced Respondent.**

6

Respondent's case warrants reopening because her prior counsel, Attorney Hans Bremer, provided her with ineffective assistance of counsel. See e.g. Saakian v. INS, 252 F.3d 21, 24-25 (1st Cir. 2001) ("As a procedural matter, a claim of ineffective assistance of counsel is typically raised through a motion to reopen, which can be brought before either the BIA or the IJ directly.").

Prior counsel was ineffective, as competent counsel would have communicated with the Respondent regarding her past persecution and fear of return to Honduras. Counsel's failure to take these steps prejudiced the Respondent, as it deprived her of the opportunity to present her claim for asylum.

In Honduras, Respondent suffered repeated death threats, sexual assaults, and violent attacks at the hands of violent members of the Partido Libre on account of her political opinion and status as a government employee. See generally, Aff. of Ms. Aguiriano Romero. These experiences rise to the level of past persecution. Matter of O-Z- & I-Z-, 22 I&N Dec. 23, 26 (BIA 1998); see also Javed v. Holder, 715 F.3d 391, 396 (1st Cir. 2013) ("repeated and personalized threats" can rise to the level of persecution. Even if the assaults, death threats, physical attack on her husband, and shootings at her and her family do not constitute persecution on their own, they certainly do when considered cumulatively. See Matter of O-Z- & I-Z-, 22 I&N Dec. 23 (BIA 1998) (holding that adjudicators consider all relevant past experiences in the aggregate when assessing whether past persecution occurred). The harm that Respondent suffered in Honduras constitutes past persecution. Respondent's prior counsel failed to provide any of this information to the Court, instead providing only a cursory asylum application and brief, generalized affidavit that did not address Respondent's membership in the political party or role with the government. See Tab L, Submission to BBO.

7

Respondent has complied with the procedural requirements for an ineffective assistance of counsel claim set forth in Matter of Lozada. 19 I&N Dec. 637 (BIA 1988). First, Respondent's affidavit attests to the aforementioned facts. See Tab B, Aff. of Ms. Aguiriano Romero. The affidavit attests to the agreement that Respondent entered into with her prior counsel as to the representation in seeking application before the court. See Tab B, Aff. of Ms. Aguiriano Romero. Second, Respondent filed a complaint with the Massachusetts Board of Bar Overseers on June 24, 2025. See Tab L, Submission to BBO. Third, on June 23, 2025, Respondent notified prior counsel of this complaint, providing prior counsel with the opportunity to respond. See Tab M, Email Notification to Prior Counsel. Respondent's counsel will subsequently submit any response she receives from prior counsel.

Prior counsel's actions effectively deprived Respondent of a meaningful opportunity to present her case. Prior counsel failed to inquire into Respondent's own experiences of harm and the political violence she faced in Honduras, providing only a skeletal asylum application that centered on her spouse, and not her own experience. At no point before the individual hearing did prior counsel ask Respondent about any harm she personally suffered, and her own fears of returning to Honduras, apart from her husband's claim. See Tab B, Aff. of Ms. Aguiriano Romero. Furthermore, Respondent was never afforded the opportunity to meet or speak directly with Attorney Bremer, despite him being listed as the attorney on record. See Tab A, Respondent's Order of Removal. Prior counsel also failed to pursue or advise her on all available forms of relief, including the strength of her past persecution and fear of returning to Honduras and her right to testify at her hearing. See Tab B, Aff. of Ms. Aguiriano Romero ¶ 13, 15.

These failures by prior counsel prejudiced Respondent. See Esteban v. Garland, 76 F.4th 27, 31 (1st Cir. 2023) (requiring a respondent to "prove a reasonable probability that but for

counsel's errors, the outcome of the proceedings would have been different"). Had counsel taken the time to speak with Respondent and ask probing questions or follow up questions, he would have learned of the repeated sexual assaults, threats, violence, and home invasions she endured in Honduras. This information would have made it clear that Respondent—not her husband—should have been the principal applicant for asylum. See Tab B, Aff. of Ms. Aguiriano Romero. But for counsel's ineffectiveness, Respondent would have had a meaningful opportunity to pursue asylum and likely would not have been denied relief and ordered removed.

Reopening is especially appropriate here because Respondent has established that she is prima facie eligible for asylum, which she would have effectively pursued at her last individual hearing but for prior counsel's ineffective assistance of counsel. Tab C, Respondent's I-589 Application.

### 2. Respondent is eligible for asylum, withholding of removal, and relief under the Convention Against Torture Act.

Respondent is eligible for asylum, withholding of removal, and CAT protection because she suffered repeated sexual assault, death threats, and violent attacks because of her political activism in the Partido Nacional and her membership in the particular social groups of Honduran female former government employees. Tab B, Aff. of Ms. Aguiriano Romero ¶ 3; Tab E, Letters of Support (demonstrating that Respondent worked in the government and was a political activist with the Partido Libre). Respondent is afraid that if she is forced to return to Honduras, she will be hurt or killed by the violent members of the Partido Libre, who targeted her in the past. Tab B, Aff. of Ms. Aguiriano Romero ¶ 7. If Respondent is removed to Honduras, she will face significant harm and/or death.

> ### a. *Respondent has a well-founded fear of future persecution in Honduras on account of her actual and imputed political opinion and membership in the particular social group comprised of female government employees.*

A well-founded fear of future persecution consists of both a genuine subjective fear and a reasonably objective fear of persecution. See INS v. Cardoza-Fonseca, 480 U.S. 421 (1987); Mukamusoni v. Ashcroft, 390 F.3d 110, 120 (1st Cir 2004). A subjective fear is one where the applicant has a genuine fear of persecution. See Mukamusoni v. Ashcroft, 390 F.3d 110, 120 (1st Cir 2004). The objective fear requires showing that "a reasonable person in [the applicant's] circumstances would fear persecution." Matter of Mogharrabi, 19 I. & N. Dec. 439, 439 (BIA 1987).

Respondent has a subjective fear of returning to Honduras. Given the Respondent's past experiences, a reasonable person in her situation would fear that they continue to be harmed or even killed by the dangerous members of the Partido Libre ("PL"). Honduras continues to face high rates of political violence against women. Tab P, Freedom House, Honduras 2024 (2025) ("Political violence is widespread and includes harassment, threats, and intimidation directed at candidates, politicians, and voters, especially women. In July 2023, the PL criticized *colectivos* belonging to Libre for attacking activists from A Single Voice for Honduras (USVH), an anticorruption group that held a rally in Tegucigalpa."). The PL is currently the ruling party in Honduras. Id. Because of the upcoming presidential and congressional elections in Honduras in November 2025, political violence is expected to increase. Tab R, USIP, Can Honduras Get Its Democracy in Order (Nov. 7, 2024). In the last election, Honduras experienced unprecedented levels of political violence against political candidates and their supporters. Id. ("In the last general elections of 2021, similar confrontational dynamics led to heightened political violence and voter intimidation, with the National University of Honduras documenting 64 cases of electoral violence

— including 27 killings — between October 2020 and November 2021."). Therefore, Respondent's fear of being harmed or killed on account of her political opinion (evidenced by her party membership) is both subjectively genuine and objectively reasonable.

   i.    *Respondent was persecuted and has a well-founded fear of persecution on account of her actual and imputed political opinion*

To qualify for asylum on account of political opinion, an applicant must "(1) show that [they] hold a political belief, (2) prove that the persecutors perceived that political belief, and (3) prove that the persecution was because of that political belief." Chavez v. Garland, 51 F.4th 424, 430 (1st Cir. 2022) (citing to Mendez-Barrera v. Holder, 602 F.3d 21, 27 (1st Cir. 2010); see also Zhakira v. Barr, 977 F.3d 60, 67 (1st Cir. 2020). Respondent was a member and youth coordinator within the political party, Partido Nacional. See generally Tab B, Aff. of Ms. Aguiriano Romero. The past harm that she suffered was at the hands of dangerous members of the opposing political party, Partido Libre. See Tab B, Aff. of Ms. Aguiriano Romero. One of the central reasons why Respondent was targeted in the past was because of her political activism for the Partido Nacional. It is clear that members of the opposition party targeted Respondent on account of her political opinion, and the opinion that the attackers assumed she had, because they attacked her at her government post, when her party was in control of the government, and because she was a well-known youth mobilizer for her party. See generally Tab B, Aff. of Ms. Aguiriano Romero; Tab E, Letters and other evidence of Respondent's political involvement. Respondent is afraid that if she is forced to return to Honduras she will again be targeted by these members of the Partido Libre.

   ii.    *Honduran female former government employees are a cognizable particular social group, and the Respondent fear future harm because of her membership in this group.*

The particular social group of former female government employees in Honduras is a cognizable particular social group. A cognizable particular social group must be "(1) composed of

11

members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." Matter of M-E-V-G-, 26 I&N Dec. 227, 227 (BIA 2014). In the past, Respondent's role as a federal government employee was "at least one central reason" for their persecution and harm that she suffered. INA § 208(b)(1)(B)(i).

An immutable characteristic is one that "members in the group cannot change or should not be required to change because it is fundamental to their individual identities or consciousness." Matter of Acosta, 19 I&N Dec. 211, 233 (BIA 1985). Courts, including this circuit, have widely recognized that sex is an immutable characteristic. See Id. at 233; Matter of A-R-C-G-, 26 I&N Dec. 388, 392 (BIA 2014); De Pena-Paniagua v. Barr, 957 F.3d 88, 95 (1st Cir. 2020) ("this circuit has adopted this formulation, recognizing sex as an immutable characteristic."). Additionally, a "shared past experience" is also considered an immutable characteristic. Matter of Acosta, 19 I&N Dec. 211, 233 (BIA 1985); Matter of M-E-V-G-, 26 I&N Dec. 227, 242 (BIA 2014). The shared past experience of being a former federal government in Honduras is fixed and unable to be changed. Matter of C-A-, 23 I&N Dec. 951 (BIA 2006) (recognizing former employment can be an immutable trait for PSG analysis purposes). Accordingly, members of the group of Honduran female former government employees share an immutable characteristic.

The particularity requirement establishes a particular social group's "boundaries" and "outer limits." Matter of M-E-V-G-, 26 I&N Dec. 227, 238 (BIA 2014). A particular social group must be "discrete and have definable boundaries" to satisfy the particularity requirement. Id. at 239. Honduran female former government employees represent a group that is discrete and has definable boundaries, as there are a limited number of people who share nationality, gender

identity, and past employment experience with the federal government. Therefore, Honduran female former government employees are defined with particularity.

A group must be "set apart or distinct from other persons in society" to be socially distinct. Matter of M-E-V-G-, 26 I&N Dec. 227, 238 (BIA 2014). Honduran female former government employees are recognized as a distinct group by others in society due to the pervasive violence against women, which affects all areas of their lives. Tab O , Human Rights Watch, Honduras Events of 2024 (2025) ("According to the latest data from the Economic Commission for Latin America and the Caribbean (ECLAC), Honduras has the highest rate of femicides in Latin America and the Caribbean, with approximately 7 femicides per 100,000 women."). The fact that Respondent was originally targeted while at her government job reflects that government employment is socially cognizable. Accordingly, Honduran female former government employees are socially distinct and therefore, are a cognizable social group.

Respondent's past harm began when she started working an employee with the federal government of Honduras. Tab B, Aff. of Ms. Aguiriano Romero ¶ 3. The threats, sexual violence, harm, and violence that Respondent suffered continued and escalated even after she transferred departments and when she moved houses to another area. See generally Tab B, Aff. of Ms. Aguiriano Romero. Respondent was even targeted in her home, where she was subjected to regular drive-by shootings and had explosive fireworks thrown into her house. Tab B, Aff. of Ms. Aguiriano Romero. Respondent is afraid that if she is forced to return to Honduras, she will continue to suffer from this pervasive harm or even be killed on this basis.

### b. Respondent's asylum application is not time-barred.

Respondent's asylum application is not time-barred because she timely filed for asylum previously before this court, albeit with a skeletal application for asylum around June 21, 2022,

within one year of her December 2021 entry.  Even if this Court were to treat Respondent's present claim as a "new" asylum application it is not time-barred due to extraordinary circumstances (namely prior ineffective assistance of counsel) and changed circumstances (namely the substantially worsened conditions in Honduras).    8 CFR § 208.4(a)(4)(i)(A); 8 CFR § 208.4(a)(5)(iii) (discussed above).

Alternatively, even if this Court treats Respondent's asylum application as a new application, it was filed within a reasonable amount of time because of the extraordinary conditions, including ineffective assistance of counsel and changed country conditions. Respondent's asylum application was submitted as soon as possible, but it was subject to reasonable delay given prior counsel's failure to inform her that she had a viable asylum case despite filing a skeletal application on her behalf, and her detention in early June 2025, which made it more difficult to obtain all of the necessary information. Matter of T-M-H & S-W-C-, 25 I&N Dec. 193, 195 (BIA 2010) (also noting that what is "reasonable" in a given case is dependent on the particular facts of a given case, and there may be cases where a year delay or longer is reasonable). Respondent made efforts to pursue all relief available to her, including trying to talk with Attorney Bremer himself (though she was denied that opportunity) and meeting with an attorney at another firm, but at no point was she told that she had an independent basis for seeking asylum based on her own experiences, until she was denied and was able to consult with undersigned counsel's firm with the help of a friend. See Tab B,  Respondent also gave birth to her youngest daughter on April 15, 2023, was exploring the option of her U.S. citizen brother petitioning for her, and focused on her daughter ████ pursuing Special Immigrant Juvenile Status based on abuse, abandonment, or neglect by her biological father. See Tab B, Aff. of Ms. Aguiriano Romero; Tab J, Motion to Stay Package Filed by Prior Counsel, p. 109 (including the

receipt notice of the I-130 sibling petition dated June 13, 2024); <u>Tab J</u>, Motion to Stay Package Filed by Prior Counsel, p. 108 (including the SIJ approval notice of Respondent's oldest daughter dated May 29, 2024). All of these factors considered together, particularly the failure of prior counsel, reflect that Respondent did act within a reasonable amount of time after her removal order was issued on February 16, 2023. <u>See</u> <u>Tab A</u>, Order of Removal.

    **B.**  **<u>Respondent Merits Equitable Tolling of the Filing Deadline, and So the Court Should Treat the Motion as Timely Filed.</u>**

    Respondent's motion should be treated as timely filed. The filing deadline for motions to reopen at INA § 240(c)(7)(C)(i) is subject to equitable tolling. <u>Bolieiro v. Holder</u>, 731 F.3d 32, 39 n.7 (1st Cir. 2013) (finding it "[n]otabl[e]" that "every circuit that has addressed the issue thus far has held that equitable tolling applies to . . . limits to filing motions to reopen"). Other courts have recognized that where an individual "qualifies for equitable tolling of the time and/or numerical limitations on a motion to reopen, the motion is treated as if it were the one the [noncitizen] is statutorily entitled to file." <u>Singh v. Holder</u>, 658 F.3d 879, 884 (9th Cir. 2011); <u>see also</u> <u>Lugo-Resendez v. Lynch</u>, 831 F.3d 337, 343 (5th Cir. 2016) (same).

    As the Supreme Court regularly has recognized, a litigant is "'entitled to equitable tolling,'" if he or she shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." <u>Holland v. Florida</u>, 560 U.S. 631, 649 (2010) (quoting <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418 (2005)); <u>see also</u> <u>Lugo-Resendez v. Lynch</u>, 831 F.3d 337, 344-45 (5th Cir. 2016) (explaining that "[t]he BIA should . . . take care not to apply the equitable tolling standard too harshly" because its "core purpose . . . is to escape the evils of archaic rigidity") (quotations omitted); <u>Matter of Morales-Morales</u>, 28 I&N Dec. 708, 717 (BIA 2023) (applying the <u>Holland</u> standard). Under this standard, the Respondent is entitled to tolling of the deadline.

### 3. Extraordinary Circumstances prevented Respondent from timely filing this motion.

Tolling is warranted because extraordinary circumstances prevented the Respondent from timely filing this motion. Prior counsel's failure to exercise reasonable diligence in assessing the relevant forms of relief and failure to communicate with the respondent about the possibility of filing this motion constitutes ineffective assistance of counsel. It is widely recognized that ineffective assistance of counsel constitutes an exceptional circumstance. See Saakian v. INS, 252 F.3d 21, 24-25 (1st Cir. 2001) ("The BIA has stated that incompetent representation qualifies as an "exceptional circumstance.") (quoting In re Grijalva–Barrera, 21 I. & N. Dec. 472, 1996 WL 413571 (BIA 1996)).

Here, as explained above, the Respondent received ineffective assistance of counsel by prior counsel because they failed to inform her about the viability of her personal asylum claim. See generally Aff. of Ms. Aguiriano Romero. Prior counsel also failed to inform the Respondent about her right to testify at her individual hearing, as such Respondent was unable to testify at her hearing.  See Tab B, Aff. of Ms. Aguiriano Romero ¶ 15. Respondent was misinformed and unaware of the time limitations for motions to reopen. Id. Prior counsel instead filed a motion to stay, and again failed to adequately represent the Respondent's past harm and fear of returning to Honduras. See Tab B, Aff. of Ms. Aguiriano Romero ¶ 19.

Additionally, Respondent is seeking a reopening "based on changed country conditions arising in the country of nationality or to the country to which removal has been ordered" and the evidence of the changed conditions, "is material and was not available and would not have been discovered or presented at the previous proceeding." INA § 240(c)(7)(C)(ii); 8 C.F.R. § 1003.23(b)(4)(i); Tulung v. Garland, 102 F.4th 551, 555 (1st Cir. 2024) (the BIA must compare "the evidence of country conditions submitted with [a] motion [to reopen] to those that existed at

16

the time of the merits hearing."). Because one of the bases for this motion is on the changed country conditions arising in Honduras, the Respondent's country of origin, it is subject to the exceptions of the filing deadline. INA § 240(c)(7)(C)(ii).

### 4. Respondent pursued this motion with reasonable diligence.

Tolling is also warranted because the Respondent exercised "reasonable" diligence. Holland, 560 U.S. at 653 (noting that the tolling standard requires "reasonable diligence, not maximum feasible diligence") (citation and quotations omitted). Other courts have recognized that diligence is a fact-specific inquiry that must be conducted on a case-by-case basis. See, e.g., Lugo-Resendez v. Lynch, 831 F.3d 337, 344-45 (5th Cir. 2016) (explaining that "equitable tolling does not lend itself to bright-line rules") (quotation omitted); Williams v. Garland, 59 F.4th 620, 641 (4th Cir. 2023) (applying a "functional" diligence that considers "when a noncitizen knew or should have known of his rights") (quotation omitted).

In this case, after the Respondent was ordered removed, she obtained a second opinion with an immigration attorney in the area. See Tab B, Aff. of Ms. Aguiriano Romero ¶ 16-17. Prior counsel also advised Respondent to file a motion to stay her removal, so Respondent retained Attorney Bremer for that motion. See Tab B, Aff. of Ms. Aguiriano Romero ¶ 19. After receiving conflicting advice from prior counsel's office about the viability of this form of relief, Respondent's U.S. citizen sister filed an I-130 sibling petition for her. See Tab B, Aff. of Ms. Aguiriano Romero ¶ 21. Also, during this time period, Respondent was filing a SIJ case for her oldest daughter. See Tab B, Aff. of Ms. Aguiriano Romero ¶ 20. It is clear that the Respondent was actively pursuing options for relief for herself and her family. Her failure to peruse all viable options for her family was due to her counsel's failure to inform her about her options and elicit necessary information from her to determine those options.

### C.  **In the Alternative, the Court Should Reopen Sua Sponte**

In the alternative, Respondent requests that the Court reopen the prior removal order sua sponte. See 8 C.F.R. § 1003.23(b)(1). Reopening sua sponte is warranted due to the exceptional circumstances. See Matter of G-D-, 22 I&N. Dec. 1132, 1134 (BIA 1999); Matter of J-J-, 21 I&N Dec. 976, 984 (BIA 1997). Respondent is a devoted mother to three young daughters who rely on her daily care, guidance, and emotional support. In the interest of justice and equity, the Respondent's case should be reopened.

### V.    CONCLUSION

For all of the foregoing reasons, this Honorable Court should grant this motion to reopen and reopen the proceedings to allow the Respondent to seek asylum.

Respectfully submitted June 25, 2025

Yury Melissa Aguiriano Romero
Through his Attorney,

Robin N. Nice
McHaffey & Nice, LLC
6 Beacon Street, Suite 720
Boston, MA  02108
617-702-8921

18

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE OF IMMIGRATION REVIEW
IMMIGRATION COURT
BOSTON, MASSACHUSETTS

In the Matter of:

_____
                                            )
                                            )
**Yury Melissa AGUIRIANO ROMERO**           )          File No.: 220 908 450
                                            )
**Victor Emilio MURILLO AVILA**             )          File No.: 220 908 451
                                            )
███████████████████████████        █    ████████████████
                                            █
███████████████████████████        █    ████████████████
                                            )
_____)

### PROPOSED ORDER OF THE IMMIGRATION JUDGE

Upon consideration of Respondent's Motion to Reopen, it is HEREBY ORDERED that the
motion be [ ] GRANTED [ ] DENIED because:

[ ] DHS does not oppose the motion.
[ ] The respondent does not oppose the motion.
[ ] A response to the motion has not been filed with the court.
[ ] Good cause has been established for the motion.
[ ] The court agrees with the reasons stated in the opposition to the motion.
[ ] Other:_____.


_____              _____
Hon. Todd Masters                            Date
Immigration Judge
_____

### Certificate of Service

This document was served by:        [ ] Mail        [ ] Personal Service
To: [ ] Noncitizen [ ] Noncitizen c/o Custodial Officer [ ] Noncitizen's Attorney [ ] DHS
Date:_____             By: Court Staff_____

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE OF IMMIGRATION REVIEW
IMMIGRATION COURT
BOSTON, MASSACHUSETTS


In the Matter of:

_____
                                        )
                                        )
**Yury Melissa AGUIRIANO ROMERO**        )        File No.: 220 908 450
                                        )
**Victor Emilio MURILLO AVILA**          )        File No.: 220 908 451
                                        )
█████████████████████████████          █         ███████████████
                                        █
████████████████████████               █         █████████████
                                        )
_____)


<u>CERTIFICATE OF SERVICE</u>


I certify that today, service of this motion to reopen was automatically made as I electronically filed this document, and the opposing party, DHS Chief Counsel's Office, is participating in ECAS.


_____                   6/25/25
Robin Nice                              _____
                                        Date

20

Robin N. Nice                                                    **DETAINED**
McHaffey & Nice, LLC
6 Beacon Street, Suite 720
Boston, MA 02108

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE OF IMMIGRATION REVIEW
IMMIGRATION COURT
BOSTON, MASSACHUSETTS

In the Matter of:

_____
                                              )
                                              )
**Yury Melissa AGUIRIANO ROMERO**             )        **File No.: 220 908 450**
                                              )
**Victor Emilio MURILLO AVILA**               )        **File No.: 220 908 451**
                                              )
███████████████████████████         █         ███████████████
                                    █
███████████████████████             █         ███████████████
                                              )
_____     )


**RESPONDENTS' EMERGENCY MOTION TO STAY REMOVAL**

1

## Table of Contents

I.    INTRODUCTION ............................................................................................. 3

II.   RESPONDENTS MERITS A STAY OF REMOVAL ............................................. 3

   A.   The Court Should Stay the Respondent's Removal Based on a Two-Factor

   Balancing Test ............................................................................................. 3

      1.   This Court Should Adopt a Two-Factor Balancing Test that Prioritizes the

      Prevention of Harm ................................................................................. 3

      2.   Respondent Merits a Stay Under a Two-Factor Balancing Test that Prioritizes

      Prevention of Irreparable Harm. ........................................................... 5

   B.   In the Alternative, Even Under the Test for Judicial Stays of Removal Filed in

   Conjunction with a Petition for Review, Respondent Merits a Stay ................... 6

      1.   Respondent Has Made a Strong Showing That She Would Likely Succeed on Her

      Motion to Reopen .................................................................................. 7

III.  CONCLUSION ............................................................................................... 8

## I.    INTRODUCTION

Respondent, Yury Melissa Aguiriano Romero, respectfully moves that this Honorable Court grant her a stay of removal so that she may continue to reside in the United States while this Court considers her motion to reopen. In summary, the Respondent was ordered removed on February 16, 2023. A request to stay her removal was filed with the ICE District Director in January of 2025, but it was denied on May 6, 2025. Respondent is now seeking to reopen her case on the basis of changed country conditions and ineffective assistance by her prior counsel in order to pursue asylum. Respondent is currently detained and she faces imminent deportation to Honduras, a country where she has a well-founded fear of persecution.

Respondent is concurrently filing her motion to reopen. The motion to reopen contains new, previously unavailable evidence that Respondent's proceedings should be reopened based on the extraordinary circumstances of her ineffective assistance of counsel and changed country conditions. Respondent is detained with a final order of removal, and deportation is imminent. Therefore, this Court should immediately rule on this motion. The Court has the authority to issue an administrative stay because the Respondent's motion to reopen is currently pending. 8 C.F.R. §§ 1003.23(b)(1)(v), (b)(4)(i).

## II.    RESPONDENT MERITS A STAY OF REMOVAL

### A.    The Court Should Stay the Respondent's Removal Based on a Two-Factor Balancing Test

#### 1.    This Court Should Adopt a Two-Factor Balancing Test that Prioritizes the Prevention of Harm

When evaluating the Respondent's motion to stay removal, the Court should employ the two-factor test from Nken v. Holder, 556 U.S. 418 (2009), balancing the likelihood of success on the merits and the risk of irreparable harm. The test weighs heavily in favor of preventing harm where the Respondent, if ordered removed, would be forced back to a country where she would

3

more likely than not be persecuted on account of a protected basis, as articulated in the motion to reopen.

As an initial matter, the Court cannot adjudicate this stay motion solely based on the likelihood of success of Respondent's motion, as that would require the Court to prematurely adjudicate the entire merits of the case and would be contrary to the purpose of the stay process. Stays traditionally have been intended to resolve a two-pronged problem: "what to do when [(1)] there is insufficient time to resolve the merits and [(2)] irreparable harm may result from delay." Nken v. Holder, 556 U.S. 418, 432 (2009); see also id. ("The authority to grant stays has historically been justified by the perceived need to prevent irreparable injury to the parties or to the public pending review.") (quotation marks omitted). A standard which fails to take harm into account would be arbitrarily divorced from the purpose of the process. Cf Judulang v. Holder, 565 U.S. 42, 55 (2011) ("[A]gency action must be based on non-arbitrary, relevant factors," including "the purposes of the immigration laws or the appropriate operation of the immigration system.") (quotation marks omitted). Thus, in addition to the likelihood of success on the merits, the Court must give considerable weight to irreparable harm when adjudicating this stay motion.

This Court should weigh the risk of harm heavily and prioritize preventing irreparable harm where, as here, the Respondent is seeking asylum on the basis of the past persecution she suffered in Honduras. As a member of the Partido Nacional political party, Respondent was targeted at her job and suffered repeated sexual assaults, death threats, and violent attacks. Tab B, Aff. of Respondent (filed with Motion to Reopen). Even the more demanding federal-court test for injunctive relief involves a balancing of factors, key among them the prevention of irreparable harm. See Nken, 556 U.S. at 434 (holding that the "most critical" factors for a federal appellate court stay of removal are risk of irreparable harm and likelihood of success on the merits); In re

4

Revel AC, Inc., 802 F.3d 558, 569 (3d Cir. 2015) (finding that stay adjudication requires sliding-scale balancing test so showing of high risk of irreparable harm reduces necessary degree of possibility of success on the merits); Braintree Labs., Inc. v. Citigroup Glob. Mkts., Inc., 622 F.3d 36, 42-43 (1st Cir. 2010) (same); Leiva-Perez v. Holder, 640 F.3d 962, 966, 970 (same); cf. Citigroup Glob. Mrkts, Inc. v. VCG Special Opportunities Master Fund Ltd., 598 F.3d 30, 37-38 (2d Cir. 2010) (in analogous context, holding that the preliminary injunction standard must be flexible).

In sum, this Court should adopt a two-factor balancing test that considers both the likelihood of success on the merits and preventing irreparable harm, giving significant weight to the latter factor where, as here Respondent has filed a motion to reopen and will face removal to a country where she lived in constant fear of being harmed or killed, and faces serious harm or even death, absent a stay.

### 2. Respondent Merits a Stay Under a Two-Factor Balancing Test that Prioritizes Prevention of Irreparable Harm.

Respondent merits a stay of removal, as there is a high risk of irreparable harm if she were to be removed, and there is a high likelihood of success on the merits. Respondent fled Honduras after experiencing years of repeated death threats, sexual assaults, and violent attacks, and is now seeking asylum on this basis. Tab B, Aff. of Respondent (filed with Motion to Reopen). If Respondent were forced to return to Honduras, she would be faced with serious harm or death because of her past political involvement in the Partido Nacional. Political violence is a significant problem in Honduras, with many political candidates and voters, particularly women, suffering from threats and intimidation. Tab Q, Freedom House Report, Honduras (filed with Motion to Reopen).

Furthermore, Respondent has a high likelihood of success on her motion to reopen, considering her prior counsel's ineffective assistance of counsel, which prejudiced her asylum claim. Prior counsel failed to sufficiently inquire into the Respondent's own experiences of harm and the political violence she faced in Honduras. At no point before the individual hearing did prior counsel ask Respondent about any harm she personally suffered, apart from her husband's claim. See Tab B, Aff. of Respondent (filed with Motion to Reopen). Prior counsel also failed to discuss with Respondent her right to testify and whether hat would be helpful to her and her husband's case.

Additionally, Respondent is seeking to reopen her case on the basis of changed country conditions, particularly the increase in political violence, given the election year in Honduras. Tab R, USIP, Can Honduras Get Its Democracy in Order ("As Hondurans head to the polls in 2025, political stagnation and institutional degradation could pave the way for the rise of populist movements and heightened electoral violence.") (filed with Motion to Reopen).

## B. **In the Alternative, Even Under the Test for Judicial Stays of Removal Filed in Conjunction with a Petition for Review, Respondent Merits a Stay**

In Nken v. Holder, the Supreme Court instructed courts of appeals to apply the "traditional" standard when adjudicating stay motions filed in conjunction with a petition for review. Under this standard, a court considers the following four factors: (1) whether the stay applicant has made a strong showing that they are likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. Nken, 566 U.S. at 434. Even if the Court were to adopt this more-demanding test, the Respondent merits a stay of her removal.

1.   **Respondent Has Made a Strong Showing That She Would Likely Succeed on Her Motion to Reopen**

As previously discussed, Respondent is seeking to reopen her case on the basis of ineffective assistance of counsel and changed country conditions. Prior counsel also failed to pursue or advise her on all available forms of relief, including the possibility of reopening her case based on her individual claims. Further, because of the upcoming presidential and congressional elections in Honduras in November 2025, political violence is expected to increase. Tab R, USIP, Can Honduras Get Its Democracy in Order (filed with Motion to Reopen). These conditions constitute changed circumstances, and therefore, this Court should grant this motion to stay, given the strength of the asylum application.

2.   **Respondent Has Established that She Would Suffer Irreparable Harm if Deported Before the Adjudication of Her Motion to Reopen**

Respondent will suffer irreparable harm if the Court denies her a stay. Respondent would be deprived of the opportunity to present her asylum claim, which she was unable to present because of her prior counsel's ineffective assistance. Furthermore, in Honduras, the Respondent faces grave danger and harm because of her membership in the Partido Nacional and the past persecution that she suffered at the hands of violent members of the Partido Libre. Tab B, Aff of Respondent (filed with Motion to Reopen).

3.   **A Stay of Respondent's Removal Would Not Injure the Department of Homeland Security, and the Public Interest Favors Granting a Stay**

The last two stay factors, injury to other parties in the litigation and the public interest, "merge when the Government is the opposing party." Nken, 556 U.S. at 435. Here, those factors favor Respondent because, as the Supreme Court observed, "there is a public interest in preventing [noncitizens] from being wrongfully removed, particularly to countries where they are likely to face substantial harm." Id. at 436. Furthermore, Respondent is not "particularly dangerous" nor

has she "substantially prolonged his stay by abusing the process provided to [her]," nor do any other factors exist to suggest a greater than usual interest in Respondent's removal. Id. Respondent is not a danger to the community.

## III.    CONCLUSION

For all of the foregoing reasons, this Honorable Court should issue an order staying the Respondent's removal.

   Respectfully submitted June 25, 2025

Respondents,

                                              Through their Attorney,


                                              _____

                                              Robin N. Nice
                                              McHaffey & Nice, LLC

                                              6 Beacon Street, Suite 720
                                              Boston, MA  02108
                                              617-702-8921

8

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE OF IMMIGRATION REVIEW
IMMIGRATION COURT
BOSTON, MASSACHUSETTS

In the Matter of:

| | |
|---|---|
| **Yury Melissa AGUIRIANO ROMERO** ) | File No.: 220 908 450 |
| ) | |
| **Victor Emilio MURILLO AVILA** ) | File No.: 220 908 451 |
| ) | |
| █████████████████████ ) | ████████████ |
| ) | |
| ███████████████ ) | ████████████ |
| ) | |

## CERTIFICATE OF SERVICE

I certify that today, service of this motion was automatically made as I electronically filed this document, and the opposing party, DHS Chief Counsel's Office, is participating in ECAS.

*Robin N. Nice*

_____                _____6/25/25_____
Robin Nice                                       Date

9

**RESPONDENT, YURY MELISSA AGUIRIANO ROMERO (A 220 908 450)
EXHIBITS IN SUPPORT OF RESPONDENT'S MOTION TO REOPEN**

| Tab | Document | Page Number |
|---|---|---|
| A | **Copy of Ms. Aguiriano Romero's Order of Removal**<br>*Dated: February 16, 2023* | 1 |
| | | |
| B | **Ms. Aguiriano Romero's Affidavit**<br>*Please note that because Ms. Aguiriano Romero is detained in Chittenden, VT, and due to the time sensitive nature of this process, we have not yet received a signed affidavit or I-589 application.* | 5 |
| | | |
| C | **Copy of Ms. Aguiriano Romero's I-589 Application for Asylum, withholding of removal, and CAT protection**<br>*Please note that because Ms. Aguiriano Romero is detained in Chittenden, VT, and due to the time sensitive nature of this process, we have not yet received a signed affidavit or I-589 application.* | 9 |
| | | |
| D | **Copy of Ms. Aguiriano Romero's Honduran Passport** | 21 |
| | | |
| E | **Letters of Support Corroborating Ms. Aguiriano Romero's Position at the National Agrarian Institute**<br>*With Certified English Translation* | 22 |
| | | |
| F | **Copy of Ms. Aguiriano Romero's husband's Medical Records**<br>*With Certified English Translation* | 31 |
| | | |
| G | **Copy of Honduras Police Report Filed by Ms. Aguiriano Romero's Husband**<br>*With Certified English Translation* | 34 |
| | | |

| H | **Ms. Aguiriano Romero's Notice to Appear** | 37 |
|---|---|---|
| | | |
| I | **Ms. Aguiriano Romero's Notice of Custody Determination** | 40 |
| | | |
| J | **Motion to Stay Package Filed by Ms. Aguiriano Romero's Prior Counsel**<br>*Dated: January 23, 2025* | 41 |
| | | |
| K | **Ms. Aguiriano Romero and her family's Denial of Motion to Stay**<br>*Dated: May 6, 2025* | 221 |
| | | |
| L | **Ms. Aguiriano Romero's Complaint to the BBO Against Prior Counsel**<br>*Dated: June 24, 2025* | 225 |
| | | |
| M | **Copy of Ms. Aguiriano Romero's Email to Prior Counsel Notifying them of the BBO Complaint**<br>*Dated: June 23, 2025* | 228 |
| | | |
| N | **Copy of Ms. Aguiriano Romero's Agreement with Prior Counsel**<br>*With Certified English Translation* | 229 |
| **Country Conditions Articles and Reports Corroborating the Ongoing Political Violence in Honduras** | | |
| O | **Human Rights Watch**, Honduras Events of 2024 (2025)<br>*Available at*<br>https://www.hrw.org/world-report/2025/country-chapters/honduras<br><ul><li>"Honduras continues to struggle with widespread corruption, a compromised judiciary, high levels of violence, and attacks against environmental defenders."</li><li>"Between January and September, preliminary police data indicated 1,854 murders. . ."</li><li>"A state of emergency, adopted in December 2022 to fight extortion and related crimes, was <u>extended</u> 15 times and remains in place. It suspends the rights to freedom of association and peaceful</li></ul> | 232 |

| | | |
|---|---|---|
| | assembly and to be informed of the reason for arrest, among others." | |
| | | |
| P | **Freedom House,** Honduras 2024<br>*Available at,* https://freedomhouse.org/country/honduras/freedom-world/2024<br>• "Political violence is widespread and includes harassment, threats, and intimidation directed at candidates, politicians, and voters, especially women. In July 2023, the PL criticized *colectivos* belonging to Libre for attacking activists from A Single Voice for Honduras (USVH), an anticorruption group that held a rally in Tegucigalpa."<br>• "The government's announcement of a "war against extortion" in 2022 and the resulting state of exception led to a suspension of constitutionally protected rights." | 239 |
| | | |
| Q | **Freedom House,** Honduras 2025<br>*Available at,* https://freedomhouse.org/country/honduras/freedom-world/2025<br>• "Political violence is widespread and includes harassment, threats, and intimidation directed at candidates, politicians, and voters, especially women. Members of Libre-affiliated *colectivos* have physically attacked opposition members in legislative debates and rallies."<br>• The homicide rate has declined in recent years, but violent crime and gang violence remain serious problems and have prompted large-scale internal displacement and migration. In response to widespread violence, the Hernández administration empowered the Military Police of Public Order (PMOP) and other security forces to combat security threats, and that policy has continued under President Castro. | 256 |
| | | |
| R | **USIP,** Can Honduras Get It's Democracy in Order (Nov. 7, 2024),<br>*Available at,*<br>https://www.usip.org/publications/2024/11/can-honduras-get-its-democracy-order-2025.<br>• "As Hondurans head to the polls in 2025, political stagnation and institutional degradation could pave the way for the rise of populist movements and heightened electoral violence." | 272 |

| | | |
|---|---|---|
| S | **The Dialogue,** What will decide Honduras general election this year? (Mar. 20, 2025), *Available at,* https://thedialogue.org/analysis/what-will-decide-honduras-general-election-this-year. <br>• "Honduran voters on March 9 selected candidates for the country's three dominant political parties to replace outgoing President Xiomara Castro in the general elections in November. Incumbent Defense Minister Rixi Moncada won the leftist Libre Party's nomination; Castro's former vice president, Salvador Nasralla, won the centrist Liberal Party's nomination, and former Tegucigalpa Mayor Nasry Asfura won the right-wing National Party's primary. What issues are likely to decide Honduras' general election later this year? Which of the three leading candidates is best positioned ahead of the race? What's at stake in this year's election?" | 284 |
| | | |
| T | **U.S. Department of State,** "2023 Country Reports on Human Rights Practices: Honduras" *Available at https://www.state.gov/reports/2023-country-reports-on-human-rights-practices/honduras/* <br><br>The human rights situation in Honduras was problematic, due to the prolonged *estado de excepción* (state of emergency) and an increase in gender-based violence. <br><br>Significant human rights issues included credible reports of: arbitrary or unlawful killings; torture or cruel, inhuman, or degrading treatment or punishment by government agents; harsh and life-threatening prison conditions; arbitrary arrest or detention; serious problems with the independence of the judiciary; serious restrictions on freedom of expression and media freedom, including threats against media members by criminal elements; serious government corruption; **extensive gender-based violence,** including domestic violence, **sexual violence, and femicide; and crimes involving violence or threats of violence** targeting lesbian, gay, bisexual, transgender, queer, or intersex persons. <br><br>**The government investigated and prosecuted some of these crimes, but impunity was widespread.** <br><br>Journalists and other members of civil society reported they self-censored due to fear of criticism, harassment, and retribution by the government and its supporters. | 291 |

The Ministry of Security reported 229 violent women deaths from January to June, a nearly 49 percent increase compared with the same period in 2022. The Human Rights Observatory of the Center for Women's Rights registered 341 violent deaths of women as of October 31.

**The law criminalized sexual harassment, including in employment.** The law stipulated penalties of one to three years in prison and possible suspension of offenders' professional licenses**, but the government did not effectively enforce the law.**

The law granted workers the right to form and join unions of their choice, bargain collectively, and strike. It prohibited employer retribution against employees for engaging in trade union activities.

The government investigated violence and threats of violence against union leaders. Impunity for such crimes was high.

In some industries, including agriculture, domestic service, and security, employers did not respect maternity rights or pay minimum wage, overtime, or vacation. In these sectors, employers frequently paid workers for the standard 44-hour workweek irrespective of any additional hours they worked. In the security and domestic service sectors, workers were frequently forced to work more than 60 hours per week but were paid only for 44 hours. Employers frequently penalized agricultural workers for taking legally authorized days off. Employers paid the minimum wage inconsistently in other sectors. Civil society continued to raise problems with minimum wage violations, highlighting agricultural companies in the south as frequent violators.

# Tab A



**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**BOSTON IMMIGRATION COURT**

Respondent Name:

MURILLO-AVILA, VICTOR EMILIO

To:

Bremer, Hans J.
190 Broad Street
Suite 1E
Providence, RI 02903

A-Number:

 220908451

Riders:

 220908450  AGUIRIANO-ROMERO, YURY MELISSA

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆
▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

In Removal Proceedings
Date:

02/16/2023

## ORDER OF THE IMMIGRATION JUDGE

☒    This is a summary of the oral decision entered on 02/15/2023.    The oral decision in
this case is the official opinion, and the immigration court issued this summary for the convenience
of the parties.

☐    Both parties waived the issuance of a formal oral decision in this proceeding.

### I.    Removability

The immigration court found Respondent   ☒ removable ☐ inadmissible under the following
Section(s) of the Immigration and Nationality Act (INA or Act): 212(a)(6)(A)(i)

The immigration court found Respondent   ☐ not removable ☐ not inadmissible under the following
Section(s) of the Act:

### II.    Applications for Relief

Respondent's application for:

A.  Asylum/Withholding/Convention Against Torture
   ☒ Asylum was ☐ granted ☒ denied ☐ withdrawn with prejudice ☐ withdrawn without prejudice
   ☒ Withholding of Removal under INA § 241(b)(3) was ☐ granted ☒ denied ☐ withdrawn with
   prejudice ☐ withdrawn without prejudice.
   ☒ Withholding of Removal under the Convention Against Torture was ☐ granted ☒ denied
   ☐ withdrawn with prejudice ☐ withdrawn without prejudice.
   ☐ Deferral of Removal under the Convention Against Torture was ☐ granted ☐ denied
   ☐ withdrawn with prejudice ☐ withdrawn without prejudice.
   ☐ Respondent knowingly filed a frivolous application for asylum after notice of the

1

consequences. *See* INA § 208(d)(6); 8 C.F.R. §1208.20

B. Cancellation of Removal

☐ Cancellation of Removal for Lawful Permanent Residents under <u>INA § 240A(a)</u> was

☐ granted ☐ denied ☐ withdrawn with prejudice ☐ withdrawn without prejudice.

☐ Cancellation of Removal for Nonpermanent Residents under <u>INA § 240A(b)(1)</u> was

☐ granted ☐ denied ☐ withdrawn with prejudice ☐ withdrawn without prejudice.

☐ Special Rule Cancellation of Removal under <u>INA § 240A(b)(2)</u> was

☐ granted ☐ denied ☐ withdrawn with prejudice ☐ withdrawn without prejudice.

C. Waiver

☐ A waiver under INA §        was

☐ granted ☐ denied ☐ withdrawn with prejudice ☐ withdrawn without prejudice.

D. Adjustment of Status

☐ Adjustment of Status under INA §        was

☐ granted ☐ denied ☐ withdrawn with prejudice ☐ withdrawn without prejudice.

E. Other

**III.    Voluntary Departure**

☐ Respondent's application for ☐ pre-conclusion voluntary departure under INA § 240B(a)

☐ post-conclusion voluntary departure under INA § 240B(b) was ☐ denied.

☐ Respondent's application for ☐ pre-conclusion voluntary departure under INA § 240B(a)

☐ post-conclusion voluntary under INA § 240B(b) departure was ☐ granted, and

Respondent is ordered to depart by [          ]. The respondent must post a $ [          ]

bond with DHS within five business days of this order. Failure to post the bond as required or to depart by the required date will result in an alternate order of removal to

[          ] taking effect immediately.

☐ The respondent is subject to the following conditions to ensure his or her timely departure from the United States:

☐ Further information regarding voluntary departure has been added to the record.

☐ Respondent was advised of the limitation on discretionary relief, the consequences for failure to depart as ordered, the bond posting requirements, and the consequences of filing a post-order motion to reopen or reconsider:

If Respondent fails to voluntarily depart within the time specified or any extensions granted by the DHS, Respondent shall be subject to a civil monetary penalty as provided by relevant statute, regulation, and policy. *See* INA § 240B(d)(1). The immigration court has set

☐ the presumptive civil monetary penalty amount of $3,000.00 USD

☐ $                    USD instead of the presumptive amount.

If Respondent fails to voluntarily depart within the time specified, the alternate order of removal shall automatically take effect, and Respondent shall be ineligible, for a period of 10 years, for voluntary departure or for relief under sections 240A, 245, 248, and 249 of the Act, to include cancellation of removal, adjustment of status, registry, or change of nonimmigrant status. *Id.*

If Respondent files a motion to reopen or reconsider prior to the expiration of the voluntary departure period set forth above, the grant of voluntary departure is automatically terminated; the period allowed for voluntary departure is not stayed, tolled, or extended. If the grant of voluntary departure is automatically terminated upon the filing of such a motion, the penalties for failure to depart under section 240B(d) of the Act shall not apply.

If Respondent appeals this decision, Respondent must provide to the Board of Immigration Appeals (Board), within 30 days of filing an appeal, sufficient proof of having posted the voluntary departure bond. The Board will not reinstate the voluntary departure period in its final order if Respondent does not submit timely proof to the Board that the voluntary departure bond has been posted.

In the case of conversion to a removal order where the alternate order of removal immediately takes effect, where Respondent willfully fails or refuses to depart from the United States pursuant to the order of removal, to make timely application in good faith for travel or other documents necessary to depart the United States, to present himself or herself at the time and place required for removal by the DHS, or conspires to or takes any action designed to prevent or hamper Respondent's departure pursuant to the order of removal, Respondent may be subject to a civil monetary penalty for each day Respondent is in violation. If Respondent is removable pursuant to INA § 237(a), then he or she shall be further fined or imprisoned for up to 10 years.

## IV.    Removal

☒ Respondent was ordered removed to   Honduras.

☐ In the alternative, Respondent was ordered removed to

☐ Respondent was advised of the penalties for failure to depart pursuant to the removal order:

If Respondent is subject to a final order of removal and willfully fails or refuses to depart from the United States pursuant to the order, to make timely application in good faith for travel or other documents necessary to depart the United States, to present himself or herself at the time and place required for removal by the DHS, or conspires to or takes any action designed to prevent or hamper Respondent's departure pursuant to the order of removal, Respondent may be subject to a civil monetary penalty for each day Respondent is in violation. If Respondent is removable pursuant to INA § 237(a), then he or she shall be further fined or imprisoned for up to 10 years.

## V.    Other

☐ Proceedings were ☐ dismissed ☐ terminated with prejudice ☐ terminated without prejudice ☐ administratively closed.

3

☐ Respondent's status was rescinded under INA § 246.
☐ Other:

Z

Immigration Judge: Masters, Todd  02/16/2023

Appeal:   Department of Homeland Security:   ☒ waived   ☐ reserved
          Respondent:   ☐ waived   ☒ reserved

Appeal Due: 03/17/2023

## Certificate of Service

This document was served:

Via: [ M ] Mail | [ P ] Personal Service | [ E ] Electronic Service

To: [  ] Noncitizen | [  ] Noncitizen c/o custodial officer | [ E ] Noncitizen's atty/rep. | [ E ] DHS

Riders:

220908450  AGUIRIANO-ROMERO, YURY MELISSA
220908448  MARIADAGA-AGUIRIANO, ASHLEY
           VALENTINA
220908449  MURILLO-AGUIRIANO, EMILY VICTORIA

By:  RUIZ, MARC, Court Staff

Date:  02/16/2023

4

# Tab B

**DECLARATION OF YURY MELISSA AGUIRIANO ROMERO, A 220-908-450
IN SUPPORT OF HER MOTION TO REOPEN
AFFIDAVIT IN SUPPORT OF MOTION TO REOPEN**

I, Yury Melissa Aguiriano Romero, hereby declare and depose the following:

1. My name is Yury Melissa Aguiriano Romero. I am a citizen and national of Honduras. I was born on April 5, 1989 in Tocoa, Colon, Honduras.

2. In Honduras, I was a member of the political party, Partido Nacional, since I was about 18 years old. I served as a youth coordinator for my region since I joined. In that role, during election seasons, I held weekly meetings at my house, where I talked with young people about the importance of voting. I also did some data collection for the party, and on election day we helped get people to the polls to vote.

3. Starting in 2016, I worked as a technical assistant for the National Agrarian Institute of Honduras. At the time the Partido Nacional was the party in government. As part of my job, I worked with farmers and agricultural groups in the community to give them technical training. I began receiving threats from violent men, who were members of the other political party, Partido Libre. I was sexually harassed and assaulted multiple times by these men. They touched my breasts and private parts. I reported this to my supervisors but they didn't do anything except eventually transfer me to a different department around 2020.

4. After I switched departments at my job, these dangerous men began threatening me at my mother's house in Taujica, Honduras. They drove by shooting their guns and threatening to kill us. They would shout that I was a thief because I worked for a government, and called me *"paracaidista,"* which is an insulting word used for people who have a government job but do not do any actual work. They would get out of their car, shoot the guns at our house, and say they were going to kill us. This happened about twice a week, usually on weekends, when we were home. This lasted for about a year, beginning around 2020. Once, they threw a firework into our house while we were inside. This group of men also shot and killed my brother-in-law, who was an activist for the Partido Nacional.

5. After my husband and I got married, we moved to another house in Tocoa, Honduras. In our new house, we continued getting death threats from this group. Sometimes the threats were written and some were over the phone. This group also invaded our home, and they robbed us. Once they came and I wasn't home, but my husband was, and they stabbed my husband's leg. We tried to report this to the police, but they refused to help us.

**5**

## DECLARATION OF YURY MELISSA AGUIRIANO ROMERO, A 220-908-450
## IN SUPPORT OF HER MOTION TO REOPEN

6. Around mid-November of 2021 I fled Honduras with my husband, Victor Emiliano Murillo Avila ("Victor") and my two oldest daughters, ███████████████ ███████████████████████████████████████

7. We fled Honduras because of the repeated and constant threats and violence that we suffered at the hands of violent and dangerous members of the Partido Libre. We were afraid that we would be harmed or killed if we stayed in Honduras.

8. We arrived in the United States around December 4, 2021.

9. Around 2022, my husband and I retained Attorney Hans J. Bremer to assist us with our asylum application and represent us in immigration court.

10. At our first consultation, my husband and I met with one of Attorney Bremmer's apprentices. They asked us both questions, but they were superficial questions and it seemed like they were just crossing things off of a list.

11. During our initial consultation, I felt hesitant to share all of my story because we had recently arrived in the United States. I was feeling worried and didn't know what was important to share. Also, my husband was very protective of me and felt that his asylum claim was enough for our family. Neither of us were told that what happened to me was also important, so I did not have the chance to include what happened to me. It did not help that the apprentice wasn't asking open-ended questions. They asked mainly yes or no questions and did not ask follow up questions.

12. Throughout Attorney Bremmer's representation of our case, he never once met or spoke to us. I asked to speak to him or another attorney on multiple occasions, but they always referred me to one of his apprentices.

13. In our meetings with the apprentices (who I think were attorneys but I am not sure), they never asked me about any of the past harm that I had suffered. We met with at least four different apprentices. They only focused on my husband's claim. It did not seem like the people working with us from his office knew what they were doing very well.

14. On April 15, 2023, I gave birth to our youngest daughter.

15. On February 16, 2023, we had our individual hearing. Attorney Bremmer did not attend, he sent another attorney in his place. At the hearing, I did not testify. I understand I had the right to testify, but no one from Attorney Bremer's office spoke with me about whether or not I should testify. My husband spoke at the hearing, but the attorney did not prepare him to testify. We were ordered removed that day. We spoke with the attorney after the hearing and she and she told us that we could appeal, but we had to make the full payment of six thousand dollars up front. We did not have the money to do that.

**DECLARATION OF YURY MELISSA AGUIRIANO ROMERO, A 220-908-450
IN SUPPORT OF HER MOTION TO REOPEN**

16. After the hearing, I told my husband we needed to get another attorney and a second opinion. I got a second opinion from Attorney Zoila Gomes in Lawrence, MA. Attorney Gomes met with me and reviewed my file and was honest about my situation.

17. Attorney Gomes let me know that Attorney Bremmer had made a lot of mistakes in our case and that he had ruined our chances.  Specifically, she said that he erred by not noting that my eldest daughter is not my husband's biological daughter.

18. My husband and I had regular check-ins with ICE and even wore ankle monitors. We were always compliant and attended all of our check-ins.

19. Attorney Bremer advised us that we could file a request to stay removal.  We hired him around January of 2025 and that was filed on January 23, 2025.  I thought this was our only option.  The request was denied on May 5, 2025.

20. In addition to working on this case, my brother filed a sibling petition for me. I was also busy filing my oldest daughter's SIJ petition.

21. We received conflicting advice at Attorney Bremer's office regarding any other option we might have. Attorney Bremer told us that my US citizen brother could petition for me; when we went to work on this, the apprentice assigned to meet us told us that we could not.  We filed this petition ourselves.  Another person at the office, Camilla, came to speak with us, and then she went to speak with Attorney Bremmer, and then she came back and confirmed we couldn't do a sibling petition.

22. After our hearing, I did not understand that the past harm that I suffered had not been considered for our claim of asylum or that we need to reopen my case by a certain date. Attorney Bremmer did not inform me that we could reopen our case. I did not know that I could reopen my case until I was detained by ICE at my check in on June 3, 2025. I retained Attorney Robin Nice to help me with reopening my case.

23. The situation in Honduras continued to remain unsafe and violent. Since we left Honduras, the Partido Libre has taken power and I am afraid that if we are forced to return we will continue to be targeted and threatened. In the past, election cycles have been particularly violent in Honduras. This year in November, Honduras has an election and I fear that we will be harmed or threatened for being members of the Partido Nacional.

24. After being detained by ICE, I was held at a center in Burlington, Massachusetts, for eleven days. There were around eighteen other women who were also being detained. I was forced to sleep on the cold floor. There was not enough food, and sometimes we were only given crackers. We were also not given enough sanitary pads for those of us,

**DECLARATION OF YURY MELISSA AGUIRIANO ROMERO, A 220-908-450
IN SUPPORT OF HER MOTION TO REOPEN**

who were on our period. We were forced to share and divide up three pads among all of
us.

I swear under the pains and penalties of perjury that the above is true and correct to the best of
my knowledge and belief.

_____          _____

Yury Melissa Aguiriano Romero                      Date

**Certificate of Interpretation**

I, Danna Lopez-Flores, hereby declare that I am fluent in both Spanish and English and that I have
read the foregoing to the affiant in Spanish to the best of my ability.

Signature: _____          Date: _____

8

# Tab C



# Application for Asylum and for Withholding of Removal

### Department of Homeland Security
U.S. Citizenship and Immigration Services

**USCIS**
**Form I-589**
OMB No. 1615-0067
Expires 09/30/2027

**START HERE - Type or print in black ink.  See the instructions for information about eligibility and how to complete and file this application.  There is no filing fee for this application.**

**NOTE:** ☒ Check this box if you also want to apply for withholding of removal under the Convention Against Torture.

## Part A.I.  Information About You

| **1.** Alien Registration Number(s) (A-Number) *(if any)* | **2.** U.S. Social Security Number *(if any)* | **3.** USCIS Online Account Number *(if any)* |
|---|---|---|
| 220908450 | N/A | N/A |

| **4.** Complete Last Name | **5.** First Name | **6.** Middle Name |
|---|---|---|
| Aguiriano Romero | Yury | Melissa |

**7.** What other names have you used *(include maiden name and aliases)?*
N/A

**8.** Residence in the U.S. *(where you physically reside)*

| Street Number and Name | Apt. Number |
|---|---|
| 100 Peckham ST | APT 2 |

| City | State | Zip Code | Telephone Number |
|---|---|---|---|
| New Bedford | MA | 02746 | ( N/A )  N/A |

**(NOTE:** *You must be residing in the United States to submit this form.***)**

**9.** Mailing Address in the U.S. *(if different than the address in Item Number 8)*

| In Care Of *(if applicable):* | Telephone Number |
|---|---|
| N/A | ( N/A )  N/A |

| Street Number and Name | Apt. Number |
|---|---|
| N/A | N/A |

| City | State | Zip Code |
|---|---|---|
| N/A | N/A | N/A |

| **10.** Sex  ☐ Male  ☒ Female | **11.** Marital Status:  ☐ Single  ☒ Married  ☐ Divorced  ☐ Widowed |
|---|---|

| **12.** Date of Birth *(mm/dd/yyyy)* | **13.** City and Country of Birth |
|---|---|
| 04/05/1989 | Tocoa Colon, Honduras |

| **14.** Present Nationality *(Citizenship)* | **15.** Nationality at Birth | **16.** Race, Ethnic, or Tribal Group | **17.** Religion |
|---|---|---|---|
| Honduras | Honduras | Latino | Christian |

**18.** *Check the box, a through c, that applies:*  **a.** ☐ I have never been in Immigration Court proceedings.

**b.** ☐ I am now in Immigration Court proceedings.  **c.** ☒ I am **not** now in Immigration Court proceedings, but I have been in the past.

**19.** *Complete 19 a through c.*

**a.** When did you last leave your country? *(mm/dd/yyyy)*  11/2021  **b.** What is your current I-94 Number, if any?  N/A

**c.** List each entry into the U.S. beginning with your most recent entry.  *List date (mm/dd/yyyy), place, and your status for each entry. (Attach additional sheets as needed.)*

| Date | Place | Status | Date Status Expires |
|---|---|---|---|
| 12/04/2021 | Hidalgo, Texas | EWI | N/A |
| N/A | N/A | N/A | |
| N/A | N/A | N/A | |

| **20.** What country issued your last passport or travel document? | **21.** Passport Number  G279622 | **22.** Expiration Date *(mm/dd/yyyy)* |
|---|---|---|
| Honduras | Travel Document Number  N/A | Unknown |

| **23.** What is your native language *(include dialect, if applicable)?* | **24.** Are you fluent in English?  ☐ Yes  ☒ No | **25.** What other languages do you speak fluently?  N/A |
|---|---|---|
| Spanish | | |

## Part A.II. Information About Your Spouse and Children

| For EOIR use only. | For USCIS use only. | Action: Interview Date: _____ Asylum Officer ID No.: _____ | Decision: Approval Date: _____ Denial Date: _____ Referral Date: _____ |
|---|---|---|---|

**Your spouse**  ☐ I am not married. (Skip to **Your Children** below.)

| 1. Alien Registration Number (A-Number) (if any) 220908451 | 2. Passport/ID Card Number (if any) F528871 | 3. Date of Birth (mm/dd/yyyy) 07/27/1989 | 4. U.S. Social Security Number (if any) N/A |
|---|---|---|---|
| 5. Complete Last Name Murillo Avila | 6. First Name Victor | 7. Middle Name Emilio | 8. Other names used (include maiden name and aliases) N/A |
| 9. Date of Marriage (mm/dd/yyyy) 04/29/2021 | 10. Place of Marriage Tocoa Colon Honduras | 11. City and Country of Birth Tocoa Colon Honduras | |
| 12. Nationality (Citizenship) Honduras | 13. Race, Ethnic, or Tribal Group Latino | 14. Sex ☒ Male  ☐ Female | |

**15.** Is this person in the U.S.?  ☒ Yes (Complete Blocks 16 to 24.)  ☐ No (Specify location): N/A

| 16. Place of last entry into the U.S. Texas | 17. Date of last entry into the U.S. (mm/dd/yyyy) 12/07/2021 | 18. I-94 Number (if any) N/A | 19. Status when last admitted (Visa type, if any) EWI |
|---|---|---|---|
| 20. What is your spouse's current status? No status | 21. What is the expiration date of his/her authorized stay, if any? (mm/dd/yyyy) N/A | 22. Is your spouse in Immigration Court proceedings? ☐ Yes  ☒ No | 23. If previously in the U.S., date of previous arrival (mm/dd/yyyy) N/A |

**24.** If in the U.S., is your spouse to be included in this application? (Check the appropriate box.)
☒ Yes
☐ No

**Your Children.** List **all** of your children, regardless of age, location, or marital status.

☒ I do not have any children. (Skip to Part A.III., Information about your background.)

☐ I have children. Total number of children: N/A

(**NOTE:** Use Form I-589 Supplement A or attach additional sheets of paper and documentation if you have more than four children.)

| 1. Alien Registration Number (A-Number) (if any) 220908448 | 2. Passport/ID Card Number (if any) N/A | 3. Marital Status (Married, Single, Divorced, Widowed) Single | 4. U.S. Social Security Number (if any) N/A |
|---|---|---|---|
| 5. Complete Last Name ████████ | 6. First Name ████ | 7. Middle Name ████ | 8. Date of Birth (mm/dd/yyyy) ████ |
| 9. City and Country of Birth Tocoa Colon, Honduras | 10. Nationality (Citizenship) Honduras | 11. Race, Ethnic, or Tribal Group Latino | 12. Sex ☐ Male  ☒ Female |

**13.** Is this child in the U.S.?  ☒ Yes (Complete Blocks 14 to 21.)  ☐ No (Specify location): N/A

| 14. Place of last entry into the U.S. Texas | 15. Date of last entry into the U.S. (mm/dd/yyyy) 12/07/2021 | 16. I-94 Number (If any) N/A | 17. Status when last admitted (Visa type, if any) EWI |
|---|---|---|---|
| 18. What is your child's current status? Pending SIJ | 19. What is the expiration date of his/her authorized stay, if any? (mm/dd/yyyy) N/A | 20. Is your child in Immigration Court proceedings? ☐ Yes  ☒ No | |

**21.** If in the U.S., is this child to be included in this application? (Check the appropriate box.)
☒ Yes
☐ No

## Part A.II. Information About Your Spouse and Children (continued)

| 1. Alien Registration Number (A-Number) *(if any)* | 2. Passport/ID Card Number *(if any)* | 3. Marital Status *(Married, Single, Divorced, Widowed)* | 4. U.S. Social Security Number *(if any)* |
|---|---|---|---|
| 220908449 | N/A | Single | N/A |

| 5. Complete Last Name | 6. First Name | 7. Middle Name | 8. Date of Birth *(mm/dd/yyyy)* |
|---|---|---|---|
| ███████████ | ████ | ██████ | ██████ |

| 9. City and Country of Birth | 10. Nationality *(Citizenship)* | 11. Race, Ethnic, or Tribal Group | 12. Sex |
|---|---|---|---|
| Tocoa Colon, Honduras | Honduras | Latino | ☐ Male  ☒ Female |

**13. Is this child in the U.S.?** ☒ Yes *(Complete Blocks 14 to 21.)*  ☐ No *(Specify location):* N/A

| 14. Place of last entry into the U.S. | 15. Date of last entry into the U.S. *(mm/dd/yyyy)* | 16. I-94 Number *(If any)* | 17. Status when last admitted *(Visa type, if any)* |
|---|---|---|---|
| Texas | 12/07/2021 | N/A | EWI |

| 18. What is your child's current status? | 19. What is the expiration date of his/her authorized stay, if any? *(mm/dd/yyyy)* | 20. Is your child in Immigration Court proceedings? |
|---|---|---|
| No status | N/A | ☐ Yes  ☒ No |

**21. If in the U.S., is this child to be included in this application?** *(Check the appropriate box.)*
☒ Yes
☐ No

| 1. Alien Registration Number (A-Number) *(if any)* | 2. Passport/ID Card Number *(if any)* | 3. Marital Status *(Married, Single, Divorced, Widowed)* | 4. U.S. Social Security Number *(if any)* |
|---|---|---|---|
| N/A | A29977738 | Single | N/A |

| 5. Complete Last Name | 6. First Name | 7. Middle Name | 8. Date of Birth *(mm/dd/yyyy)* |
|---|---|---|---|
| ███████████ | ████ | ██████ | ██████ |

| 9. City and Country of Birth | 10. Nationality *(Citizenship)* | 11. Race, Ethnic, or Tribal Group | 12. Sex |
|---|---|---|---|
| New Bedford, MA | United States | Latino | ☐ Male  ☒ Female |

**13. Is this child in the U.S.?** ☒ Yes *(Complete Blocks 14 to 21.)*  ☐ No *(Specify location):* N/A

| 14. Place of last entry into the U.S. | 15. Date of last entry into the U.S. *(mm/dd/yyyy)* | 16. I-94 Number *(If any)* | 17. Status when last admitted *(Visa type, if any)* |
|---|---|---|---|
| N/A | N/A | N/A | N/A |

| 18. What is your child's current status? | 19. What is the expiration date of his/her authorized stay, if any? *(mm/dd/yyyy)* | 20. Is your child in Immigration Court proceedings? |
|---|---|---|
| USC | N/A | ☐ Yes  ☐ No |

**21. If in the U.S., is this child to be included in this application?** *(Check the appropriate box.)*
☐ Yes
☒ No

| 1. Alien Registration Number (A-Number) *(if any)* | 2. Passport/ID Card Number *(if any)* | 3. Marital Status *(Married, Single, Divorced, Widowed)* | 4. U.S. Social Security Number *(if any)* |
|---|---|---|---|
| N/A | N/A | N/A | N/A |

| 5. Complete Last Name | 6. First Name | 7. Middle Name | 8. Date of Birth *(mm/dd/yyyy)* |
|---|---|---|---|
| N/A | N/A | N/A | N/A |

| 9. City and Country of Birth | 10. Nationality *(Citizenship)* | 11. Race, Ethnic, or Tribal Group | 12. Sex |
|---|---|---|---|
| N/A | N/A | N/A | ☐ Male  ☐ Female |

**13. Is this child in the U.S.?** ☐ Yes *(Complete Blocks 14 to 21.)*  ☐ No *(Specify location):* N/A

| 14. Place of last entry into the U.S. | 15. Date of last entry into the U.S. *(mm/dd/yyyy)* | 16. I-94 Number *(If any)* | 17. Status when last admitted *(Visa type, if any)* |
|---|---|---|---|
| N/A | N/A | N/A | N/A |

| 18. What is your child's current status? | 19. What is the expiration date of his/her authorized stay, if any? *(mm/dd/yyyy)* | 20. Is your child in Immigration Court proceedings? |
|---|---|---|
| N/A | N/A | ☐ Yes  ☐ No |

**21. If in the U.S., is this child to be included in this application?** *(Check the appropriate box.)*
☐ Yes
☐ No

## Part A.III. Information About Your Background

**1.** List your last address where you lived before coming to the United States. If this is not the country where you fear persecution, also list the last address in the country where you fear persecution. *(List Address, City/Town, Department, Province, or State and Country.)*
(**NOTE:** *Use Form I-589 Supplement B, or additional sheets of paper, if necessary.*)

| Number and Street *(Provide if available)* | City/Town | Department, Province, or State | Country | Dates From *(Mo/Yr)* | To *(Mo/Yr)* |
|---|---|---|---|---|---|
| Barrio Tamarindo | Taujica | Colon | Honduras | 04/2021 | 12/07/2021 |
| N/A | N/A | N/A | N/A | N/A | N/A |

**2.** Provide the following information about your residences during the past 5 years. List your present address first.
(**NOTE:** *Use Form I-589 Supplement B, or additional sheets of paper, if necessary.*)

| Number and Street | City/Town | Department, Province, or State | Country | Dates From *(Mo/Yr)* | To *(Mo/Yr)* |
|---|---|---|---|---|---|
| 100 Peckham ST | New Bedford | MA | US | 11/2023 | present |
| 236 County Street Apt 2 | New Bedford | MA | US | 12/07/2021 | 11/2023 |
| N/A | N/A | N/A | N/A | N/A | N/A |
| N/A | N/A | N/A | N/A | N/A | N/A |
| N/A | N/A | N/A | N/A | N/A | N/A |

**3.** Provide the following information about your education, beginning with the most recent school that you attended.
(**NOTE:** *Use Form I-589 Supplement B, or additional sheets of paper, if necessary.*)

| Name of School | Type of School | Location *(Address)* | Attended From *(Mo/Yr)* | To *(Mo/Yr)* |
|---|---|---|---|---|
| Instituto Ramon Rosa | College | Honduras | Unknown | Unknown |
| Escuela Ramon Rosa | Elementary-High School | Honduras | Unknown | Unknown |
| N/A | N/A | N/A | N/A | N/A |
| N/A | N/A | N/A | N/A | N/A |

**4.** Provide the following information about your employment during the past 5 years. List your present employment first.
(**NOTE:** *Use Form I-589 Supplement B, or additional sheets of paper, if necessary.*)

| Name and Address of Employer | Your Occupation | Dates From *(Mo/Yr)* | To *(Mo/Yr)* |
|---|---|---|---|
| Instituto Nacional Agrario de Honduras, | Technical Assistant | 2016 | 2021 |
| Honduran National Government | N/A | N/A | N/A |
| N/A | N/A | N/A | N/A |

**5.** Provide the following information about your parents and siblings (brothers and sisters). Check the box if the person is deceased.
(**NOTE:** *Use Form I-589 Supplement B, or additional sheets of paper, if necessary.*)

| | Full Name | City/Town and Country of Birth | Current Location |
|---|---|---|---|
| *Mother* | Amalia Romero Jimenez | Tocoa Colon, Honduras | ☐ Deceased  New Beford, MA |
| *Father* | Jose de Jesus Aguiriano | Tocoa Colon, Honduras | ☒ Deceased  N/A |
| *Sibling* | Delmi Aguiriano Romero | Tocoa Colon, Honduras | ☐ Deceased  MA |
| *Sibling* | Lesly Aguiriano Romero | Tocoa Colon, Honduras | ☐ Deceased  New Beford, MA |
| *Sibling* | Jaime Aguiriano Romero | Tocoa Colon, Honduras | ☐ Deceased  MA |
| *Sibling* | Elvin Aguiriano Romero | Tocoa Colon, Honduras | ☐ Deceased  Honduras |

## Part B. Information About Your Application

(**NOTE:** *Use Form I-589 Supplement B, or attach additional sheets of paper as needed to complete your responses to the questions contained in Part B.*)

When answering the following questions about your asylum or other protection claim (withholding of removal under 241(b)(3) of the INA or withholding of removal under the Convention Against Torture), you must provide a detailed and specific account of the basis of your claim to asylum or other protection. To the best of your ability, provide specific dates, places, and descriptions about each event or action described. You must attach documents evidencing the general conditions in the country from which you are seeking asylum or other protection and the specific facts on which you are relying to support your claim. If this documentation is unavailable or you are not providing this documentation with your application, explain why in your responses to the following questions.

Refer to Instructions, Part 1: Filing Instructions, Section II, "Basis of Eligibility," Parts A - D, Section V, Completing the Form," Part B, and Section VII, "Additional Evidence That You Should Submit," for more information on completing this section of the form.

1.  Why are you applying for asylum or withholding of removal under section 241(b)(3) of the INA, or for withholding of removal under the Convention Against Torture? Check the appropriate box(es) below and then provide detailed answers to questions A and B below.

    I am seeking asylum or withholding of removal based on:

    | | | | |
    |---|---|---|---|
    | ☐ | Race | ☒ | Political opinion |
    | ☐ | Religion | ☒ | Membership in a particular social group |
    | ☐ | Nationality | ☒ | Torture Convention |

**A.** Have you, your family, or close friends or colleagues ever experienced harm or mistreatment or threats in the past by anyone?

☐ No    ☒ Yes

If "Yes," explain in detail:
1.  What happened;
2.  When the harm or mistreatment or threats occurred;
3.  Who caused the harm or mistreatment or threats; and
4.  Why you believe the harm or mistreatment or threats occurred.

> Yes, when I was working within the government as a technical assistant. I was sexually assaulted by violent and dangerous members of the opposing political party, Partido Libre. After transferring to a different department, these men continued threatening me in my home. They threw explosive fireworks into our house. My brother-in-law and cousin were shot and killed in a drive-by shooting. When I moved in with my husband, members of this group regularly broke into our house. Once, they even stabbed my husband with a knife. Please see my declaration for more detailed information.

**B.** Do you fear harm or mistreatment if you return to your home country?

☐ No    ☒ Yes

If "Yes," explain in detail:
1.  What harm or mistreatment you fear;
2.  Who you believe would harm or mistreat you; and
3.  Why you believe you would or could be harmed or mistreated.

> Yes, I am afraid that if I am forced to return to Honduras I will be harmed and killed by the dangerous members of the Partido Libre. With this year being an election year, I fear that my family and I will suffer serious violence.
>
> My family relocated once in Honduras and we were still found and attacked by members of Partido Libre.   If I returned, the would be able to find me again.
>
> Please see my declaration for more detailed information.

## Part B. Information About Your Application (continued)

**2.** Have you or your family members ever been accused, charged, arrested, detained, interrogated, convicted and sentenced, or imprisoned in any country other than the United States (including for an immigration law violation)?

☒ No    ☐ Yes

If "Yes," explain the circumstances and reasons for the action.

> N/A

**3.A.** Have you or your family members ever belonged to or been associated with any organizations or groups in your home country, such as, but not limited to, a political party, student group, labor union, religious organization, military or paramilitary group, civil patrol, guerrilla organization, ethnic group, human rights group, or the press or media?

☐ No    ☒ Yes

If "Yes," describe for each person the level of participation, any leadership or other positions held, and the length of time you or your family members were involved in each organization or activity.

> Yes, my family and I were actively involved in the Honduran political party, Partido Nacional. Please see my declaration for more detailed information.

**3.B.** Do you or your family members continue to participate in any way in these organizations or groups?

☐ No    ☒ Yes

If "Yes," describe for each person your or your family members' current level of participation, any leadership or other positions currently held, and the length of time you or your family members have been involved in each organization or group.

> Yes, I was a youth coordinator for the Partido Nacional. I was in charge of mobilizing young people to vote. I hosted meetings at my house.  Please see my declaration for more detailed information.

**4.** Are you afraid of being subjected to torture in your home country or any other country to which you may be returned?

☐ No    ☒ Yes

If "Yes," explain why you are afraid and describe the nature of torture you fear, by whom, and why it would be inflicted.

> Yes, I am afraid that I will be harmed or killed if I am forced to return to Honduras. Please see my declaration for more detailed information

## Part C. Additional Information About Your Application

(**NOTE:** *Use Form I-589 Supplement B, or attach additional sheets of paper as needed to complete your responses to the questions contained in Part C.*)

1. Have you, your spouse, your child(ren), your parents or your siblings ever applied to the U.S. Government for refugee status, asylum, or withholding of removal?

☐ No    ☒ Yes

If "Yes," explain the decision and what happened to any status you, your spouse, your child(ren), your parents, or your siblings received as a result of that decision. Indicate whether or not you were included in a parent or spouse's application. If so, include your parent or spouse's A-number in your response. If you have been denied asylum by an immigration judge or the Board of Immigration Appeals, describe any change(s) in conditions in your country or your own personal circumstances since the date of the denial that may affect your eligibility for asylum.

> Yes, my husband, my two oldest daughters, and I applied for asylum around June of 2022. We were issued a final order of removal on May 5, 2023. Due to ineffective assistance of counsel, the past harm, threats, and violence that I suffered were not included in the original application. Additionally, because of changed country conditions in Honduras, particularly the ongoing gang violence and the upcoming elections in November of 2025, we are seeking to reopen our case. Please see my declaration for more detailed information.

2.A. After leaving the country from which you are claiming asylum, did you or your spouse or child(ren) who are now in the United States travel through or reside in any other country before entering the United States?

☐ No    ☒ Yes

2.B. Have you, your spouse, your child(ren), or other family members, such as your parents or siblings, ever applied for or received any lawful status in any country other than the one from which you are now claiming asylum?

☒ No    ☐ Yes

If "Yes" to either or both questions (2A and/or 2B), provide for each person the following: the name of each country and the length of stay, the person's status while there, the reasons for leaving, whether or not the person is entitled to return for lawful residence purposes, and whether the person applied for refugee status or for asylum while there, and if not, why he or she did not do so.

> On our way to the United States, we traveled through Guatemala and Mexico.

3. Have you, your spouse or your child(ren) ever ordered, incited, assisted or otherwise participated in causing harm or suffering to any person because of his or her race, religion, nationality, membership in a particular social group or belief in a particular political opinion?

☒ No    ☐ Yes

If "Yes," describe in detail each such incident and your own, your spouse's, or your child(ren)'s involvement.

> N/A

**Part C. Additional Information About Your Application** (continued)

4. After you left the country where you were harmed or fear harm, did you return to that country?

   ☒ No          ☐ Yes

   If "Yes," describe in detail the circumstances of your visit(s) (for example, the date(s) of the trip(s), the purpose(s) of the trip(s), and the length of time you remained in that country for the visit(s).)

   N/A

5. Are you filing this application more than 1 year after your last arrival in the United States?

   ☐ No          ☒ Yes

   If "Yes," explain why you did not file within the first year after you arrived. You must be prepared to explain at your interview or hearing why you did not file your asylum application within the first year after you arrived. For guidance in answering this question, see Instructions, Part 1: Filing Instructions, Section V. "Completing the Form," Part C.

   I originally was included as a derivative on my husband's timely filed asylum application. I am now seeking to reopen my case.

6. Have you or any member of your family included in the application ever committed any crime and/or been arrested, charged, convicted, or sentenced for any crimes in the United States (including for an immigration law violation)?

   ☒ No          ☐ Yes

   If "Yes," for each instance, specify in your response: what occurred and the circumstances, dates, length of sentence received, location, the duration of the detention or imprisonment, reason(s) for the detention or conviction, any formal charges that were lodged against you or your relatives included in your application, and the reason(s) for release. Attach documents referring to these incidents, if they are available, or an explanation of why documents are not available.

   Yes, I was detained by ICE on 06/03 at my check-in.

## Part D. Your Signature

I certify, under penalty of perjury under the laws of the United States of America, that this application and the evidence submitted with it are all true and correct. Title 18, United States Code, Section 1546(a), provides in part: Whoever knowingly makes under oath, or as permitted under penalty of perjury under Section 1746 of Title 28, United States Code, knowingly subscribes as true, any false statement with respect to a material fact in any application, affidavit, or other document required by the immigration laws or regulations prescribed thereunder, or knowingly presents any such application, affidavit, or other document containing any such false statement or which fails to contain any reasonable basis in law or fact - shall be fined in accordance with this title or imprisoned for up to 25 years. I certify that I am physically present in the United States or seeking admission at a Port of Entry when I execute this application. I authorize the release of any information from my immigration record that U.S. Citizenship and Immigration Services (USCIS) needs to determine eligibility for the benefit I am seeking.

*WARNING:* Applicants who are in the United States unlawfully are subject to removal if their asylum or withholding claims are not granted by an asylum officer or an immigration judge. Any information provided in completing this application may be used as a basis for the institution of, or as evidence in, removal proceedings even if the application is later withdrawn. Applicants determined to have knowingly made a frivolous application for asylum will be permanently ineligible for any benefits under the Immigration and Nationality Act. You may not avoid a frivolous finding simply because someone advised you to provide false information in your asylum application. If filing with USCIS, unexcused failure to appear for an appointment to provide biometrics (such as fingerprints) and your biographical information within the time allowed may result in an asylum officer dismissing your asylum application or referring it to an immigration judge. Failure without good cause to provide DHS with biometrics or other biographical information while in removal proceedings may result in your application being found abandoned by the immigration judge. See sections 208(d)(5)(A) and 208(d)(6) of the INA and 8 CFR sections 208.10, 1208.10, 208.20, 1003.47(d) and 1208.20.

| Print your complete name. | Write your name in your native alphabet. |
|---|---|
| Yury Melissa Aguiriano Romero | |

Did your spouse, parent, or child(ren) assist you in completing this application?  ☐ No   ☐ Yes *(If "Yes," list the name and relationship.)*

| N/A | N/A | N/A | N/A |
|---|---|---|---|
| *(Name)* | *(Relationship)* | *(Name)* | *(Relationship)* |

Did someone other than your spouse, parent, or child(ren) prepare this application?  ☐ No   ☒ Yes *(If "Yes," complete Part E.)*

Asylum applicants may be represented by counsel. Have you been provided with a list of persons who may be available to assist you, at little or no cost, with your asylum claim?  ☐ No   ☐ Yes

Signature of Applicant *(The person in Part. A.I.)*

➡ [                                                      ]
　　　 Sign your name so it all appears within the brackets                    Date (mm/dd/yyyy)

## Part E. Declaration of Person Preparing Form, if Other Than Applicant, Spouse, Parent, or Child

I declare that I have prepared this application at the request of the person named in Part D, that the responses provided are based on all information of which I have knowledge, or which was provided to me by the applicant, and that the completed application was read to the applicant in his or her native language or a language he or she understands for verification before he or she signed the application in my presence. I am aware that the knowing placement of false information on the Form I-589 may also subject me to civil penalties under 8 U.S.C. 1324c and/or criminal penalties under 18 U.S.C. 1546(a).

| Signature of Preparer | Print Complete Name of Preparer |
|---|---|
| *Robin Nice* (signature) | Robin Nice |

| Daytime Telephone Number | Address of Preparer: Street Number and Name |
|---|---|
| ( 617 ) 7028921 | 6 Beacon Street |

| Apt. Number | City | State | Zip Code |
|---|---|---|---|
| 720 | Boston | MA | 02108 |

| To be completed by an attorney or accredited representative (if any). | ☒ Select this box if Form G-28 is attached. | Attorney State Bar Number (if applicable) | Attorney or Accredited Representative USCIS Online Account Number (if any) |
|---|---|---|---|
| | | 684512 | 0 5 7 1 3 0 0 1 4 2 5 8 |

## Part F. To Be Completed at Asylum Interview, if Applicable

**NOTE:** *You will be asked to complete this part when you appear for examination before an asylum officer of the Department of Homeland Security, U.S. Citizenship and Immigration Services (USCIS).*

I swear (affirm) that I know the contents of this application that I am signing, including the attached documents and supplements, that they are ☐ all true or ☐ not all true to the best of my knowledge and that correction(s) numbered _____ to _____ were made by me or at my request. Furthermore, I am aware that if I am determined to have knowingly made a frivolous application for asylum I will be permanently ineligible for any benefits under the Immigration and Nationality Act, and that I may not avoid a frivolous finding simply because someone advised me to provide false information in my asylum application.

Signed and sworn to before me by the above named applicant on:

_____
Signature of Applicant

_____
Date *(mm/dd/yyyy)*

_____
Write Your Name in Your Native Alphabet

_____
Signature of Asylum Officer

## Part G. To Be Completed at Removal Hearing, if Applicable

**NOTE:** *You will be asked to complete this Part when you appear before an immigration judge of the U.S. Department of Justice, Executive Office for Immigration Review (EOIR), for a hearing.*

I swear (affirm) that I know the contents of this application that I am signing, including the attached documents and supplements, that they are ☐ all true or ☐ not all true to the best of my knowledge and that correction(s) numbered _____ to _____ were made by me or at my request. Furthermore, I am aware that if I am determined to have knowingly made a frivolous application for asylum I will be permanently ineligible for any benefits under the Immigration and Nationality Act, and that I may not avoid a frivolous finding simply because someone advised me to provide false information in my asylum application.

Signed and sworn to before me by the above named applicant on:

_____
Signature of Applicant

_____
Date *(mm/dd/yyyy)*

_____
Write Your Name in Your Native Alphabet

_____
Signature of Immigration Judge



# Application for Asylum and for Withholding of Removal Supplement A

### Department of Homeland Security
U.S. Citizenship and Immigration Services

**USCIS**
**Form I-589**
OMB No. 1615-0069
Expires 09/30/2027

| A-Number *(If available)* | Date |
|---|---|
| 220908450 | |

| Applicant's Name | Applicant's Signature |
|---|---|
| Yury Melissa Aguiriano Romero | |

## List All of Your Children, Regardless of Age or Marital Status
**(NOTE:** *Use this form and attach additional pages and documentation as needed, if you have more than four children)*

| **1.** Alien Registration Number (A-Number) *(if any)* | **2.** Passport/ID Card Number *(if any)* | **3.** Marital Status *(Married, Single, Divorced, Widowed)* | **4.** U.S. Social Security Number *(if any)* |
|---|---|---|---|
| N/A | N/A | N/A | N/A |

| **5.** Complete Last Name | **6.** First Name | **7.** Middle Name | **8.** Date of Birth *(mm/dd/yyyy)* |
|---|---|---|---|
| N/A | N/A | N/A | N/A |

| **9.** City and Country of Birth | **10.** Nationality *(Citizenship)* | **11.** Race, Ethnic, or Tribal Group | **12.** Sex |
|---|---|---|---|
| N/A | N/A | N/A | ☐ Male   ☐ Female |

**13.** Is this child in the U.S. ?   ☐ Yes *(Complete Blocks 14 to 21.)*   ☐ No *(Specify location)*:   N/A

| **14.** Place of last entry into the U.S. | **15.** Date of last entry into the U.S. *(mm/dd/yyyy)* | **16.** I-94 Number *(If any)* | **17.** Status when last admitted *(Visa type, if any)* |
|---|---|---|---|
| N/A | N/A | N/A | N/A |

| **18.** What is your child's current status? | **19.** What is the expiration date of his/her authorized stay, if any? *(mm/dd/yyyy)* | **20.** Is your child in Immigration Court proceedings? |
|---|---|---|
| N/A | N/A | ☐ Yes   ☐ No |

**21.** If in the U.S., is this child to be included in this application?  *(Check the appropriate box.)*
☐ Yes
☐ No

| **1.** Alien Registration Number (A-Number) *(if any)* | **2.** Passport/ID Card Number *(if any)* | **3.** Marital Status *(Married, Single, Divorced, Widowed)* | **4.** U.S. Social Security Number *(if any)* |
|---|---|---|---|
| N/A | N/A | N/A | N/A |

| **5.** Complete Last Name | **6.** First Name | **7.** Middle Name | **8.** Date of Birth *(mm/dd/yyyy)* |
|---|---|---|---|
| N/A | N/A | N/A | N/A |

| **9.** City and Country of Birth | **10.** Nationality *(Citizenship)* | **11.** Race, Ethnic, or Tribal Group | **12.** Sex |
|---|---|---|---|
| N/A | N/A | N/A | ☐ Male   ☐ Female |

**13.** Is this child in the U.S. ?   ☐ Yes *(Complete Blocks 14 to 21.)*   ☐ No *(Specify location)*:   N/A

| **14.** Place of last entry into the U.S. | **15.** Date of last entry into the U.S. *(mm/dd/yyyy)* | **16.** I-94 Number *(If any)* | **17.** Status when last admitted *(Visa type, if any)* |
|---|---|---|---|
| N/A | N/A | N/A | N/A |

| **18.** What is your child's current status? | **19.** What is the expiration date of his/her authorized stay, if any? *(mm/dd/yyyy)* | **20.** Is your child in Immigration Court proceedings? |
|---|---|---|
| N/A | N/A | ☐ Yes   ☐ No |

**21.** If in the U.S., is this child to be included in this application?  *(Check the appropriate box.)*
☐ Yes
☐ No



### Application for Asylum and for
### Withholding of Removal Supplement B

**Department of Homeland Security**
U.S. Citizenship and Immigration Services

**USCIS**
**Form I-589**
OMB No. 1615-0069
Expires 09/30/2027

| Additional Information About Your Claim to Asylum | |
|---|---|
| A-Number *(if available)*<br>220908450 | Date |
| Applicant's Name<br>Yury Melissa Aguiriano Romero | Applicant's Signature |

**NOTE:** *Use this as a continuation page for any additional information requested.  Copy and complete as needed.*

Part    N/A

Question   N/A

N/A

# Tab D



REPÚBLICA DE HONDURAS

PASAPORTE
PASSPORT

| Tipo / Type | País emisor / Issuing State | Pasaporte No. / Passport No. |
| P | HND | G279622 |

Apellidos / Surname
AGUIRIANO ROMERO

Nacionalidad / Nationality
HONDUREÑA

Nombres / Given name
YURY MELISSA

Fecha de nacimiento / Date of Birth
05 ABR/APR 1989

Cédula de Identidad / I.D. No.
0209-1989-02126

Sexo / Sex
F

Fecha de emisión / Date of Issue
11 FEB/FEB 2021

Lugar de Nacimiento / Place of Birth
HONDURAS

Fecha de vencimiento / Date of Expiry
11 FEB/FEB 2031

Autoridad emisora / Authority of Issue:
INSTITUTO NACIONAL DE MIGRACIÓN

P<HNDAGUIRIANO<ROMERO<<YURY<MELISSA<<<<<<<<<
G279622<<2HND8904056F3102112020919890 2126<58

21

# Tab E

#403823 # M O T A W O R D                                   June 24, 2025

## CERTIFICATE OF TRANSLATION

I, Mark Rogers, am competent to translate from Spanish language into English and certify that the translation of:

-   Letter of Support

is complete and accurate.

*Mark Rogers*

State of New York
County of New York
SWORN TO BEFORE ME THIS
24th day of June, 2025




Digitally signed by:

**Evren M. Ay -** Notary Public


**ATA**
Corporate Member


**ITI**
Corporate Member


**AILA**
Member Benefits


**SOC 2**
Certification


**110+**
Languages

MotaWord, LLC. **|** 66 Wynnewood Lane, Stamford, CT 06903
Tel: (646) 751-7561 | info@motaword.com
www.motaword.com
22

[Logo] sitraina          **UNION OF WORKERS OF THE NATIONAL AGRARIAN INSTITUTE**

| |
|---|
| **SECTIONS THROUGHOUT THE COUNTRY** |
| No. 1 Choluteca No. 2 San Pedro Sula No. 3 Bajo Aguan No. 4 Danli No. 5 Tegucigalpa No. 6 Juticalpa No. 7 La Ceiba No. 8 Comayagua No. 9 Santa Rosa de Copan |

**CERTIFICATION**

The undersigned Recording Secretary of the Board of Directors, Section Number 3, of the Union of Workers of the National Agrarian Institute, **SITRAINA**, headquartered in the village of Sinaloa, municipality of Tocoa, department of Colon, **HEREBY CERTIFIES THAT: YURY MELISSA AGUIRIANO ROMERO**, with National Identification Document number **0209-1989-02126**, has been a member of Section Number 3 since **SEPTEMBER 2, 2019**, as recorded in the membership registry book maintained by this Section.

For the corresponding legal purposes, I sign and seal this Certification in Sinaloa, municipality of Tocoa, department of Colon, on June 10 2025.

[Stamp and Signature]
**ATTY. JOSE REYES SERRANO MUNOZ**
**RECORDING SECRETARY**
**SECTION NO. 3**

---

**Work... is a right inherent to the human being. Union Unity... is the duty of every worker**
**Rights are not requested, they are won and defended.**
"F.U.T.H." 1st Ave., BETWEEN 7th AND 8th STREETS OF COMAYAGUELA, M.D.C., HOUSE No. 739, TEL/FAX: 2238-1649 "U.I.T.A."
Email: sitraina_1973@yahoo.es

Certified And Notarized Copy for #403823. For questions, contact info@motaword.com.

**23**

# sitraina SINDICATO
# DE TRABAJADORES DEL INSTITUTO NACIONAL AGRARIO

**SECCIONALES EN TODO EL PAÍS**

*No. 1 Choluteca,  *No. 2 San Pedro Sula  *No. 3  Bajo Aguán  *No. 4  Danli  *No. 5  Tegucigalpa  *No. 6  Juticalpa
*No. 7  La Ceiba  *No. 8  Comayagua  *No. 9  Santa Rosa de Copán

## CONSTANCIA

El suscrito secretario de Actas de la Junta Directiva Seccional Número 3. Del Sindicato

de Trabajadores del Instituto Nacional Agrario **SITRAINA**, con sede en la aldea Sinaloa,

municipio de Tocoa, departamento de Colón, **HACE CONSTAR QUE: YURY**

**MELISSA AGUIRIANO ROMERO,** con Documento Nacional de Identificación

número **0209-1989-02126,** fue afiliada a la seccional número 3. Desde el **02 DE**

**SEPTIEMBRE DEL AÑO 2019,** según consta en el libro de registro de afiliados, que a

efecto lleva esta Seccional.

Y para los fines legales correspondientes firmo y sello la presente Constancia, en Sinaloa,

municipio de Tocoa, departamento de Colón, a los diez días del mes de junio del año dos

mil veinticinco.

**ABOG. JOSE REYES SERRANO MUÑOZ**
**SECRETARIO DE ACTAS**
**SECCIONAL N. 3.**

**El Trabajo...es un derecho inherente al ser humano. La Unidad Sindical...es deber de todo trabajador**
**Los derechos no se piden, se conquistan y se defienden.**
"F. U. T. H." 1ra. AVE., ENTRE 7 Y 8 CALLES DE COMAYAGÜELA, M. D. C., CASA No. 739, TEL/FAX; 2238-1649 "U. I. T. A."
Correo Electrónico: sitraina_1973@yahoo.es

Certified And Notarized Copy for #403823. For questions, contact info@motaword.com.

**24**

Escaneado con CamScanner

#403823    **M O T A W O R D**    June 24, 2025

## <u>CERTIFICATE OF TRANSLATION</u>

I, Mark Rogers, am competent to translate from Spanish language into English and certify that the translation of:

- Letter of Support

is complete and accurate.

*Mark Rogers*

State of New York
County of New York
SWORN TO BEFORE ME THIS
24th day of June, 2025




Digitally signed by:

**Evren M. Ay -** Notary Public


**ATA**
Corporate Member


**ITI**
Corporate Member


**AILA**
Member Benefits


**SOC 2**
Certification


**110+**
Languages

MotaWord, LLC. **|** 66 Wynnewood Lane, Stamford, CT 06903
Tel: (646) 751-7561 | info@motaword.com
www.motaword.com
**25**

[Logo] Network Against Anti-Union Violence

**CERTIFICATION**

**TO WHOM IT MAY CONCERN:**

Through this letter, the Network Against Anti-Union Violence HEREBY CERTIFIES THAT: Ms. **YURI MELISSA AGUIRIANO ROMERO** was part of this organization, specifically its regional branch in Aguan, representing the Union of Workers of the National Agrarian Institute (SITRAINA), during the period 2017–2020.

During the aforementioned years, Ms. Aguiriano Romero participated in various activities aimed at preventing violence and harassment with anti-union purposes.

For any use the bearer deems appropriate, this certification is issued in the city of Tegucigalpa, MDC, on June 8, 2025.

[Stamp and Signature]
JORGE ROBERTO HERNANDEZ
**NETWORK AGAINST ANTI-UNION VIOLENCE**

Certified And Notarized Copy for #403823. For questions, contact info@motaword.com.



Certified And Notarized Copy for #403823. For questions, contact info@motaword.com.



# CONSTANCIA

**A QUIEN CORRESPONDA:**

Por medio de la presente, la Red contra la Violencia Antisindical HACE CONSTAR QUE: la señora **YURI MELISSA AGUIRIANO ROMERO**, formó parte de esta organización, específicamente de su regional del Aguán, en representación del Sindicato de Trabajadores del Instituto Nacional Agrario (SITRAINA), durante el período 2017-2020.

Durante los años en mención, la señora Aguiriano Romero participó en diversas actividades orientadas a la prevención de la violencia y el acoso con fines antisindicales.

Y para los fines que la persona estime conveniente, se extiende la presente en la ciudad de Tegucigalpa, MDC, a los ocho días del mes de junio de 2025.

JORGE ROBERTO HERNÁNDEZ
**RED CONTRA LA VIOLENCIA ANTISINDICAL**

# M O T A W O R D

## <u>CERTIFICATE OF TRANSLATION</u>

I, Mark Rogers, am competent to translate from Spanish language into English and certify that the translation of:

-   Letter of Support

is complete and accurate.

*Mark Rogers*

State of New York
County of New York
SWORN TO BEFORE ME THIS
24th day of June, 2025





**Evren M. Ay -** Notary Public











MotaWord, LLC. **|** 66 Wynnewood Lane, Stamford, CT 06903
Tel: (646) 751-7561 | info@motaword.com
www.motaword.com
28

[Logo] **COORDINATOR OF POPULAR ORGANIZATIONS OF THE AGUAN**
**COPA**
**TOCOA COLON, HONDURAS**
**Copaaguan@gmail.com**

## CERTIFICATION

**The Undersigned Coordinator of Popular Organizations of the Aguan (COPA).**
By the authority granted by law, **he hereby certifies that Yuri Melissa Aguiriano Romero, with DNI No. 0209-1989-02126**, is recorded in the affiliation registry of the Workers' Union of the National Agrarian Institute (SITRAINA). This same individual is affiliated with this coordinator, which is composed of twenty-six (26) grassroots organizations in the Aguan region of the department of Colon, Honduras. Yuri Melissa has demonstrated a strong commitment to the defense of labor and human rights and has worked tirelessly to make visible the violations of human and territorial rights that affect the communities of the region.

Yuri Melissa Aguiriano participated continuously in public complaints and protest actions against the government of Juan Orlando Hernandez, president of Honduras during the periods 2014–2018 and 2018–2022, due to the context of violence and situations of injustice and abuse that negatively impacted the inhabitants of the region, especially the rural farmers who demanded their right to land and were dispossessed by agroindustrial corporations in violation of Honduran law. Her work has been fundamental in promoting social awareness and community mobilization in the fight for justice and dignity. Furthermore, her activism through the labor union movement has allowed her to participate in training processes, regional forums, sharing her experience and knowledge to support the coordination of organizations. Because of all this, in her role as a defender of Labor and Human Rights, she was intimidated and threatened—along with her family—by unknown individuals who entered her home in Tocoa, Colon, with high-caliber firearms.

In the city of Tocoa, Colon, Honduras, on June 10, 2025, this document is issued. It is signed for whatever purpose may be deemed appropriate, and hereby certified, signed at the bottom of this document.

[Stamp and Signature]
**Esly Emperatriz Banegas**
**Coordinator of COPA**

Certified And Notarized Copy for #403823. For questions, contact info@motaword.com.

**29**



**COORDINADORA DE ORGANIZACIONES POPULARES DEL AGUAN**

# COPA

**TOCOA COLON, HONDURAS**
Copaaguan @gmail.com

### CONSTANCIA

**La Suscrita Coordinadora de Organizaciones Populares del Aguán (COPA).** En uso que la ley le confiere, **Hace constar**; **Que Yuri Melissa Aguiriano Romero con DNI, No. 0209-1989-02126** se encuentra en los registros del libro de afiliación del Sindicato de Trabajadores del Instituto Nacional Agrario ( SITRAINA) Mismo que esta afiliado a esta coordinadora que integramos veinte seis(26) organizaciones de base, en la región del Aguan del departamento de Colón, Honduras, Yuri Melissa ha demostrado un firme compromiso con la defensa de los derechos Laborales y humanos, ha trabajado incansablemente para visibilizar las violaciones a los derechos humanos y territoriales que afectan a las comunidades de la región.

Yuri Melissa Aguiriano participó permanentemente, en denuncias públicas y acciones de protesta en contra del gobierno de Juan Orlando Hernández, presidente de Honduras en el periodo del 2014-2018 – 2018-2022 por todo el contexto de violencia y situaciones de injusticia y abuso que han impactado negativamente a los habitantes de la región, más a los campesinos que demandan el derecho a la tierra y que fueron despojados por agroindustriales violando las leyes de Honduras. Su labor ha sido fundamental para promover la conciencia social y la movilización comunitaria en la lucha por la justicia y la dignidad. Además, su activismo desde el movimiento sindical le ha permitido participar en procesos de formación, Foros regionales, compartiendo su experiencia y conocimientos para la articulación de las organizaciones, por todo este contexto ejercido desde la labor de defensoría de Derechos Laborales y Humanos fue intimidada y amenazada junto a su entorno familiar, por personas desconocidas que entraron con armas de grueso calibre, a su casa de habitación en Tocoa Colón. .

En la ciudad de Tocoa Colón, Honduras, a los 10 días del mes de junio del 2025, se extiende el presente documento, Se firma para los fines que estime conveniente y se deja constancia, firmando al pie del presente.



**Esly Emperatriz Banegas**
**Coordinadora de COPA**

Certified And Notarized Copy for #403823. For questions, contact info@motaword.com.

**30**

# Tab F

# M O T A W O R D

### <u>CERTIFICATE OF TRANSLATION</u>

I, Mark Rogers, am competent to translate from Spanish language into English and certify that the translation of:

- Medical Certificate

is complete and accurate.

*Mark Rogers*

State of New York
County of New York
SWORN TO BEFORE ME THIS
24th day of June, 2025




Digitally signed by:

**Evren M. Ay -** Notary Public


**ATA**
Corporate Member


**ITI**
Corporate Member


**AILA**
Member Benefits


**SOC 2**
Certification


**110+**
Languages

MotaWord, LLC. **|** 66 Wynnewood Lane, Stamford, CT 06903
Tel: (646) 751-7561 | info@motaword.com
www.motaword.com

IN ACCORDANCE WITH THE LAW, ONLY ON PAPER AUTHORIZED, NUMBERED, AND LETTERHEADED BY THE MEDICAL COLLEGE OF HONDURAS, **MEDICAL CERTIFICATIONS** MUST BE ISSUED. NONCOMPLIANCE WITH THE ABOVE PROVISION SHALL RESULT IN SANCTIONS IN ACCORDANCE WITH THE ORGANIC LAW OF THE MEDICAL COLLEGE OF HONDURAS.

### MEDICAL COLLEGE OF HONDURAS

**MEDICAL CERTIFICATION**                                          **SERIES NO. 319978**

The undersigned, Doctor of Medicine and Surgery, Registered No. **2208118431**, Hereby CERTIFIES that **Victor Emilio Murillo Avila,** of **Honduran** nationality, **Male** sex, **Thirty-five years** of age, by profession or trade: **Police Officer** Marital Status: **Married,** Identification Card No.: **0209-1989-02886** Issued in: **Tocoa Colon, on November 5, 2021**

**By means of this document, it is hereby certified that Mr. Victor Emilio Murillo Avila was treated at the "CLIMEHO" Clinic on November 5, 2021, for an injury caused by a bladed weapon. He sustained a bladed weapon wound in the middle third of the right thigh. Surgical cleansing, suturing, and administration of antibiotics and analgesics were performed**.

This is issued for all legal purposes it may serve.

[Signature and Stamps]

**VALUE HNL 600.00**

Certified And Notarized Copy for #403823. For questions, contact info@motaword.com.

32

DE CONFORMIDAD CON LA LEY ÚNICAMENTE EN EL PAPEL AUTORIZADO QUE HAYA SIDO NUMERADO Y MEMBRETADO POR EL COLEGIO MÉDICO DE HONDURAS, SE DEBEN EXTENDER LAS **CERTIFICACIONES MÉDICAS**. LA CONTRAVENCIÓN A LA DISPOSICIÓN ANTERIOR DA LUGAR A SANCIONES DE ACUERDO CON LA LEY ORGÁNICA DEL COLEGIO MÉDICO DE HONDURAS.

## COLEGIO MEDICO DE HONDURAS

**CERTIFICACIÓN MÉDICA**                                SERIE N- 319978

El suscrito, Doctor en Medicina y Cirugía, Colegiado No. 2208113431

Por la presente CERTIFICA, que VICTOR EMILIO MURILLO AVILA

———————— de nacionalidad Hondureña    Sexo Masculino

de Treinta y cinco Años ———————— años de edad, de profesión u oficio

Colonte Pope ————— Estado Civil CASADO

Tarjeta de Identidad No. 0207-1989-02886 Pasaporte

Extendida (o) en TOCOA COLON, EL 05 DE NOVIEMBRE DEL 2021

Por medio de la presente hago constar que el Señor Victor Emilio Murillo Avila, fue atendido en mi clinica "Climeto" el dia cinco de Noviembre del dos mil veinti uno, por su fue atendido, su fractura Hoera por arma blanca en recion de muslo Derecho, en recion Anterior, se realiza limp-es, sutura y administración de antibiorcos y Analgesicos.

Para fines le convinca se le extiende la presente Constancia Morus.

**VALOR LPS. 600.00**

Certified And Notarized Copy.Lc#403823. For questions, contact info@notolaword.com.

Escaneado con CamScanner

33

# Tab G

# REPÚBLICA DE HONDURAS

265097

## SECRETARÍA DE SEGURIDAD
### D.P.I.

Iniciado Por:
RAMOS, AM
Fecha y Hora: 01:11:17

Centro de Recepción de Denuncias

Pag 1 de 1

UBIC - TOCOA

DEPTO DE INVESTIGACION CRIMINAL / SECCION DE DENUNCIAS

Generales del Caso

Denuncia        No. 1354        Delitos Asociados al Caso                Fecha y Hora del Reporte
                                                                         05-11-21   13:23:21

Narración del Caso:
MANIFIESTA EL DENUNCIANTE QUE EN FECHA 27 DE OCTUBRE DEL AÑO 2021 A MAS O MENOS DE LAS 2:00 HORAS EN MI CASA DE HABITACION UBICADA EN EL BARRIO EL TAMARINDO COLONIA VASQUES DEL OCCIDENTE, TOCOA, COLON RECIBI UNA LLAMADA TELEFONICA DE UNOS VECINOS, QUE SE HABIAN METIDO A ROBAR A LA CASA, Y QUE LLEVAN UN TELEVISOR PLASMA MARCA SAMSUNG COLOR NEGRO, TELEFONOS CELULARES MARCA HUAWEY, RELOJES, CADENA DE ORO, ARITOS, EL CUAL MANIFIESTA CANTIDAD DE 20,000.00 LEMPIRAS Y NO QUISE PROCEDER Y ESTUBE AVERIGUANDO QUIEN SE CAMBIA ROBADO Y EL DIA DE HOY 05 DE NOVIEMBRE DEL AÑO 2021 A EOSO DE LAS 2:00 HORAS ENCONTRE UNA NOTA DEBAJO DE LA PUERTA QUE DECIA MIRA MAJE DEJA DE ANDAR AVERIGUANDO, QUIEN TE ROBO, EN TODO CASO QUE TE JODES TE HAYAN, Y QUE ESTATE QUIETA MORIRTE CABRON TRANQUILO O VAS A CON PARA QUE TE PEOR PARA VOS Y TU FAMILIA, Y ME DA MIEDO QUE LE PASE ALGO A MI FAMILIA POR LO QUE INTERPONGO LA DENUNCIA FORMAL Y ESE QUE SE HAGA EL TRAMITE CORRESPONDIENTE EN BASE A LEY.

Datos del Incidente

Fecha y hora Inc        05-11-2021        Isidoro:
Departamento:        COLON                       Municipio: TOCOA
Sector:                                          Barrio
Avenida/Calle:
Comentario:        BARRIO TAMARINDO COLONIA VASQUES DEL OCCIDENTE ATRAS
Características:        DE MUBLE, GATO NEGRO,
                Casa de Habitacion

Denuncia tomada por : RAMOS, AM

Firma del Denunciante:
Dado en el departamento de Francisco Morazan, municipio de Distrito Central a los 05 dias del mes de noviembre de 2021

34

63

**265097**

# REPUBLIC OF HONDURAS

SECRETARY OF SECURITY

D.P.I

Printed by:
RAMOS_AM                    Reception of Complaint Center                    Pg 1 of 1
05-Nov-21/                    01:11:17

USIC- TOCOA

CRIMINAL INVESTIGATION DEPARTMENT/ COMPLAINT SECTION

General of the case

Complaint No, 1334          Crimes associated with the case          Date and Time of the Report
                                       Threats                           05-11-21    13:23:21

Case Narrative:

THE COMPLAINANT STATES THAT ON OCTOBER 27, 2021, AROUND 10:00PM IN MY HOUSE
LOCATED IN TAMARINDO COLONA, VOSQUES, TOCOA. I RECEIVED A PHONE CALL FROM
A NEIGHBOR STATING THAT SOMEONE HAD BROKEN INTO MY HOUSE AND TOOK MY
BLACK SAMSUNG TV, MY HUAWAY CELLPHONES, WATCHES, A GOLD CHAIN AND
EARRINGS WHICH ADDS UP TO 20,000.00 LIMPARAS ($8,058.00) I DID NOT WANT TO
PROCEED AND WAS TRYING TO FIND OUT WHO HAD STOLEN THEM AND TODAY
NOVEMBER 05, 2021, AT AROUND 09:00 I FOUND A NOTE UNDER THE DOOR AND IT SAID
LOOK DUMMY STOP ASKING WHO ROBBED YOUR HOUSE BEAUSE IT COULD GO REALLY
BAD FOR YOU, YOU COULD EVEN DIE DUMBASS DON'T GO TO THE COPS BECAUSE IT
WOULD BE WORSE FOR YOU AND YOUR FAMILY AND I AM AFRAID THAT SOMETHING
WILL HAPPEN TO MY FAMILY, SO I FILE A FORMAL AND WRITTEN COMPLAINT FOR THE
CORRESPONDING PROCEDURE BASED ON THE LAW.

Incident Data

Date and time of the Incident    04-11-201        10:00:00
Department: COLON          Municipality: TOCOA
Sector:
Avenida/Calle
Comments:                    BARRIO TAMARINDO COLONIA BOSQUE DEL COCIDENTE ATRAS
Features:                    DE MOTEL GATO NEGRO
                                    ROOM HOUSE
Complaint taken by:          RAMOS_AM
Firma del dununciante        _____

**35**

Given in the department of Francisco Morazan, district municipality of the Central District on the 5th day of November 2021.

I, Sayda Navarro, am competent to translate from Spanish to English, and certify that the translation of this document is true and accurate to the best of my abilities.

_____
Sayda Navarro

(401) 621-4000
Telephone

190 Broad Street Suite 1E Providence, RI 02903
_____
Address

**36**

65

# Tab H

Uploaded on: 1/20/2022 at 10:02:30 PM (Eastern Standard Time)

DEPARTMENT OF HOMELAND SECURITY
# NOTICE TO APPEAR

**In removal proceedings under section 240 of the Immigration and Nationality Act:**

**Subject ID:** 374021408          **FINS #:** 1314647144
                                   **DOB:** 04/15/1989

**File No:** A220 908 450

**Event No:** MCS2212000254

In the Matter of:

YURY MELISSA AGUIRIANO-ROMERO

Respondent: ————————————————————————————— currently residing at:

236 COUNTY ST. NEW BEDFORD, MASSACHUSETTS, 02740          +1 (508)-817-7450

(Number, street, city, state and ZIP code)          (Area code and phone number)

☐ You are an arriving alien.

☒ You are an alien present in the United States who has not been admitted or paroled.

☐ You have been admitted to the United States, but are removable for the reasons stated below.

The Department of Homeland Security alleges that you:

1. You are not a citizen or national of the United States;
2. You are a native of HONDURAS and a citizen of HONDURAS ;
3. You arrived in the United States at or near HIDALGO,  TX , on or about December 4, 2021 ;
4. You were not then admitted or paroled after inspection by an Immigration Officer.

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:

212(a)(6)(A)(i) of the Immigration and Nationality Act, as amended, in that you are an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General.

☐ This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution or torture.

☐ Section 235(b)(1) order was vacated pursuant to:          ☐ 8CFR 208.30          ☐ 8CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:

JFK FEDERAL BLDG ROOM 320  BOSTON MA US 022030002

(Complete Address of Immigration Court, including Room Number, if any)

on February 11, 2022 at     09:30 AM     to show why you should not be removed from the United States based on the
___(Date)___          ___(Time)___

charge(s) set forth above.          MATTHEW LIGHTNER          Acting/Patrol Agent in Charge

(Signature and Title of Issuing Officer) (Sign in ink)

Date: December 06, 2021          DONNA, TEXAS

(City and State)

DHS Form I-862 (2/20)          Page 1 of 3

EOIR — 1 of 5

37

## Notice to Respondent

**Warning:** Any statement you make may be used against you in removal proceedings.

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are in removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 1003.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents that you desire to have considered in connection with your case. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing. At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear, including that you are inadmissible or removable. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government. At the conclusion of your hearing, you have a right to appeal an adverse decision by the immigration judge. You will be advised by the immigration judge before whom you appear of any relief from removal for which you may appear eligible including the privilege of voluntary departure. You will be given a reasonable opportunity to make any such application to the immigration judge.

**One-Year Asylum Application Deadline:** If you believe you may be eligible for asylum, you must file a Form I-589, Application for Asylum and for Withholding of Removal. The Form I-589, Instructions, and information on where to file the Form can be found at **www.uscis.gov/i-589**. Failure to file the Form I-589 within one year of arrival may bar you from eligibility to apply for asylum pursuant to section 208(a)(2)(B) of the Immigration and Nationality Act.

**Failure to appear:** You are required to provide the Department of Homeland Security (DHS), in writing, with your full mailing address and telephone number. You must notify the Immigration Court and the DHS immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the DHS.

**Mandatory Duty to Surrender for Removal:** If you become subject to a final order of removal, you must surrender for removal to your local DHS office, listed on the Internet at **http://www.ice.gov/contact/ero**, as directed by the DHS and required by statute and regulation. Immigration regulations at 8 CFR 1241.1 define when the removal order becomes administratively final. If you are granted voluntary departure and fail to depart the United States as required, fail to post a bond in connection with voluntary departure, or fail to comply with any other condition or term in connection with voluntary departure, you must surrender for removal on the next business day thereafter. If you do not surrender for removal as required, you will be ineligible for all forms of discretionary relief for as long as you remain in the United States and for ten years after your departure or removal. This means you will be ineligible for asylum, cancellation of removal, voluntary departure, adjustment of status, change of nonimmigrant status, registry, and related waivers for this period. If you do not surrender for removal as required, you may also be criminally prosecuted under section 243 of the Immigration and Nationality Act.

**U.S. Citizenship Claims:** If you believe you are a United States citizen, please advise the DHS by calling the ICE Law Enforcement Support Center toll free at (855) 448-6903.

**Sensitive locations:** To the extent that an enforcement action leading to a removal proceeding was taken against Respondent at a location described in 8 U.S.C. § 1229(e)(1), such action complied with 8 U.S.C. § 1367.

### Request for Prompt Hearing

To expedite a determination in my case, I request this Notice to Appear be filed with the Executive Office for Immigration Review as soon as possible. I waive my right to a 10-day period prior to appearing before an immigration judge and request my hearing be scheduled.

Before:

_____
*(Signature of Respondent) (Sign in ink)*

BORDER PATROL AGENT

Date: 12/06/2021

*(Signature and Title of Immigration Officer) (Sign in ink)*

### Certificate of Service

This Notice To Appear was served on the respondent by me on December 06, 2021 , in the following manner and in compliance with section 239(a)(1) of the Act.

☒ in person ☐ by certified mail, returned receipt # _____ requested ☐ by regular mail

☐ Attached is a credible fear worksheet.

☒ Attached is a list of organization and attorneys which provide free legal services.

The alien was provided oral notice in the SPANISH language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

**Refused to Sign**

*(Signature of Respondent if Personally Served) (Sign in ink)*

KEVIN MOSER, BORDER PATROL AGENT

KEVIN R MOSER
Date: 2021.12.06 02:55:50 -06:00
AYI/A4R972 CRP

*(Signature and Title of officer) (Sign in ink)*

EOIR - 2 of 5

Privacy Act Statement

**Authority:**
The Department of Homeland Security through U.S. Immigration and Customs Enforcement (ICE), U.S Customs and Border Protection (CBP), and U.S. Citizenship and Immigration Services (USCIS) are authorized to collect the information requested on this form pursuant to Sections 103, 237, 239, 240, and 290 of the Immigration and Nationality Act (INA), as amended (8 U.S.C. 1103, 1229, 1229a, and 1360), and the regulations issued pursuant thereto.

**Purpose:**
You are being asked to sign and date this Notice to Appear (NTA) as an acknowledgement of personal receipt of this notice. This notice, when filed with the U.S. Department of Justice's (DOJ) Executive Office for Immigration Review (EOIR), initiates removal proceedings. The NTA contains information regarding the nature of the proceedings against you, the legal authority under which proceedings are conducted, the acts or conduct alleged against you to be in violation of law, the charges against you, and the statutory provisions alleged to have been violated. The NTA also includes information about the conduct of the removal hearing, your right to representation at no expense to the government, the requirement to inform EOIR of any change in address, the consequences for failing to appear, and that generally, if you wish to apply for asylum, you must do so within one year of your arrival in the United States. If you choose to sign and date the NTA, that information will be used to confirm that you received it, and for recordkeeping.

**Routine Uses:**
For United States Citizens, Lawful Permanent Residents, or individuals whose records are covered by the Judicial Redress Act of 2015 (5 U.S.C. § 552a note), your information may be disclosed in accordance with the Privacy Act of 1974, 5 U.S.C. § 552a(b), including pursuant to the routine uses published in the following DHS systems of records notices (SORN): DHS/USCIS/ICE/CBP-001 Alien File, Index, and National File Tracking System of Records, DHS/USCIS-007 Benefit Information System, DHS/ICE-011 Criminal Arrest Records and Immigration Enforcement Records (CARIER), and DHS/ICE-003 General Counsel Electronic Management System (GEMS), and DHS/CBP-023 Border Patrol Enforcement Records (BPER). These SORNs can be viewed at https://www.dhs.gov/system-records-notices-sorns. When disclosed to the DOJ's EOIR for immigration proceedings, this information that is maintained and used by DOJ is covered by the following DOJ SORN: EOIR-001, Records and Management Information System, or any updated or successor SORN, which can be viewed at https://www.justice.gov/opcl/doj-systems-records. Further, your information may be disclosed pursuant to routine uses described in the abovementioned DHS SORNs or DOJ EOIR SORN to federal, state, local, tribal, territorial, and foreign law enforcement agencies for enforcement, investigatory, litigation, or other similar purposes.

For all others, as appropriate under United States law and DHS policy, the information you provide may be shared internally within DHS, as well as with federal, state, local, tribal, territorial, and foreign law enforcement; other government agencies; and other parties for enforcement, investigatory, litigation, or other similar purposes.

**Disclosure:**
Providing your signature and the date of your signature is voluntary. There are no effects on you for not providing your signature and date; however, removal proceedings may continue notwithstanding the failure or refusal to provide this information.

EOIR – 3 of 5

# Tab I

DEPARTMENT OF HOMELAND SECURITY
## NOTICE OF CUSTODY DETERMINATION

Alien's Name: **YURY MELISSA AGUIRIANO-ROMERO**

A-File Number: **A220 908 450**

Date: **12/06/2021**

Event ID: **MCS2212000254**

Subject ID: **374021408**

FIN: **1314647144**

---

Pursuant to the authority contained in section 236 of the Immigration and Nationality Act and part 236 of title 8, Code of Federal Regulations, I have determined that, pending a final administrative determination in your case, you will be:

☐ Detained by the Department of Homeland Security.

☒ Released (check all that apply):

☐ Under bond in the amount of $ _____

☒ On your own recognizance.

☐ Under other conditions. [Additional document(s) will be provided.]

**MATTHEW LIGHTNER**
Name and Signature of Authorized Officer

**12/06/2021 1611**
Date and Time of Custody Determination

**Acting/Patrol Agent in Charge**
Title

**DONNA, TEXAS**
Office Location/Address

---

You may request a review of this custody determination by an immigration judge.

☒ I acknowledge receipt of this notification, and

☐ I **do** request an immigration judge review of this custody determination.

☒ I **do not** request an immigration judge review of this custody determination.

## Refused to Sign
Signature of Alien

**12/06/2021**
Date

---

The contents of this notice were read to **YURY MELISSA AGUIRIANO-ROMERO** in the **SPANISH** language.
(Name of Alien)                                    (Name of Language)

**MOSER, KEVIN**
KEVIN R MOSER
Date: 2021.12.06 12:12:03 -06:00
0576458972.CBP
Name and Signature of Officer

Name or Number of Interpreter (if applicable)

**BORDER PATROL AGENT**
Title

# Tab J

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

OMB No. 1653-0021
Expires: 10/31/2027

## APPLICATION FOR A STAY OF DEPORTATION OR REMOVAL

| Action Block - For ICE Use Only | Fee/Date Stamp |
|---|---|

☐ GRANTED  ☐ One Year  ☐ Six Months  ☐ Three Months  ☐ Other: _____

☐ DENIED  ☐ Denial letter attached.

☐ REJECTED  ☐ Incorrect Fee  ☐ Application was not submitted in person  ☐ Other: _____

☐ Additional information attached.

Date: _____  Decision made by: _____

*(Printed Name/Title)*

Deciding Official Signature
*(Sign in ink):* _____  Office: _____

RECEIVED
JAM 23
BY: DB
155.00

| A-File Number: | Date: | If you are currently detained by ICE, provide the name of the detention facility: |
|---|---|---|
| 220-908-451 | | N/A |

| Last Name: | First Name: | Middle Name: |
|---|---|---|
| Murillo Avila | Victor | Emilio |

| Address (Number and Street): | Country of Citizenship: | Passport No: | Expiration Date: |
|---|---|---|---|
| 100 Peckham Street | Honduras | F528871 | 02/06/2028 |

| Apartment Number: | Length of stay requested: |
|---|---|
| 2 | ☒ One year  ☐ Six months  ☐ Three months  ☐ Other: |

| Town/City: | State: | Zip Code: | Arrested by police or other law enforcement agency (other than for immigration reasons) ☐ Yes - Documents attached  ☒ No |
|---|---|---|---|
| New Bedford | MA | 02746 | |

| Telephone Number: | Cell Telephone Number: |
|---|---|
| 774-578-1265 | 774-578-1265 |

### REASON(S) FOR REQUESTING A STAY OF DEPORTATION OR REMOVAL:

Please see the attached affidavit explaining reasoning for requesting stay of removal.

### EVIDENCE SUBMITTED (attached):

☐ Medical  ☒ Brief  ☐ Other *(specify)*:

I certify under penalty of perjury that the information provided and contained herein is true and correct to the best of my knowledge and belief:

| Victor Emilio Murillo Avila | Victor Emilio |
|---|---|
| *(Printed Name)* | *(Signature) (Sign in ink)* |

### INFORMATION IF FORM PREPARED BY OTHER THAN APPLICANT:

I declare under penalty of law that this document was prepared by me at the request of the applicant and is based on all information of which I have knowledge. I understand that providing false information on behalf of the applicant could result in criminal prosecution and, upon conviction, a fine or imprisonment or both.

| Hans J Bremer | | | | |
|---|---|---|---|---|
| *(Printed Name)* | | *(Signature) (Sign in ink)* | | |
| 4016214000 | 717 Allens Avenue, Ste. 105 | Providence | RI | 02905 |
| *(Telephone Number)* | *(Street Address)* | *(City)* | *(State)* | *(Zip Code)* |

ICE Form I-246 (10/24)

Page 3 of 3

DEPARTMENT OF HOMELAND SECURITY

U.S. Immigration and Customs Enforcement

OMB No. 1653-0021
Expires: 10/31/2027

## APPLICATION FOR A STAY OF DEPORTATION OR REMOVAL

| Action Block - For ICE Use Only | Fee/Date Stamp |
|---|---|
| ☐ GRANTED    ☐ One Year  ☐ Six Months  ☐ Three Months   ☐ Other: _____  ☐ DENIED    ☐ Denial letter attached.  ☐ REJECTED    ☐ Incorrect Fee    ☐ Application was not submitted in person   ☐ Other: _____  ☐ Additional information attached.  Date: _____    Decision made by: _____  _(Printed Name/Title)_  Deciding Official Signature  (Sign in ink): _____    Office: _____ | RECEIVED  JAN 2 3  BY: _DB_  155.2 |

| A-File Number: | Date: | If you are currently detained by ICE, provide the name of the detention facility: |
|---|---|---|
| 220-908-450 | | N/A |

| Last Name: | First Name: | | Middle Name: |
|---|---|---|---|
| Aguiriano Romero | Yury | | Melissa |

| Address (_Number and Street_): | Country of Citizenship: | Passport No: | Expiration Date: |
|---|---|---|---|
| 100 Peckham Street | Honduras | G279622 | 02/11/2031 |

| Apartment Number: | Length of stay requested: |
|---|---|
| 2 | ☒ One year  ☐ Six months  ☐ Three months  ☐ Other: |

| Town/City: | State: | Zip Code: | |
|---|---|---|---|
| New Bedford | MA | 02746 | Arrested by police or other law enforcement agency (other than for immigration reasons) ☐ Yes - Documents attached    ☒ No |

| Telephone Number: | Cell Telephone Number: | |
|---|---|---|
| 774-578-1265 | 774-578-1265 | |

### REASON(S) FOR REQUESTING A STAY OF DEPORTATION OR REMOVAL:

Please see the attached affidavit explaining reasoning for requesting stay of removal.

### EVIDENCE SUBMITTED (attached):

☐ Medical    ☒ Brief    ☐ Other (_specify_):

I certify under penalty of perjury that the information provided and contained herein is true and correct to the best of my knowledge and belief:

Yury Melissa Aguiriano Romero

_(Printed Name)_          _(Signature) (Sign in ink)_

### INFORMATION IF FORM PREPARED BY OTHER THAN APPLICANT:

I declare under penalty of law that this document was prepared by me at the request of the applicant and is based on all information of which I have knowledge. I understand that providing false information on behalf of the applicant could result in criminal prosecution and, upon conviction, a fine or imprisonment or both.

Hans J Bremer

_(Printed Name)_          _(Signature) (Sign in ink)_

| 4016214000 | 717 Allens Avenue, Ste. 105 | Providence | RI | 02905 |
|---|---|---|---|---|
| _(Telephone Number)_ | _(Street Address)_ | _(City)_ | _(State)_ | _(Zip Code)_ |

ICE Form I-246 (10/24)          Page 3 of 3

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

OMB No. 1653-0021
Expires: 10/31/2027

## APPLICATION FOR A STAY OF DEPORTATION OR REMOVAL

| Action Block - For ICE Use Only | Fee/Date Stamp |
|---|---|

☐ GRANTED   ☐ One Year   ☐ Six Months   ☐ Three Months   ☐ Other: _____

☐ DENIED   ☐ Denial letter attached.

☐ REJECTED   ☐ Incorrect Fee   ☐ Application was not submitted in person   ☐ Other: _____

☐ Additional information attached.

Date: _____   Decision made by: _____

*(Printed Name/Title)*

Deciding Official Signature *(Sign in ink):* _____   Office: _____

RECEIVED
JUN 23
BY: ____

| A-File Number: 220-908-448 | Date: | If you are currently detained by ICE, provide the name of the detention facility: N/A |
|---|---|---|

| Last Name: ▮▮▮ | First Name: ▮▮▮ | Middle Name: ▮▮▮ |
|---|---|---|

| Address *(Number and Street)*: ▮▮▮ | Country of Citizenship: Honduras | Passport No: E0069516 | Expiration Date: 07/26/2027 |
|---|---|---|---|

| Apartment Number: | Length of stay requested: ☒ One year  ☐ Six months  ☐ Three months  ☐ Other: |
|---|---|

| Town/City: New Bedford | State: MA | Zip Code: 02746 | Arrested by police or other law enforcement agency (other than for immigration reasons) ☐ Yes - Documents attached   ☒ No |
|---|---|---|---|
| Telephone Number: 774-578-1265 | Cell Telephone Number: 774-578-1265 | | |

### REASON(S) FOR REQUESTING A STAY OF DEPORTATION OR REMOVAL:

Please see attached affidavit explaining reasoning for requesting stay of removal.

### EVIDENCE SUBMITTED (attached):

☐ Medical   ☒ Brief   ☐ Other *(specify)*:

I certify under penalty of perjury that the information provided and contained herein is true and correct to the best of my knowledge and belief:

▮▮▮
*(Printed Name)*          _____ *(Signature) (Sign in ink)*

### INFORMATION IF FORM PREPARED BY OTHER THAN APPLICANT:

I declare under penalty of law that this document was prepared by me at the request of the applicant and is based on all information of which I have knowledge. I understand that providing false information on behalf of the applicant could result in criminal prosecution and, upon conviction, a fine or imprisonment or both.

Hans J Bremer
*(Printed Name)*          _____ *(Signature) (Sign in ink)*

| 4016214000 | 717 Allens Avenue, Ste. 105 | Providence | RI | 02905 |
|---|---|---|---|---|
| *(Telephone Number)* | *(Street Address)* | *(City)* | *(State)* | *(Zip Code)* |

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

OMB No. 1653-0021
Expires: 10/31/2027

## APPLICATION FOR A STAY OF DEPORTATION OR REMOVAL

| Action Block - For ICE Use Only | Fee/Date Stamp |
|---|---|

☐ GRANTED   ☐ One Year  ☐ Six Months  ☐ Three Months  ☐ Other:
☐ DENIED   ☐ Denial letter attached.
☐ REJECTED   ☐ Incorrect Fee   ☐ Application was not submitted in person   ☐ Other:
☐ Additional information attached.

Date: _____ Decision made by: _____

Deciding Official Signature
*(Sign in ink):* _____   *(Printed Name/Title)*   Office: _____

**RECEIVED**
BY: DD
155.00

| A-File Number: 220-908-449 | Date: | If you are currently detained by ICE, provide the name of the detention facility: N/A |
|---|---|---|
| Last Name: ▉▉▉▉ | First Name: | Middle Name: |

| Address (Number and Street): ▉▉▉▉ | Country of Citizenship: Honduras | Passport No: E0069515 | Expiration Date: 07/26/2027 |
|---|---|---|---|
| Apartment Number: 2 | Length of stay requested: ☒ One year  ☐ Six months  ☐ Three months  ☐ Other: | | |
| Town/City: New Bedford   State: MA   Zip Code: 02740 | Arrested by police or other law enforcement agency (other than for immigration reasons) ☐ Yes - Documents attached   ☒ No | | |
| Telephone Number: 774-578-1265   Cell Telephone Number: 774-578-1265 | | | |

**REASON(S) FOR REQUESTING A STAY OF DEPORTATION OR REMOVAL:**

Please see attached affidavit explaining reasoning for requesting stay of removal.

**EVIDENCE SUBMITTED (attached):**

☐ Medical   ☒ Brief   ☐ Other *(specify):*

I certify under penalty of perjury that the information provided and contained herein is true and correct to the best of my knowledge and belief:

▉▉▉▉▉▉
*(Printed Name)*          *(Signature) (Sign in ink)*

**INFORMATION IF FORM PREPARED BY OTHER THAN APPLICANT:**

I declare under penalty of law that this document was prepared by me at the request of the applicant and is based on all information of which I have knowledge. I understand that providing false information on behalf of the applicant could result in criminal prosecution and, upon conviction, a fine or imprisonment or both.

Hans J Bremer
*(Printed Name)*          *(Signature) (Sign in ink)*

| 4016214000 | 717 Allens Avenue, Ste. 105 | Providence | RI | 02905 |
|---|---|---|---|---|
| *(Telephone Number)* | *(Street Address)* | *(City)* | *(State)* | *(Zip Code)* |

ICE Form I-246 (10/24)

Page 3 of 3









# BREMER LAW & ASSOCIATES, LLC

717 Allens Avenue, Suite 105, Providence, RI 02905, Tel. (401) 621-4000, Fax (401) 621-4002

January 20, 2025

Attn: ICE
Boston Field Office
Enforcement & Removal Operations
1000 District Avenue
Burlington, MA, 01803

RE:                     Victor Emilio Murillo Avila
                        Yury Melissa Aguiriano Romero

                        ███████████████████████████

Your File No.:      A 220-908-451
                    A 220-908-450
                    A 220-908-448
                    A 220-908-449

To whom it may concern:

Enclosed, please find the following documents in connection with the above-referenced matter:

1. (4) Form G-28;
2. (4) Form I-246;
3. (4) Supporting Documents; and
4. (4) ICE Filing Fee ($155.00)

Mr. Victor Emilio Murillo Avila is the stepfather of █████████████████████████ Aguiriano. Ashley has been granted Special Immigrant Juvenile (SIJ) status on May 29, 2024, and she has also been granted Deferred Action for four years. ████ qualifies for lawful permanent residency once her priority date becomes current. As such, their case should be given lower priority for removal from the United States. Mr. Victor is the head of the house and is actively supporting █████ It is not in █████ best interest to return to Honduras due to the harm suffered in Honduras. *See affidavit attached.* Mr. Victor's wife Yury Melissa Aguiriano Romero is also the beneficiary of a pending I-130 Petition for Alien Relative filed by her brother Jaime A. Aguiriano Romero. In all respects, we respectfully request that their application for a stay of removal be granted, respectively; so, that Ashley can pursue residency once her priority date becomes current as well as wait for a decision on the pending I-130 for Mrs. Yury.

Sincerely,

Hans J Bremer
HJB/mg
Attorney

47



## Notice of Entry of Appearance
## as Attorney or Accredited Representative
### Department of Homeland Security

**DHS**
**Form G-28**
OMB No. 1615-0105
Expires 05/31/2021

---

### Part 1. Information About Attorney or Accredited Representative

**1.** USCIS Online Account Number (if any)

▶ ☐☐☐☐☐☐☐☐☐☐☐☐

#### Name of Attorney or Accredited Representative

**2.a.** Family Name (Last Name)   `Bremer`

**2.b.** Given Name (First Name)   `Hans`

**2.c.** Middle Name   `J`

#### Address of Attorney or Accredited Representative

**3.a.** Street Number and Name   `717 Allens Avenue`

**3.b.** ☐ Apt. ☒ Ste. ☐ Flr.   `105`

**3.c.** City or Town   `Providence`

**3.d.** State   `RI`   **3.e.** ZIP Code   `02905`

**3.f.** Province

**3.g.** Postal Code

**3.h.** Country   `USA`

#### Contact Information of Attorney or Accredited Representative

**4.** Daytime Telephone Number   `4016214000`

**5.** Mobile Telephone Number (if any)

**6.** Email Address (if any)   `hans.j.bremer@bremerlawllc.com`

**7.** Fax Number (if any)   `4016214002`

---

### Part 2. Eligibility Information for Attorney or Accredited Representative

Select all applicable items.

**1.a.** ☒ I am an attorney eligible to practice law in, and a member in good standing of, the bar of the highest courts of the following states, possessions, territories, commonwealths, or the District of Columbia. If you need extra space to complete this section, use the space provided in **Part 6. Additional Information.**

Licensing Authority

`Rhode Island Supreme Court`

**1.b.** Bar Number (if applicable)

`RI 8063`

**1.c.** I (select only one box) ☒ am not ☐ am subject to any order suspending, enjoining, restraining, disbarring, or otherwise restricting me in the practice of law. If you are subject to any orders, use the space provided in **Part 6. Additional Information** to provide an explanation.

**1.d.** Name of Law Firm or Organization (if applicable)

`Bremer Law and Associates LLC`

**2.a.** ☐ I am an accredited representative of the following qualified nonprofit religious, charitable, social service, or similar organization established in the United States and recognized by the Department of Justice in accordance with 8 CFR part 1292.

**2.b.** Name of Recognized Organization

**2.c.** Date of Accreditation (mm/dd/yyyy)

**3.** ☐ I am associated with

the attorney or accredited representative of record who previously filed Form G-28 in this case, and my appearance as an attorney or accredited representative for a limited purpose is at his or her request.

**4.a.** ☐ I am a law student or law graduate working under the direct supervision of the attorney or accredited representative of record on this form in accordance with the requirements in 8 CFR 292.1(a)(2).

**4.b.** Name of Law Student or Law Graduate

---

## Part 3. Notice of Appearance as Attorney or Accredited Representative

If you need extra space to complete this section, use the space provided in **Part 6. Additional Information**.

This appearance relates to immigration matters before (select **only one** box):

**1.a.** ☐ U.S. Citizenship and Immigration Services (USCIS)

**1.b.** List the form numbers or specific matter in which appearance is entered.

**2.a.** ☒ U.S. Immigration and Customs Enforcement (ICE)

**2.b.** List the specific matter in which appearance is entered.

I-246

**3.a.** ☐ U.S. Customs and Border Protection (CBP)

**3.b.** List the specific matter in which appearance is entered.

**4.** Receipt Number (if any)

▶

**5.** I enter my appearance as an attorney or accredited representative at the request of the (select **only one** box):

☐ Applicant     ☐ Petitioner     ☐ Requestor
☐ Beneficiary/Derivative     ☒ Respondent (ICE, CBP)

## Information About Client (Applicant, Petitioner, Requestor, Beneficiary or Derivative, Respondent, or Authorized Signatory for an Entity)

**6.a.** Family Name (Last Name)    Murillo Avila

**6.b.** Given Name (First Name)    Victor

**6.c.** Middle Name    Emilio

**7.a.** Name of Entity (if applicable)

**7.b.** Title of Authorized Signatory for Entity (if applicable)

**8.** Client's USCIS Online Account Number (if any)

▶

**9.** Client's Alien Registration Number (A-Number) (if any)

▶ A- 2 2 0 9 0 8 4 5 1

## Client's Contact Information

**10.** Daytime Telephone Number

4014508293

**11.** Mobile Telephone Number (if any)

**12.** Email Address (if any)

canche25jamesgaby@gmail.com

## Mailing Address of Client

**NOTE:** Provide the client's mailing address. **Do not** provide the business mailing address of the attorney or accredited representative **unless** it serves as the safe mailing address on the application or petition being filed with this Form G-28.

**13.a.** Street Number and Name    100 Peckham Street

**13.b.** ☒ Apt.  ☐ Ste.  ☐ Flr.    2

**13.c.** City or Town    New Bedford

**13.d.** State    MA    **13.e.** ZIP Code    02746

**13.f.** Province

**13.g.** Postal Code

**13.h.** Country

USA

## Part 4. Client's Consent to Representation and Signature

### Consent to Representation and Release of Information

I have requested the representation of and consented to being represented by the attorney or accredited representative named in **Part 1.** of this form. According to the Privacy Act of 1974 and U.S. Department of Homeland Security (DHS) policy, I also consent to the disclosure to the named attorney or accredited representative of any records pertaining to me that appear in any system of records of USCIS, ICE, or CBP.

## Part 4. Client's Consent to Representation and Signature (continued)

### Options Regarding Receipt of USCIS Notices and Documents

USCIS will send notices to both a represented party (the client) and his, her, or its attorney or accredited representative either through mail or electronic delivery. USCIS will send all secure identity documents and Travel Documents to the client's U.S. mailing address.

If you want to have notices and/or secure identity documents sent to your attorney or accredited representative of record rather than to you, please select **all applicable** items below. You may change these elections through written notice to USCIS.

**1.a.** ☒ I request that USCIS send original notices on an application or petition to the business address of my attorney or accredited representative as listed in this form.

**1.b.** ☒ I request that USCIS send any secure identity document (Permanent Resident Card, Employment Authorization Document, or Travel Document) that I receive to the U.S. business address of my attorney or accredited representative (or to a designated military or diplomatic address in a foreign country (if permitted)).

> **NOTE:** If your notice contains Form I-94, Arrival-Departure Record, USCIS will send the notice to the U.S. business address of your attorney or accredited representative. If you would rather have your Form I-94 sent directly to you, select **Item Number 1.c.**

**1.c.** ☐ I request that USCIS send my notice containing Form I-94 to me at my U.S. mailing address.

### Signature of Client or Authorized Signatory for an Entity

**2.a.** Signature of Client or Authorized Signatory for an Entity

➡ *Victor Cabrillo*

**2.b.** Date of Signature (mm/dd/yyyy)    01/20/25

## Part 5. Signature of Attorney or Accredited Representative

I have read and understand the regulations and conditions contained in 8 CFR 103.2 and 292 governing appearances and representation before DHS. I declare under penalty of perjury under the laws of the United States that the information I have provided on this form is true and correct.

**1. a.** Signature of Attorney or Accredited Representative

**1.b.** Date of Signature (mm/dd/yyyy)    1 21 2025

**2.a.** Signature of Law Student or Law Graduate

**2.b.** Date of Signature (mm/dd/yyyy)

## Part 6.  Additional Information

If you need extra space to provide any additional information
within this form, use the space below.  If you need more space
than what is provided, you may make copies of this page to
complete and file with this form or attach a separate sheet of
paper.  Type or print your name at the top of each sheet;
indicate the **Page Number**, **Part Number**, and **Item Number**
to which your answer refers; and sign and date each sheet.

**1.a** Family Name
(Last Name)   `Murillo Avila`

**1.b.** Given Name
(First Name)   `Victor`

**1.c.** Middle Name   `Emilio`

**2.a.** Page Number   **2.b.** Part Number   **2.c.** Item Number

**2.d.**

**3.a.** Page Number   **3.b.** Part Number   **3.c.** Item Number

**3.d.**

**4.a.** Page Number   **4.b.** Part Number   **4.c.** Item Number

**4.d.**

**5.a.** Page Number   **5.b.** Part Number   **5.c.** Item Number

**5.d.**

**6.a.** Page Number   **6.b.** Part Number   **6.c.** Item Number

**6.d.**

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

# APPLICATION FOR A STAY OF DEPORTATION OR REMOVAL

*A decision in a stay of deportation or removal application is within the sole discretion of the Secretary of Homeland Security or his or her designee, including the Field Office Director. You may not appeal his or her decision.*

### 1. Who may file this application?
Anyone ordered deported or removed from the United States may apply for a stay of deportation or removal under 8 C.F.R. 241.6. Fill out a separate application with required documentation (see item 3) for each family member and others who will also seek a stay of deportation or removal.

### 2. Where should I submit this application?
Submit this application in person* to your local Enforcement and Removal Operations (ERO) Field Office. You can locate your nearest ERO Field Office at: http://www.ice.gov/contact/ero/index.htm

- **If you are detained**, file this application with the ERO Field Office that has jurisdiction over your custody.
- **If you are not detained**, file this application with the ERO Field Office closest to your residence. *If you have a problem delivering the application in person, contact your local ERO Field Office to see if delivery would be permitted by general mail or another delivery service.*

### 3. What identity documents do you require from me?
Provide documentation from category A, B, or C below. All documents submitted will be retained by ERO pending final disposition in your case.

(A) **Original passport** - Valid for 6 months past the time period being requested **OR**

(B) **Copy of passport** - Valid for 6 months past the time period being requested **AND** a copy of birth certificate or other identity documents **OR**

(C) **If you have no valid passport** - If your country of citizenship requires a passport for entry and you do not have a valid passport or a passport that is valid for 6 months past the time period you requested, you must provide proof that you applied for a passport or similar travel document. A copy of your application, proof of fee being paid and a copy of all documentation you submitted is required. If you receive a response that your application has been received, include a copy of that correspondence.

### 4. What evidence or documentation should I submit with this application?
- **Medical** - If the basis of your request is due to a medical condition, you must obtain documentation from your doctor regarding your medical condition, treatment, prognosis, and any assistance you need relating to your condition
- **Arrests** - Submit police reports and disposition of all arrests
- **Convictions** – Submit judgment, conviction and sentencing documents for all convictions
- **Summary** - Submit your reasons why you are requesting a stay of deportation or removal. Provide any additional documentation or evidence that would support your basis for a stay.

### 5. What fees should I submit with this application?
The fee for processing this application is $155.00. Include the fee with the application. There is no refund, regardless of the action taken. Payments must be made out to, "Department of Homeland Security" or "Immigration and Customs Enforcement". **Accepted methods of payment:** *U.S. Cash, Money Order, or Cashier's Check.*

### 6. Why could ICE reject this application?
- Incorrect fee (erroneous fee amounts will not be refunded)
- Application filed at incorrect ERO Field Office
- Multiple applicants listed on same application
- Failure to sign your application
- Failure to submit application in person
- Failure to submit required identity documents, (see item 3)
- Incorrect home (physical) address listed on application
- You are currently categorized as an ICE fugitive or you have made other attempts to hinder your deportation or removal
- When applicable, failure to completely and clearly fill out the section listed as, "Information if form prepared by other than applicant"

### 7. Why could ICE deny this application?
- Failure to submit medical documentation that supports your reason for this request, if applicable
- Failure to submit your statement or summary that explains why you submitted this request
- Record of criminal activity
- Threat to self or others
- Inaccurate, incomplete or untruthful information
- Not currently under a final order of deportation or removal
- Discretion of the Field Office Director or designee

### 8. What will happen when I submit this application?
- You may be fingerprinted (if 14 years or older)
- You may be photographed
- Your criminal history (if any) will be reviewed
- Your information will be entered into Department of Homeland Security databases.

### 9. What if this application is approved?
- You will be issued an Order of Supervision (OSUP) and be required to comply with the conditions listed in the OSUP
- You may have other conditions to comply with set by the Field Office Director or designee
- You may be required to post an OSUP bond (minimum bond amount: $1,500.00)

### 10. Why could ICE revoke my stay of deportation or removal after it is approved?
- Arrest by any law enforcement officer
- Conviction of any crime(s)
- A violation of the OSUP
- A violation of the terms of an OSUP bond
- For any reason(s) at the discretion of the Field Office Director or designee

### 11. What can happen if I submit false information?
All statements made in response to questions in this application are declared to be true and correct under penalty of perjury pursuant to 18 U.S.C. 1546. The knowing placement of false information on the application may subject you, or the preparer of the application, to criminal penalties under 18 U.S.C. 1546, and you and the preparer to civil and criminal penalties pursuant to the Immigration and Nationality Act 274C and 8 U.S.C. 1324c.

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## APPLICATION FOR A STAY OF DEPORTATION OR REMOVAL

### PRIVACY NOTICE

**Authority:** The collection of this information is authorized by 8 U.S.C. § 1231 and 8 CFR § 241.6.

**Purpose:** The information requested is being collected to enable U.S. Immigration and Customs Enforcement (ICE) to determine your eligibility under the Immigration and Nationality Act for a stay of deportation or removal from the United States.

**Agency Disclosure of Information:** For United States Citizens, Lawful Permanent Residents, or individuals whose records are covered by the Judicial Redress Act of 2015 (5 U.S.C. § 552a note), your information may be disclosed in accordance with the Privacy Act of 1974, 5 U.S.C. § 552a(b), including pursuant to the routine uses published in the DHS/USCIS-ICE-CBP-001 Alien File (A-File), Index, and National File Tracking Systems of Records Notice (SORN), which can be viewed at **www.dhs.gov/privacy**.

For all others, as appropriate under United States law and DHS policy, the information you provide may be shared internally within the U.S. Department of Homeland Security (DHS), as well as federal, state, local, tribal, territorial, and foreign law enforcement; other government agencies; and other parties for collection, enforcement, investigatory, litigation, or other purposes.

**Providing Information to DHS:** Furnishing this information is voluntary. However, requests for stays of deportation or removal will not be considered unless this form is completed.

### PUBLIC REPORTING BURDEN

U.S. Immigration and Customs Enforcement is collecting this information as a part of its agency mission under the Department of Homeland Security. The estimated average time to review the instructions, search existing data sources, gather and maintain the data needed and completing and reviewing this collection of information is 30 minutes (0.50 hours) per response. Responses to this collection of information are voluntary for anyone ordered deported or removed from the United States. An agency may not conduct or sponsor, and a person is not required to respond to, an information collection unless it displays a currently valid OMB Control Number. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden to:

Office of the Chief Information Officer/Forms Management Officer
U.S. Immigration and Customs Enforcement 500 12th Street, SW,
Washington, DC 20536-5202
**(Do not mail your completed application to this address.)**

**NOTICE - A pending application does not preclude the execution of a final order of deportation or removal. The Field Office Director may at his or her discretion revoke the approval of this application and execute the order of removal at a date and time of his or her choosing. No advance notice is required for the execution of a final order of removal.  Additionally, provision of false information could result in the denial of your application.**

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

OMB No. 1653-0021
Expires: 10/31/2027

## APPLICATION FOR A STAY OF DEPORTATION OR REMOVAL

| Action Block - For ICE Use Only | Fee/Date Stamp |
|---|---|

☐ **GRANTED** ☐ One Year ☐ Six Months ☐ Three Months ☐ Other: _____

☐ **DENIED** ☐ Denial letter attached.

☐ **REJECTED** ☐ Incorrect Fee ☐ Application was not submitted in person ☐ Other: _____

☐ Additional information attached.

Date: _____ Decision made by: _____

*(Printed Name/Title)*

Deciding Official Signature
*(Sign in ink):* _____ Office: _____

| A-File Number: 220-908-451 | Date: | If you are currently detained by ICE, provide the name of the detention facility: N/A | | |
|---|---|---|---|---|
| Last Name: Murillo Avila | | First Name: Victor | | Middle Name: Emilio |
| Address (*Number and Street*): 100 Peckham Street | | Country of Citizenship: Honduras | Passport No: F528871 | Expiration Date: 02/06/2028 |
| Apartment Number: 2 | | Length of stay requested: ☒ One year ☐ Six months ☐ Three months ☐ Other: | | |
| Town/City: New Bedford | State: MA | Zip Code: 02746 | Arrested by police or other law enforcement agency (other than for immigration reasons) ☐ Yes - Documents attached   ☒ No | |
| Telephone Number: 774-578-1265 | Cell Telephone Number: 774-578-1265 | | | |

### REASON(S) FOR REQUESTING A STAY OF DEPORTATION OR REMOVAL:

Please see the attached affidavit explaining reasoning for requesting stay of removal.

### EVIDENCE SUBMITTED (attached):

☐ Medical   ☒ Brief   ☐ Other *(specify):* _____

I certify under penalty of perjury that the information provided and contained herein is true and correct to the best of my knowledge and belief:

Victor Emilio Murillo Avila

*(Printed Name)*                    *(Signature) (Sign in ink)*

### INFORMATION IF FORM PREPARED BY OTHER THAN APPLICANT:

I declare under penalty of law that this document was prepared by me at the request of the applicant and is based on all information of which I have knowledge. I understand that providing false information on behalf of the applicant could result in criminal prosecution and, upon conviction, a fine or imprisonment or both.

Hans J Bremer

*(Printed Name)*                    *(Signature) (Sign in ink)*

| 4016214000 | 717 Allens Avenue, Ste. 105 | Providence | RI | 02905 |
|---|---|---|---|---|
| *(Telephone Number)* | *(Street Address)* | *(City)* | *(State)* | *(Zip Code)* |

ICE Form I-246 (10/24)

Page 3 of 3



# Notice of Entry of Appearance
## as Attorney or Accredited Representative

**Department of Homeland Security**

**DHS
Form G-28**
OMB No. 1615-0105
Expires 05/31/2021

## Part 1. Information About Attorney or Accredited Representative

1. USCIS Online Account Number (if any)
   ▶ ☐☐☐☐☐☐☐☐☐☐☐☐☐

### Name of Attorney or Accredited Representative

2.a. Family Name (Last Name) — **Bremer**

2.b. Given Name (First Name) — **Hans**

2.c. Middle Name — **J**

### Address of Attorney or Accredited Representative

3.a. Street Number and Name — **717 Allens Avenue**

3.b. ☐ Apt. ☒ Ste. ☐ Flr. **105**

3.c. City or Town — **Providence**

3.d. State **RI**   3.e. ZIP Code **02905**

3.f. Province

3.g. Postal Code

3.h. Country
   **USA**

### Contact Information of Attorney or Accredited Representative

4. Daytime Telephone Number
   **4016214000**

5. Mobile Telephone Number (if any)

6. Email Address (if any)
   **hans.j.bremer@bremerlawllc.com**

7. Fax Number (if any)
   **4016214002**

## Part 2. Eligibility Information for Attorney or Accredited Representative

Select **all** applicable items.

1.a. ☒ I am an attorney eligible to practice law in, and a member in good standing of, the bar of the highest courts of the following states, possessions, territories, commonwealths, or the District of Columbia. If you need extra space to complete this section, use the space provided in **Part 6. Additional Information**.

   Licensing Authority

   **Rhode Island Supreme Court**

1.b. Bar Number (if applicable)

   **RI 8063**

1.c. I (select **only one** box) ☒ am not ☐ am subject to any order suspending, enjoining, restraining, disbarring, or otherwise restricting me in the practice of law. If you are subject to any orders, use the space provided in **Part 6. Additional Information** to provide an explanation.

1.d. Name of Law Firm or Organization (if applicable)

   **Bremer Law and Associates LLC**

2.a. ☐ I am an accredited representative of the following qualified nonprofit religious, charitable, social service, or similar organization established in the United States and recognized by the Department of Justice in accordance with 8 CFR part 1292.

2.b. Name of Recognized Organization

2.c. Date of Accreditation (mm/dd/yyyy)

3. ☐ I am associated with

   _____ ,
   the attorney or accredited representative of record who previously filed Form G-28 in this case, and my appearance as an attorney or accredited representative for a limited purpose is at his or her request.

4.a. ☐ I am a law student or law graduate working under the direct supervision of the attorney or accredited representative of record on this form in accordance with the requirements in 8 CFR 292.1(a)(2).

4.b. Name of Law Student or Law Graduate

55

## Part 3. Notice of Appearance as Attorney or Accredited Representative

If you need extra space to complete this section, use the space provided in **Part 6. Additional Information**.

This appearance relates to immigration matters before (select **only one** box):

**1.a.** ☐ U.S. Citizenship and Immigration Services (USCIS)

**1.b.** List the form numbers or specific matter in which appearance is entered.

**2.a.** ☒ U.S. Immigration and Customs Enforcement (ICE)

**2.b.** List the specific matter in which appearance is entered.

> I-246

**3.a.** ☐ U.S. Customs and Border Protection (CBP)

**3.b.** List the specific matter in which appearance is entered.

**4.** Receipt Number (if any)

▶

**5.** I enter my appearance as an attorney or accredited representative at the request of the (select **only one** box):

☐ Applicant    ☐ Petitioner    ☐ Requestor
☐ Beneficiary/Derivative    ☒ Respondent (ICE, CBP)

## Information About Client (Applicant, Petitioner, Requestor, Beneficiary or Derivative, Respondent, or Authorized Signatory for an Entity)

**6.a.** Family Name (Last Name)    `Aguiriano Romero`

**6.b.** Given Name (First Name)    `Yury`

**6.c.** Middle Name    `Melissa`

**7.a.** Name of Entity (if applicable)

**7.b.** Title of Authorized Signatory for Entity (if applicable)

**8.** Client's USCIS Online Account Number (if any)

▶

**9.** Client's Alien Registration Number (A-Number) (if any)

▶ A- `2` `2` `0` `9` `0` `8` `4` `5` `0`

### Client's Contact Information

**10.** Daytime Telephone Number

**11.** Mobile Telephone Number (if any)

> 5086516168

**12.** Email Address (if any)

### Mailing Address of Client

**NOTE:** Provide the client's mailing address. **Do not** provide the business mailing address of the attorney or accredited representative **unless** it serves as the safe mailing address on the application or petition being filed with this Form G-28.

**13.a.** Street Number and Name    `100 Peckham Street`

**13.b.** ☒ Apt.    ☐ Ste.    ☐ Flr.    `2`

**13.c.** City or Town    `New Bedford`

**13.d.** State    `MA`    **13.e.** ZIP Code    `02746`

**13.f.** Province

**13.g.** Postal Code

**13.h.** Country

> USA

## Part 4. Client's Consent to Representation and Signature

### Consent to Representation and Release of Information

I have requested the representation of and consented to being represented by the attorney or accredited representative named in **Part 1.** of this form. According to the Privacy Act of 1974 and U.S. Department of Homeland Security (DHS) policy, I also consent to the disclosure to the named attorney or accredited representative of any records pertaining to me that appear in any system of records of USCIS, ICE, or CBP.

56

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF (NEF) and paper copies will be sent to those indicated as non registered participants on June 25, 2025.

I hereby certify that I will immediately send a true copy of this Amended Complaint to Anuj Khetarpal, U.S. Attorney's Office for the District of Massachusetts.


_____/s/ Robin Nice___

Robin Nice