# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____

)
)
YURY MELISSA AGUIRIANO ROMERO )
)
)                                   C.A. No. 1:25-cv-11631-BEM
       Petitioner,                )
)
    v.                              )
)
)
PATRICIA HYDE, Field Office Director, )
U.S. Immigration and Customs         )
Enforcement, Boston Field Office,    )       PETITIONER'S AMENDED COMPLAINT
MICHAEL KROL, HSI New England        )
Special Agent in Charge, TODD LYONS, )
Acting Director, U.S. Immigration and. )
Customs Enforcement, and             )
KRISTI NOEM, Secretary of U.S.       )
Department of Homeland Security,     )
)
)
       Respondents.               )
)

Petitioner Yury Aguiriano Romero (hereinafter "Ms. Aguiriano Romero") hereby submits this amended complaint in this instant case to inform the Court of the Immigration Judge's erroneous denial of her motion for bond redetermination. See Tab C, IJ Order Denying Bond; see also Tab I, DHS Pre-Hearing Statement in Bond Case. The Immigration Judge found that Ms. Aguiriano Romero was ineligible for bond under 8 U.S.C. § 1225(b), even though Ms. Aguiriano Romero was explicitly arrested and detained pursuant to 8 U.S.C. § 1226(a). See Tab C, IJ Order Denying Bond; see also Tab I, DHS Pre-Hearing Statement in Bond Case. Because her detention continues to be governed by the discretionary framework of Section 1226(a), Ms. Aguiriano

1

Romero is eligible for bond. Ms. Aguiriano Romero will be appealing the denial of her motion for bond determination to the Board of Immigration Appeals ("BIA"). The processing times for getting a decision on a BIA appeal can range from six to twelve months. See Rodriguez v. Bostock, --- F. Supp. 3d ---, 2025 WL 1193850, at *5 (W.D. Wash. Apr. 24, 2025).

Moreover, Ms. Aguiriano Romero's motion to reopen her removal proceedings was granted on July 7, 2025, and she is likely to prevail on the merits of her asylum claim. Tab D, IJ Order Granting Motion to Reopen. Ms. Aguiriano Romero is scheduled for her individual hearing on August 11, 2025. Absent an intervention from this Court, Ms. Aguiriano Romero is likely to suffer irreparable harm while she awaits a decision from the BIA and the adjudication of her asylum application.

Ms. Aguiriano Romero respectfully seeks immediate release from ICE custody so that she may reunite with her family, pursue her appeal to the BIA, and properly prepare her new asylum application. Her continued detention severely limits her ability to work effectively with undersigned counsel in preparing for her individual hearing. Accordingly, Petitioner requests that this Court find her detention is pursuant to Section 1226(a), declare that she is statutorily eligible for bond, and order her immediate release or, in the alternative, remand for a full bond hearing pursuant to Section 1226(a).

## Relevant Factual and Procedural Background

Ms. Aguiriano Romero is a citizen and national of Honduras. Tab A, Honduras Passport. On December 4, 2021, she arrived in the United States and was apprehended by Customs and Border Protection ("CBP") officers near the southern border in Hidalgo, Texas. Tab E, Notice to Appear. An initial warrant for Ms. Aguiriano Romero's arrest was issued on December 6, 2021. Tab F, Warrant for Arrest. Ms. Aguiriano Romero was issued a Notice to Appear that charged

her with being inadmissible pursuant to 8 U.S.C. § 1182(a)(6)(A)(i). Tab E, Notice to Appear.

Ms. Aguiriano Romero was later released on her own recognizance, as shown in her Notice of

Custody Determination. Tab G, Notice of Custody Determination. Ms. Aguiriano Romero was

subsequently placed in removal proceedings at the Boston Immigration Court. Tab E, Notice to

Appear.

After she was ordered removed, due to prior counsel's ineffective assistance, Ms.

Aguiriano Romero attended and complied with all of her check-ins with ICE. See Tab B, Aff. of

Ms. Aguiriano Romero ¶ 18. Ms. Aguiriano Romero was detained at her ICE check-in on June 3,

2025. See Tab B, Aff. of Ms. Aguiriano Romero ¶ 22. She was arrested on a warrant pursuant to

her then-removal order. Tab H, DHS I-213 Narrative. Ms. Aguiriano Romero was detained at the

Burlington ICE Field Office for roughly eleven days. See Tab B, Aff. of Ms. Aguiriano Romero ¶

24. There she was held in deplorable and inhumane conditions. Id. Ms. Aguiriano Romero was

transferred to a detention center in Burlington, Vermont, where she is currently held. Id.

Ms. Aguiriano Romero filed a motion to reopen her proceedings, which was granted on

July 7, 2025. Tab D, IJ Order Granting Motion to Reopen. She then requested a custody

redetermination and filed a motion for a bond redetermination with the Chelmsford Immigration

Court. At Ms. Aguiriano Romero's bond hearing, the Immigration Judge found her statutorily

ineligible for bond pursuant to Section 1225(b) and denied bond. See Tab C, IJ Order Denying

Bond; see also Tab I, DHS Pre-Hearing Statement in Bond Case. Ms. Aguiriano Romero now

comes before this Court asking for immediate relief as she wishes to reunite with her husband and

young daughters.

**Arguments**

A.  **Ms. Aguiriano Romero warrants a waiver of the exhaustion requirement of administrative remedies to prevent irreparable harm.**

In determining whether Ms. Aguiriano Romero warrants a waiver of the exhaustion requirement, this Court should apply the common law exhaustion doctrine, which is a "more permissive" standard because it is not statutorily required. Brito v. Garland, 22 F.4th 240, 255-256 (1st Cir. 2021); see Portela-Gonzalez v. Sec'y of the Navy, 109 F.3d 74, 77 (1st Cir. 1997) ("[C]ourts have more latitude in dealing with exhaustion questions when Congress has remained silent."). The exhaustion requirement is meant to protect "administrative agencies and promote judicial efficiency"; however, there are "circumstances in which the interests of the individual weigh heavily against requiring administrative exhaustion." Portela-Gonzalez, 109 F.3d at 77 (quoting McCarthy v. Madigan, 503 U.S. 140, 145, 146 (1992)). In fact, in the circumstances where "a particular plaintiff may suffer irreparable harm if unable to secure immediate judicial consideration of his claim," exhaustion may be excused even though "the administrative decision-making schedule is otherwise reasonable and definite." Id. (quoting McCarthy, 503 U.S. at 147). Irreparable harm may be established where a petitioner will be incarcerated or detained pending the exhaustion of administrative remedies. See Brito v. Garland, 22 F.4th 240, 256 (1st Cir. 2021) ("'[E]xhaustion might not be required if [the petitioner] were challenging her incarceration . . . or the ongoing deprivation of some other liberty interest.'" (quoting Bois v. Marsh, 801 F.2d 462, 468 (D.C. Cir.1986))).

Ms. Aguiriano Romero will likely suffer irreparable harm if she is unable to obtain habeas relief until the BIA issues a decision on her appeal of the denial of her bond redetermination request. According to data released by the Executive Office for Immigration Review, the average processing time for bond appeals exceeded 200 days in 2024. See Rodriguez v. Bostock, --- F.

Supp. 3d ---, 2025 WL 1193850, at *5 (W.D. Wash. Apr. 24, 2025). The Immigration Judge denied Ms. Aguiriano Romero's request for release on bond on July 17, 2025. See Tab C, IJ Order Denying Bond; see also Tab I, DHS Pre-Hearing Statement in Bond Case. Assuming the BIA is processing appeals at the same rate as last year, Ms. Aguiriano Romero's appeal would likely not be resolved until 2026, giving rise to the possibility that she would endure several additional months of detention that may be unlawful. Such a prolonged loss of liberty would, in these circumstances, constitute irreparable harm. See Bois, 801 F.2d at 468. Ms. Aguiriano Romero is actively pursuing all of the administrative remedies within her reach, and the fact that her request for bond was denied was due to a misapplication of the law, not because she is a flight risk or poses a danger to her community. Therefore, Mr. Aguiriano Romero warrants an exhaustion waiver because she is likely to suffer irreparable harm in immigration detention.

**B. Ms. Aguiriano Romero was erroneously denied bond, and as such, she warrants immediate release or a bond hearing before this Court.**

8 U.S.C. § 1226(a) "authorizes the Government to detain certain noncitizens already in the country pending the outcome of removal proceedings," and it applies when a noncitizen is "arrested and detained…[o]n a warrant issued by the Attorney General." Jennings v. Rodriguez, 583 U.S. at 289; 8 U.S.C. § 1226(a). Ms. Aguiriano Romero was clearly detained pursuant to 8 U.S.C. § 1226(a). When Ms. Aguiriano Romero was initially apprehended, CBP issued a Notice to Appear and conditionally paroled her into the United States on an Order of Recognizance issued under Section 1226(a). Tab E, Notice to Appear; Tab G, Notice of Custody Determination. Over three years later, she was arrested by ICE on a warrant at her ICE check-in pursuant to Section 1226(a). Tab H, DHS I-213 Narrative (submitted as one of the government's exhibits in Petitioner's bond hearing, noting that Petitioner was informed there was a warrant out for her

arrest). Ms. Aguiriano Romero was arrested and detained pursuant to Section 1226(a), her detention continues to be governed by Section 1226(a)'s discretionary framework, and she is eligible for bond.

The Immigration Judge erroneously denied Ms. Aguiriano Romero bond on the basis that she was statutorily ineligible pursuant to 8 U.S.C. 1225(b)(2) and subject to mandatory detention. See Matter of Q. Li, 29 I. & N. Dec. 66. In the recent decision of Matter of Q. Li, the BIA held that "an applicant for admission who is arrested and detained without a warrant while arriving in the United States . . . and subsequently placed in removal proceedings is detained under . . . 8 U.S.C. 1225(b), and is ineligible for any subsequent release on bond." Matter of Q. Li, 29 I. & N. Dec. 66. However, the Immigration Judge erroneously applied this case to Ms. Aguiriano Romero's case, despite it being distinguishable. Although Ms. Aguiriano Romero was an applicant for admission at the time that she was initially apprehended by CBP and subject to mandatory detention. However, after CBP conditionally paroled her into the United States on an Order of Release of Recognizance pursuant to its authority under Section 1226(a), she became subject to Section 1226(a). Tab G, Notice of Custody Determination. Unlike the Respondent in Q. Li, Ms. Aguiriano Romero was issued a Notice to Appear, released on her own recognizance, and her subsequent arrest was on a warrant, not because of the termination of humanitarian parole. Tab E, Notice to Appear; Tab G, Notice of Custody Determination; Tab H, I-213 Narrative. Ms. Aguiriano Romero's immigration case has now been reopened, and as she awaits the completion of her removal proceedings, she continues to be subject to the discretionary detention framework of Section 1226(a). Therefore, Ms. Aguiriano Romero asks this Court to find that she is being detained pursuant to Section 1226(a) and, as such order her immediate release or conduct a new bond hearing.

6

**C. In the alternative, Ms. Aguiriano Romero requests that this Court remand her case and order a new bond hearing in accordance with 8 U.S.C. § 1226(a).**

Alternatively, Ms. Aguiriano Romero respectfully requests that this Court remand her case and order a new bond hearing before the Immigration Judge for consideration of the merits of her request for bond redetermination. During Ms. Aguiriano Romero's hearing on July 17, 2025, the Immigration Judge erroneously found that she was categorically ineligible for bond pursuant to 8 U.S.C. § 1225(b). See Tab C, IJ Order Denying Bond; see also Tab I, DHS Pre-Hearing Statement in Bond Case. Ms. Aguiriano Romero was deprived of the opportunity to present her lack of flight risk and lack of danger to her community. Therefore, this Court should order a new hearing before the Immigration Court in accordance with 8 U.S.C. § 1226(a), not 8 U.S.C. § 1225(b).

**Conclusion**

For the foregoing reasons, the Court should order the Petitioner's immediate release from detention to remedy the violation of her constitutional rights. In the alternative, this Court should remand her case and order a new bond hearing in accordance with 8 U.S.C. § 1226(a).

Respectfully submitted,

July 21, 2025           **PETITIONER YURY MELISSA AGUIRIANO ROMERO,**

By her attorney,

Robin N. Nice

McHaffey & Nice, LLC
6 Beacon Street, Suite 720
Boston, MA  02108
617-702-8921 (phone)

**PETITIONER, YURY MELISSA AGUIRIANO ROMERO (A ██████████)
EXHIBITS IN SUPPORT OF AMENDED COMPLAINT**

| Tab | Document | Page Number |
|---|---|---|
| A | **Copy of Ms. Aguiriano Romero's Honduran Passport** | 1 |
| B | **Ms. Aguiriano Romero's Affidavit** | 2 |
| C | **Ms. Aguiriano Romero's Order Denying Motion for Bond Redetermination** <br> *Dated: July 17, 2025* | 6 |
| D | **Ms. Aguiriano Romero's Order Granting Motion to Reopen** <br> *Dated: July 7, 2025* | 8 |
| E | **Ms. Aguiriano Romero's Notice to Appear** <br> *Dated: December 6, 2021* | 10 |
| F | **Ms. Aguiriano Romero's Initial Warrant for Arrest** <br> *Dated: December 6, 2021* | 13 |
| G | **Ms. Aguiriano Romero's Notice of Custody Determination** <br> *Dated: December 6, 2021* | 14 |
| H | **DHS I-213 Narrative** | 15 |
| I | **DHS Pre-Hearing Statement for Ms. Aguiriano Romero's Bond Hearing** | 17 |

# TAB A



# TAB B

# DECLARATION OF YURY MELISSA AGUIRIANO ROMERO, A ▆▆▆▆▆▆
## IN SUPPORT OF HER MOTION TO REOPEN

I, Yury Melissa Aguiriano Romero, hereby declare and depose the following:

1. My name is Yury Melissa Aguiriano Romero. I am a citizen and national of Honduras. I was born on ▆▆▆▆ 1989 in Tocoa, Colon, Honduras.

2. In Honduras, I was a member of the political party, Partido Nacional, since I was about 18 years old. I served as a youth coordinator for my region since I joined.  In that role, during election seasons, I held weekly meetings at my house, where I talked with young people about the importance of voting.  I also did some data collection for the party, and on election day we helped get people to the polls to vote.

3. Starting in 2016, I worked as a technical assistant for the National Agrarian Institute of Honduras. At the time the Partido Nacional was the party in government. As part of my job, I worked with farmers and agricultural groups in the community to give them technical training. I began receiving threats from violent men, who were members of the other political party, Partido Libre. I was sexually harassed and assaulted multiple times by these men. They touched my breasts and private parts. I reported this to my supervisors but they didn't do anything except eventually transfer me to a different department around 2020.

4. After I switched departments at my job, these dangerous men began threatening me at my mother's house in Taujica, Honduras. They drove by shooting their guns and threatening to kill us. They would shout that I was a thief because I worked for a government, and called me *"paracaidista,"* which is an insulting word used for people who have a government job but do not do any actual work. They would get out of their car, shoot the guns at our house, and say they were going to kill us. This happened about twice a week, usually on weekends, when we were home.  This lasted for about a year, beginning around 2020.  Once, they threw a firework into our house while we were inside. This group of men also shot and killed my brother-in-law, who was an activist for the Partido Nacional.

5. After my husband and I got married, we moved to another house in Tocoa, Honduras. In our new house, we continued getting death threats from this group.  Sometimes the threats were written and some were over the phone.  This group also invaded our home, and they robbed us. Once they came and I wasn't home, but my husband was, and they stabbed my husband's leg. We tried to report this to the police, but they refused to help us.

**DECLARATION OF YURY MELISSA AGUIRIANO ROMERO, A ███████████
IN SUPPORT OF HER MOTION TO REOPEN**

6. Around mid-November of 2021 I fled Honduras with my husband, Victor Emiliano
   Murillo Avila ("Victor") and my two oldest daughters, ████████████████
   ███████████████) and ████████████████████████).

7. We fled Honduras because of the repeated and constant threats and violence that we
   suffered at the hands of violent and dangerous members of the Partido Libre. We were
   afraid that we would be harmed or killed if we stayed in Honduras.

8. We arrived in the United States around December 4, 2021.

9. Around 2022, my husband and I retained Attorney Hans J. Bremer to assist us with our
   asylum application and represent us in immigration court.

10. At our first consultation, my husband and I met with one of Attorney Bremmer's
    apprentices. They asked us both questions, but they were superficial questions and it
    seemed like they were just crossing things off of a list.

11. During our initial consultation, I felt hesitant to share all of my story because we had
    recently arrived in the United States. I was feeling worried and didn't know what was
    important to share. Also, my husband was very protective of me and felt that his asylum
    claim was enough for our family. Neither of us were told that what happened to me was
    also important, so I did not have the chance to include what happened to me. It did not
    help that the apprentice wasn't asking open-ended questions. They asked mainly yes or
    no questions and did not ask follow up questions.

12. Throughout Attorney Bremmer's representation of our case, he never once met or spoke
    to us. I asked to speak to him or another attorney on multiple occasions, but they always
    referred me to one of his apprentices.

13. In our meetings with the apprentices (who I think were attorneys but I am not sure), they
    never asked me about any of the past harm that I had suffered. We met with at least four
    different apprentices. They only focused on my husband's claim. It did not seem like the
    people working with us from his office knew what they were doing very well.

14. On April 15, 2023, I gave birth to our youngest daughter.

15. On February 16, 2023, we had our individual hearing. Attorney Bremmer did not attend,
    he sent another attorney in his place. At the hearing, I did not testify. I understand I had
    the right to testify, but no one from Attorney Bremer's office spoke with me about
    whether or not I should testify. My husband spoke at the hearing, but the attorney did not
    prepare him to testify. We were ordered removed that day. We spoke with the attorney
    after the hearing and she and she told us that we could appeal, but we had to make the full
    payment of six thousand dollars up front. We did not have the money to do that.

3

**DECLARATION OF YURY MELISSA AGUIRIANO ROMERO, A ▮▮▮▮▮▮▮**
**IN SUPPORT OF HER MOTION TO REOPEN**

16. After the hearing, I told my husband we needed to get another attorney and a second opinion. I got a second opinion from Attorney Zoila Gomes in Lawrence, MA. Attorney Gomes met with me and reviewed my file and was honest about my situation.

17. Attorney Gomes let me know that Attorney Bremmer had made a lot of mistakes in our case and that he had ruined our chances. Specifically, she said that he erred by not noting that my eldest daughter is not my husband's biological daughter.

18. My husband and I had regular check-ins with ICE and even wore ankle monitors. We were always compliant and attended all of our check-ins.

19. Attorney Bremer advised us that we could file a request to stay removal. We hired him around January of 2025 and that was filed on January 23, 2025. I thought this was our only option. The request was denied on May 5, 2025.

20. In addition to working on this case, my brother filed a sibling petition for me. I was also busy filing my oldest daughter's SIJ petition.

21. We received conflicting advice at Attorney Bremer's office regarding any other option we might have. Attorney Bremer told us that my US citizen brother could petition for me; when we went to work on this, the apprentice assigned to meet us told us that we could not. We filed this petition ourselves. Another person at the office, Camilla, came to speak with us, and then she went to speak with Attorney Bremmer, and then she came back and confirmed we couldn't do a sibling petition.

22. After our hearing, I did not understand that the past harm that I suffered had not been considered for our claim of asylum or that we need to reopen my case by a certain date. Attorney Bremmer did not inform me that we could reopen our case. I did not know that I could reopen my case until I was detained by ICE at my check in on June 3, 2025. I retained Attorney Robin Nice to help me with reopening my case.

23. The situation in Honduras continued to remain unsafe and violent. Since we left Honduras, the Partido Libre has taken power and I am afraid that if we are forced to return we will continue to be targeted and threatened. In the past, election cycles have been particularly violent in Honduras. This year in November, Honduras has an election and I fear that we will be harmed or threatened for being members of the Partido Nacional.

**DECLARATION OF YURY MELISSA AGUIRIANO ROMERO, A█████████
IN SUPPORT OF HER MOTION TO REOPEN**

I swear under the pains and penalties of perjury that the above is true and correct to the best of my knowledge and belief.

_____          **07-02-2025**
Yury Melissa Aguiriano Romero                  Date


**Certificate of Interpretation**

I, Danna Lopez-Flores, hereby declare that I am fluent in both Spanish and English and that I have read the foregoing to the affiant in Spanish to the best of my ability.


Signature: _____          Date: **07-02-2025**

# TAB C



**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**CHELMSFORD IMMIGRATION COURT**

Respondent Name:

    AGUIRIANO-ROMERO, YURY
    MELISSA

To:

    Nice, Robin Nicole
    6 Beacon Street
    Suite 720
    Boston, MA 02108

A-Number:

▇▇▇▇▇▇▇

Riders:
In Custody Redetermination Proceedings

Date:
07/17/2025

## ORDER OF THE IMMIGRATION JUDGE

The respondent requested a custody redetermination pursuant to 8 C.F.R. § 1236. After full consideration of the evidence presented, the respondent's request for a change in custody status is hereby ordered:

☑ Denied, because
    The Respondent is statutorily ineligible for IJ custody redetermination.

☐ Granted. It is ordered that Respondent be:
    ☐ released from custody on his own recognizance.
    ☐ released from custody under bond of $
    ☐ other:

☐ Other:

Immigration Judge: Smith, Natalie 07/17/2025

Appeal:      Department of Homeland Security: ☑ waived   ☐ reserved
             Respondent:                       ☐ waived   ☑ reserved
Appeal Due: 08/18/2025

## Certificate of Service

This document was served:

Via: [ M ] Mail | [ P ] Personal Service | [ E ] Electronic Service | [ U ] Address Unavailable
To: [ ] Noncitizen | [ ] Noncitizen c/o custodial officer | [ E ] Noncitizen's atty/rep. | [ E ] DHS
Respondent Name : AGUIRIANO-ROMERO, YURY MELISSA | A-Number :
Riders:
Date: 07/17/2025 By: Giannakopoulos, Sofia, Court Staff

# TAB D



**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**BOSTON IMMIGRATION COURT**

Respondent Name:

MURILLO-AVILA, VICTOR EMILIO

To:

Nice, Robin Nicole
6 Beacon Street
Suite 720
Boston, MA 02108

A-Number:

▮▮▮▮▮

Riders:

▮▮▮▮▮ AGUIRIANO-ROMERO, YURY MELISSA

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮

In Removal Proceedings
Initiated by the Department of Homeland Security
Date:
07/07/2025

## ORDER OF THE IMMIGRATION JUDGE

☑ Respondent ☐ the Department of Homeland Security has filed a motion to reopen these proceedings. Upon reading and considering the motion, and any opposition from the non-moving party, the motion is ☑ granted ☐ denied for the following reason(s):

☐ The motion is untimely and fails to meet any exceptions. *See* 8 C.F.R. § 1003.23(b)(1),(4).
☐ The motion is numerically barred and fails to meet any exceptions. *See* 8 C.F.R. § 1003.23(b)(1),(4).
☐ The moving party failed to provide evidence demonstrating changed circumstances that is material and that was unavailable or could not have been discovered or presented at the previous proceedings. *See* 8 C.F.R. § 1003.23(b)(4)(i).
☐ The moving party failed to submit the appropriate application for relief and any accompanying documents. *See* 8 C.F.R. § 1003.23(b)(3).
☐ The Respondent has been removed or otherwise departed from the United States. *See* 8 C.F.R. § 1003.23(b)(1).
☑ Other:
Court finds that motion is not numerically barred but it is untimely. However, Court finds that R has established an exception due to equitable tolling due to ineffective assistance of counsel. Court finds that R has complied with Matter of Lozada, 19 I&N Dec. 637 (BIA 1988), and was prejudiced at the merits hearing. DHS did not file an opposition to the motion. Thus, the Court grants the Motion to Reopen and the Stay of Removal is lifted.

Immigration Judge: Masters, Todd 07/07/2025

## Certificate of Service

This document was served:

Via: [ M ] Mail | [ P ] Personal Service | [ E ] Electronic Service | [ U ] Address Unavailable
To: [ ] Noncitizen | [ ] Noncitizen c/o custodial officer | [ E ] Noncitizen's atty/rep. | [ E ] DHS
Respondent Name : MURILLO-AVILA, VICTOR EMILIO | A-Number :
Riders:

AGUIRIANO-ROMERO, YURY MELISSA

Date: 07/07/2025 By: Rios, Bryan, Court Staff

— 9

**TAB E**

DEPARTMENT OF HOMELAND SECURITY

## NOTICE TO APPEAR

In removal proceedings under section 240 of the Immigration and Nationality Act:

Subject ID: 374021408          FINS #: 1314647144          File No: A

DOB:          Event No: MCS2212000254

In the Matter of:

Respondent: YURY MELISSA AGUIRIANO-ROMERO          currently residing at:

236 COUNTY ST. NEW BEDFORD, MASSACHUSETTS, 02740          +1 (508)-817-7450

(Number, street, city, state and ZIP code)          (Area code and phone number)

☐ You are an arriving alien.

☒ You are an alien present in the United States who has not been admitted or paroled.

☐ You have been admitted to the United States, but are removable for the reasons stated below.

The Department of Homeland Security alleges that you:

1. You are not a citizen or national of the United States;
2. You are a native of HONDURAS and a citizen of HONDURAS ;
3. You arrived in the United States at or near HIDALGO, TX , on or about December 4, 2021 ;
4. You were not then admitted or paroled after inspection by an Immigration Officer.

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:

212(a)(6)(A)(i) of the Immigration and Nationality Act, as amended, in that you are an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General.

☐ This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution or torture.

☐ Section 235(b)(1) order was vacated pursuant to:          ☐ 8CFR 208.30          ☐ 8CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:

JFK FEDERAL BLDG ROOM 320   BOSTON MA US 022030002

(Complete Address of Immigration Court, including Room Number, if any)

on February 11, 2022 at 09:30 AM to show why you should not be removed from the United States based on the

(Date)          (Time)

charge(s) set forth above.

MATTHEW LIGHTNER          Acting/Patrol Agent in Charge

(Signature and Title of Issuing Officer) (Sign in ink)

Date: December 06, 2021          DONNA, TEXAS

(City and State)

**Notice to Respondent**

**Warning:** Any statement you make may be used against you in removal proceedings.

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are in removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 1003.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents that you desire to have considered in connection with your case. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing. At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear, including that you are inadmissible or removable. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government. At the conclusion of your hearing, you have a right to appeal an adverse decision by the immigration judge. You will be advised by the immigration judge before whom you appear of any relief from removal for which you may appear eligible including the privilege of voluntary departure. You will be given a reasonable opportunity to make any such application to the immigration judge.

**One-Year Asylum Application Deadline:** If you believe you may be eligible for asylum, you must file a Form I-589, Application for Asylum and for Withholding of Removal. The Form I-589, Instructions, and information on where to file the Form can be found at **www.uscis.gov/i-589**. Failure to file the Form I-589 within one year of arrival may bar you from eligibility to apply for asylum pursuant to section 208(a)(2)(B) of the Immigration and Nationality Act.

**Failure to appear:** You are required to provide the Department of Homeland Security (DHS), in writing, with your full mailing address and telephone number. You must notify the Immigration Court and the DHS immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the DHS.

**Mandatory Duty to Surrender for Removal:** If you become subject to a final order of removal, you must surrender for removal to your local DHS office, listed on the internet at **http://www.ice.gov/contact/ero**, as directed by the DHS and required by statute and regulation. Immigration regulations at 8 CFR 1241.1 define when the removal order becomes administratively final. If you are granted voluntary departure and fail to depart the United States as required, fail to post a bond in connection with voluntary departure, or fail to comply with any other condition or term in connection with voluntary departure, you must surrender for removal on the next business day thereafter. If you do not surrender for removal as required, you will be ineligible for all forms of discretionary relief for as long as you remain in the United States and for ten years after your departure or removal. This means you will be ineligible for asylum, cancellation of removal, voluntary departure, adjustment of status, change of nonimmigrant status, registry, and related waivers for this period. If you do not surrender for removal as required, you may also be criminally prosecuted under section 243 of the Immigration and Nationality Act.

**U.S. Citizenship Claims:** If you believe you are a United States citizen, please advise the DHS by calling the ICE Law Enforcement Support Center toll free at (855) 448-6903.

**Sensitive locations:** To the extent that an enforcement action leading to a removal proceeding was taken against Respondent at a location described in 8 U.S.C. § 1229(e)(1), such action complied with 8 U.S.C. § 1367.

---

### Request for Prompt Hearing

To expedite a determination in my case, I request this Notice to Appear be filed with the Executive Office for Immigration Review as soon as possible. I waive my right to a 10-day period prior to appearing before an immigration judge and request my hearing be scheduled.

Before:

_(Signature of Respondent) (Sign in ink)_

BORDER PATROL AGENT

Date: 12/06/2021

_(Signature and Title of Immigration Officer) (Sign in ink)_

---

### Certificate of Service

This Notice To Appear was served on the respondent by me on December 06, 2021 , in the following manner and in compliance with section 239(a)(1) of the Act.

[X] in person   [ ] by certified mail, returned receipt # _____ requested   [ ] by regular mail
[ ] Attached is a credible fear worksheet.
[X] Attached is a list of organization and attorneys which provide free legal services.

The alien was provided oral notice in the SPANISH language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

**Refused to Sign**

_(Signature of Respondent if Personally Served) (Sign in ink)_

KEVIN MOSER, BORDER PATROL

KEVIN R MOSER
Date: 2021.12.06 15:11:30 -06:00
A5674458972 CBP

_(Signature and Title of officer) (Sign in ink)_

EOIR - 2 of 5

## Privacy Act Statement

**Authority:**
The Department of Homeland Security through U.S. Immigration and Customs Enforcement (ICE), U.S Customs and Border Protection (CBP), and U.S. Citizenship and Immigration Services (USCIS) are authorized to collect the information requested on this form pursuant to Sections 103, 237, 239, 240, and 290 of the Immigration and Nationality Act (INA), as amended (8 U.S.C. 1103, 1229, 1229a, and 1360), and the regulations issued pursuant thereto.

**Purpose:**
You are being asked to sign and date this Notice to Appear (NTA) as an acknowledgement of personal receipt of this notice. This notice, when filed with the U.S. Department of Justice's (DOJ) Executive Office for Immigration Review (EOIR), initiates removal proceedings. The NTA contains information regarding the nature of the proceedings against you, the legal authority under which proceedings are conducted, the acts or conduct alleged against you to be in violation of law, the charges against you, and the statutory provisions alleged to have been violated. The NTA also includes information about the conduct of the removal hearing, your right to representation at no expense to the government, the requirement to inform EOIR of any change in address, the consequences for failing to appear, and that generally, if you wish to apply for asylum, you must do so within one year of your arrival in the United States. If you choose to sign and date the NTA, that information will be used to confirm that you received it, and for recordkeeping.

**Routine Uses:**
For United States Citizens, Lawful Permanent Residents, or individuals whose records are covered by the Judicial Redress Act of 2015 (5 U.S.C. § 552a note), your information may be disclosed in accordance with the Privacy Act of 1974, 5 U.S.C. § 552a(b), including pursuant to the routine uses published in the following DHS systems of records notices (SORN): DHS/USCIS/ICE/CBP-001 Alien File, Index, and National File Tracking System of Records, DHS/USCIS-007 Benefit Information System, DHS/ICE-011 Criminal Arrest Records and Immigration Enforcement Records (CARIER), and DHS/ICE-003 General Counsel Electronic Management System (GEMS), and DHS/CBP-023 Border Patrol Enforcement Records (BPER). These SORNs can be viewed at https://www.dhs.gov/system-records-notices-sorns. When disclosed to the DOJ's EOIR for immigration proceedings, this information that is maintained and used by DOJ is covered by the following DOJ SORN: EOIR-001, Records and Management Information System, or any updated or successor SORN, which can be viewed at https://www.justice.gov/opcl/doj-systems-records. Further, your information may be disclosed pursuant to routine uses described in the abovementioned DHS SORNs or DOJ EOIR SORN to federal, state, local, tribal, territorial, and foreign law enforcement agencies for enforcement, investigatory, litigation, or other similar purposes.

For all others, as appropriate under United States law and DHS policy, the information you provide may be shared internally within DHS, as well as with federal, state, local, tribal, territorial, and foreign law enforcement; other government agencies; and other parties for enforcement, investigatory, litigation, or other similar purposes.

**Disclosure:**
Providing your signature and the date of your signature is voluntary. There are no effects on you for not providing your signature and date; however, removal proceedings may continue notwithstanding the failure or refusal to provide this information.

EOIR — 3 of 5

# TAB F

U.S. Department of Homeland Security

# Warrant for Arrest of Alien

File No. A████████

**Event No:MCS2212000254**

**FINS #:1314647144**

Date: **December 06, 2021**

## To any officer delegated authority pursuant to Section 287 of the Immigration and Nationality Act:

From evidence submitted to me, it appears that:
**YURY MELISSA AGUIRIANO-ROMERO**

_____
(Full name of alien)

an alien who entered the United States at or near _____**HIDALGO, TEXAS**_____ on
(Port)

**December 04, 2021**_____ is within the country in violation of the immigration laws and is
(Date)

therefore liable to being taken into custody as authorized by section 236 of the Immigration and Nationality Act.

By virtue of the authority vested in me by the immigration laws of the United States and the regulations issued pursuant thereto, I command you to take the above-named alien into custody for proceedings in accordance with the applicable provisions of the immigration laws and regulations.

_____
(Signature of Designated Immigration Officer)
**MATTHEW J. LIGHTNER**

_____
(Print name of Designated Immigration Officer)

**Acting/Patrol Agent in Charge**

_____
(Title)

## Certificate of Service

Served by me at ___**DONNA, TEXAS**___ on **December 06, 2021** at ___**03:07 PM**___ .

I certify that following such service, the alien was advised concerning his or her right to counsel and was furnished a copy of this warrant.

KEVIN R MOSER
Date: 2021.12.06 15:12:49 -06:00
0576458972.CBP

**KEVIN MOSER**

_____
(Signature of officer serving warrant)

**BORDER PATROL AGENT**

_____
(Title of officer serving warrant)

Form I-200 (Rev. 08/01/07) N

# TAB G

DEPARTMENT OF HOMELAND SECURITY
## NOTICE OF CUSTODY DETERMINATION

Alien's Name: **YURY MELISSA AGUIRIANO-ROMERO**

A-File Number: A ▓▓▓▓▓▓

Date: **12/06/2021**

Event ID: **MCS2212000254**          Subject ID: **374021408**          FIN: **1314647144**

---

Pursuant to the authority contained in section 236 of the Immigration and Nationality Act and part 236 of title 8, Code of Federal Regulations, I have determined that, pending a final administrative determination in your case, you will be:

☐ Detained by the Department of Homeland Security.

☒ Released (check all that apply):

    ☐ Under bond in the amount of $ _____

    ☒ On your own recognizance.

    ☐ Under other conditions. [Additional document(s) will be provided.]

| **MATTHEW LIGHTNER** | **12/06/2021 1611** |
| Name and Signature of Authorized Officer | Date and Time of Custody Determination |
| **Acting/Patrol Agent in Charge** | **DONNA, TEXAS** |
| Title | Office Location/Address |

---

You may request a review of this custody determination by an immigration judge.

    ☒ I acknowledge receipt of this notification, and

        ☐ I **do** request an immigration judge review of this custody determination.

    ☒ I **do not** request an immigration judge review of this custody determination.

## Refused to Sign

| Signature of Alien | **12/06/2021** |
| | Date |

---

The contents of this notice were read to **YURY MELISSA AGUIRIANO-ROMERO** in the **SPANISH** language.

    (Name of Alien)    (Name of Language)

KEVIN R MOSER
Date: 2021.12.06 15:12:03 -06:00
0576458972.CBP

**MOSER, KEVIN**

| Name and Signature of Officer | Name or Number of Interpreter (if applicable) |
| **BORDER PATROL AGENT** | |
| Title | |

EOIR — 5 of 5

DHS Form I-286 (1/14)

14

# TAB H

**EARM**



| | |
|---|---|
| Person ID: **14417067** Sex: **F** DOB: ▓ Current Age: **36** COB: **HONDU** COC: **HONDU** | |
| Subject ID **398818874** Processing Disposition **Bag and Baggage** ICE Non Detained Portal Verified Account **No** RCA Look Up | |
| Case # **19216742** Case Category **[8B]** Docket BO$ , Detained Pre Order 250 499 | |

| | | |
|---|---|---|
| Final Order of Removal: **No** | Time in Custody: **40 days** | Special Class: **Dedicated Docket - FAMU** |
| Final Order Date: **N/A** | Depart / Cleared Status: **ACTIVE** | |
| Proceed With Removal: **N/A** | | |
| Days Final Order in Effect: **N/A** | | |

**Current / Active Alerts**

| In Custody | eFile G-28 |
|---|---|
| | **Z-Hold** |

⚠ This alien is identified as a member of a Family Unit

## Aguiriano-Romero, Yury Melissa ▓

## Encounter Details

**2 Encounter(s) linked to Person ID: 14417067**

| | Ref# | Subject ID | A-Number | Last Name | First Name | COC | Historical Priority | DOB | Encountered on | Case | Case Category |
|---|---|---|---|---|---|---|---|---|---|---|---|
| ◉ | 2 | 398818874 | ▓ | AGUIRIANO ROMERO | YURY | HONDU | No Priority | ▓ | 06/03/2025 | 19216742 | 8B |
| ○ | 1 | 374021408 | ▓ | AGUIRIANO ROMERO | YURY | HONDU | No Priority | ▓ | 12/04/2021 | 19216742 | 8B |

## Encounter Details

All information below may only be edited in EAGLE

### Event / Incident Information

| | | |
|---|---|---|
| Event Number **BOS2506000086** | Operation **N/A** | Primary Agent **R 11213 ZAMORA** |
| Event Occurred On: | Site: **BOS** | Assigned On: **06/03/2025** |
| Event Type **N/A** | Landmark **N/A** | Event Supervisor **A 3707 DURDEN** |
| Program: **ATD - Alternatives to Detention** | | Assigned On: **06/03/2025** |

### Subject Information

| | | |
|---|---|---|
| FINS **1314647144** | Historical Priority **No Priority** | Role **P** |
| DNA Collection Device Number **F4653977** | Criminal Type **N/A** | Role Comment **N/A** |
| A-Number: ▓ | Agg Felon: **No Aggravated Felony Convictions** | Processing Disposition: **Bag and Baggage** |
| Control Name **AGUIRIANO-ROMERO** | Primary Citizenship **HONDURAS** | INS Status **Inadmissible Alien** |
| First Name: **YURY** | Stateless Type: **N/A** | POE: **HIDALGO, TX** |
| Middle Name **MELISSA** | Hair **BLK** | Entry Date **12/04/2021** |
| Maiden **N/A** | Eyes **BRO** | Entry Class **Not Applicable** |
| Nickname: **N/A** | Complexion: **MED** | Apprehension Date: **2025-06-03 12:43:24.0** |
| Living? **N/A** | Race **W** | Warrant served by Warrant Service Officer (WSO)? **N/A** |
| Sex: **F** | Origin: **N/A** | Arrest Method: **Located** |
| Marital Status: **N/A** | Date of Birth: ▓ | Site: **BOS** |
| SSN **N/A** | Age **36** | Landmark **ATD - ATD MA STATE** |
| Juvenile Verified: **N/A** | Age at Encounter: **36** | Arrest At/Near: **Burlington, MA** |
| Occupation **LABORER** | Height **66** | |



15

| | | |
|---|---|---|
| TSC Log #: **N/A** | Weight: **150** | Juvenile Status: **N/A** |
| NUIN #: **N/A** | Speak/Understand English **N/A** | CBP Family Unit ID **N/A** |
| SEN #: **N/A** | Read/Write English: **N/A** | CBP Separation Reason: **N/A** |
| Subject #  **N/A** | Primary Language:  **SPANISH** | Accompanying Family Member Relation:  **N/A** |
| U.S. Veteran Status: **N** | Family Members: **N/A** | Accompanying Family Member Subject ID: **N/A** |
| Relationship to U.S. Veteran(s): **N/A** | | Consequence Delivery System Selection: **N/A** |
| | | ICE Family ID  **N/A** |

## I-213 Narrative

### Narrative 1 : Created Date: 06/03/2025 12:47 PM

On June 03, 2025, AGUIRIANO-Romer, Yury reported in person to the BI Incorporated Office located at 10 Speen St, Framingham, MA 01701. At approximately 1015 hours, Officers Milley, Zamora, and SDDO Gaeta, arrived at the BI Incorporated Office in Framingham and established contact with AGUIRIANO in the conference room. The Officers identified themselves as Immigration and Customs Enforcement Officers and informed AGUIRIANO there is a warrant for her arrest. The Officers left the BI Incorporated Office at 1030 hours and transported the subject to the Burlington Field Office for processing.

At approximately 1030 hours, ICE ERO secured AGUIRIANO in wrist restraints. The restraints were double-locked and checked for proper fit, followed by a pat search. Officers escorted AGUIRIANO to the Burlington, MA hold room where a search incident to arrest was conducted; no contraband, weapons, or means of escape were found.

IMMIGRATION HISTORY:

02/16/202: Boston, MA Immigration Court ordered AGUIRIANO removed to Honduras.

12/04/2021: USBP encountered AGUIRIANO near Hidalgo, TX. USBP served AGUIRIANO with a Notice to Appear and released on recognizance.

CRIMINAL HISTORY:

Identified by FBI # 3F9V1906M

HEALTH SCREEN:

AGUIRIANO claims good health. AGUIRIANO claimed to have two children in care of with spouse.

CONSULAR NOTIFICATION:

Officers provided AGUIRIANO informed AGUIRIANO of her consular notification rights as prescribed by 8 CFR 236.1.

DISPOSITION:

Officers offered AGUIRIANO food and water and a phone call.

United States Department of Homeland Security (DHS), U S Immigration and Customs Enforcement (ICE), Enforcement and Removal Operations (ERO) | Release EARM 7 80

# TAB I

Ronald Seely                                                **DETAINED**
Chief Counsel
Casey Christo
Assistant Chief Counsel
U.S. Immigration and Customs Enforcement
U.S. Department of Homeland Security
JFK Federal Building, Room 425
Boston, MA 02203

## UNITED STATES DEPARTMENT OF JUSTICE
## EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
## IMMIGRATION COURT
## CHELMSFORD, MASSACHUSETTS

---

In the Matter of:

**AGUIRIANO-ROMERO, YURY**          **File No.** ███████████

**In Bond Proceedings**

---

Immigration Judge: Natalie Smith          Next Hearing Date: July 17, 2025

## DEPARTMENT OF HOMELAND SECURITY'S
## NOTICE OF THE RESPONDENT'S INELIGIBILTY FOR BOND

Now Comes the Department of Homeland Security and asserts the Respondent is not eligible for bond. The Respondent is being held under INA § 235 as an applicant for admission. An "applicant for admission" is an alien present in the United States who has not been admitted or who arrives in the United States, whether or not at a designated port of arrival. INA § 235(a)(1). *Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018), the Supreme Court suggested that INA § 235(b) applies to all applicants for admission, noting the broad application of INA § 235(b)(2) as a "a catchall provision" representing DHS's detention authority over applicants for admission not subject to INA § 235(b)(1)(A)(i). *See* INA § 235(b)(2)(A), (B).

Additionally, the Respondent is also ineligible for bond under Matter of Q.Li, 29 I&N Dec. 66 (BIA 2025). ). "An applicant for admission who is arrested and detained without a warrant while arriving in the United States, whether or not at a port of entry, and subsequently placed in removal proceedings is detained under 235(b) of the Immigration and Nationality Act ("INA"), and is ineligible for any subsequent release on bond under section 236(a) of the INA." (Internal citations omitted). Please see previously filed EARM I-213.

Casey Christo
Assistant Chief Counsel

## CERTIFICATE OF SERVICE

On July 16, 2025, I, Casey Christo, Assistant Chief Counsel, served a copy of this **U.S. Department of Homeland Security's Submission** on Respondent:

☐     by first-class mail, postage pre-paid, to [address of party served].

☐     by first-class mail, postage pre-paid by placing into my office's receptacle designated for official "out-going" first class mail to:

☐     by personally delivering a true copy thereof to the person set forth above.

☐     by electronic service, to the following e-mail address:

☐     by eService pursuant to the Terms and Conditions agreed to between the parties.

☒     through the EOIR Courts and Appeals System (ECAS), which will automatically send service notifications to both parties that a new document has been filed.

☐     by personal delivery by Enforcement and Removal Operations in Detention.

_____

Casey Christo
Assistant Chief Counsel

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF (NEF), and paper copies will be sent to those indicated as non-registered participants on July 18, 2025.

I hereby certify that I will immediately send a true copy of this Amended Complaint to Anuj Khetarpal, U.S. Attorney's Office for the District of Massachusetts.


07/21/2025

Date:

8